IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CLEVELAND

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-10044 |
| | ) | |
| Anatoly S. Povroznik and | ) | Judge Harris |
| Dorota A. Povroznik, | ) | |
| | ) | Chapter 13 |
| Debtors. | ) | |

___

| | | |
|---|---|---|
| Anatoly S. Povroznik and | ) | Adv. Pro No. |
| Dorota A. Povroznik, | ) | |
| | ) | Judge |
| Plaintiffs, | ) | |
| | ) | **COMPLAINT TO DETERMINE SECURED** |
| -vs- | ) | **STATUS OF MORTGAGE HELD BY** |
| | ) | **CREDITOR, DZW 130th PROPERTIES,** |
| DZW 130th Properties LLC | ) | **LLC.,** |
| c/o David J. Zwolenik, Stat. Agent | ) | **and** |
| 13737 Peppercreek Drive | ) | **OBJECTION TO PROOF OF CLAIM 2** |
| Strongsville, OH 44136 | ) | |
| | ) | |
| Defendant. | ) | |

Now come the Debtors, Plaintiff's herein, Anatoly and Dorota Povroznik, by and through bankruptcy counsel, Joseph Romano, and co-counsel, Brian D. Flick and Marc E. Dann and bring this action pursuant to 11 U.S.C. § 506 and Bankr. R. 3012 requesting this Court to determine the secured or unsecured state of the mortgage claim held by Creditor, DZW 130th Properties, LLC (hereinafter referred to as "DZW"), and to object to Proof of Claim 2 filed by DZW on February 9, 2016, do state and allege the following:

**PREAMBLE**

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §§502 and 506.

2. This is an action arising in or related to the Plaintiff's underlying bankruptcy case. Therefore,

this is a core proceeding within the meaning of the United States Bankruptcy Court.

3. The Plaintiffs, at all times relevant hereto, reside in the City of Parma, Ohio,, situated in the County of Cuyahoga, within the jurisdiction of this Court and are the Debtors' of the above-referenced Chapter 13 Bankruptcy.

4. The Defendant is a duly formed limited liability company according to the Secretary of the State of the State of Ohio authorized to conduct business within the State of Ohio and holding a principle place of business at 13737 Peppercreek Drive, Strongsville, OH 44136 and having as Statutory Agent, David J. Zwolenik, at the same address.

5. The underlying Chapter 13 Bankruptcy case is currently pending before this Court.

### FACTS

6. The Plaintiffs incorporate and makes reference to all of the facts and/or allegations contained within Paragraphs 1-5 of the Complaint as if fully restated herein.

7. The Debtors, Anatoly and Dorota Povroznik (hereinafter "the Debtors") commenced this case under Chapter 13 of Title 11 of the United States Code by filing a Voluntary Petition for relief on January 7th, 2016.

8. On January 21, 2016 the Debtors filed Schedules A through J. [Docket Entry 3]. Schedule A/B, Line 1.2 discloses an interest in property located at West 130th Street, Parma, Ohio ("the Property").

9. On Schedule D, Line 2.8, the Debtors scheduled a secured claim held by Springleaf Financial Services of Ohio for the Property in the amount $29,359.00. *See* Docket Entry 3, Schedule D at page 14.

10. On Schedule D, Part 2, the Debtors listed DZW as an "other party" to be notified for the debt held by Springleaf Financial Services.

11. On or about February 9, 2016, DZW filed Proof of Claim No. 2 seeking a secured claim in the amount of $44,527.82. A copy of DZW's Proof of Claim 2 is attached as Plaintiff's <u>Exhibit A</u>.

12. After reviewing DZW's proof of claim along with the pleadings from the underlying foreclosure matter conducted in the Cuyahoga County Court of Common Pleas, Case No. CV-13-811988, DZW has no valid property interest and its claim should be held as unsecured as a matter of Ohio law and under the Bankruptcy Code.

## **COUNT I**
*Objection to Proof of Claim*
(Total Disallowance)

13. The Plaintiffs incorporate and makes reference to all of the allegations contained within Paragraphs 1-12 of the Complaint as if fully restated herein.

14. As referenced in Paragraph 11, above, DZW's Proof of Claim is purported to be secured against the Property.

15. In reviewing DZW's Proof of Claim, it attached the following documents:

    a. Open-End Recorded Mortgage recorded in the Cuyahoga County Book of Records No. 200803270802 as Exhibit A;
    b. A Loan Agreement and Disclosure Statement dated March 27, 2008 between American General Financial Services, Inc. and the Debtors as Exhibit B;
    c. An Assignment of Mortgage recorded on June 29, 2016 in the Cuyahoga County Book of Records No. 201506290166 in which Springleaf Financial Services of Ohio, Inc. assigned its interest in the mortgage to DLJ Mortgage Capital as Exhibit C;
    d. An Assignment of Mortgage recorded on June 29, 2016 in the Cuyahoga County Book of Records No. 201506290165 in which DLJ Mortgage Capital, Inc. assigned its interest in the mortgage to Bayview Loan Servicing LLC attached as Exhibit D;
    e. An Assignment of Mortgage recorded on October 21, 2015 in the Cuyahoga County Book of Records No. 201510210819 in which Bayview Loan Servicing LLC assigned its interest in the mortgage to DZW as Exhibit E.

16. At the time DZW received the assignment of mortgage, a Judgment Entry and Decree in Foreclosure had been entered in the Cuyahoga County Common Pleas Case. The Judgment Entry was entered on April 8, 2015. A certified copy of the Judgment Entry is attached as

Plaintiff's <u>Exhibit B</u>.

17. As the judgment had already been issued, the note and mortgage merged into the judgment as of April 8, 2015. Therefore, DZW has no secured claim as its interest in the mortgage was non-existent on October 21, 2015. DZW has provided no evidentiary proof in Exhibit E of Proof of Claim 2 that DZW acquired the rights to any judgment held by any other party in the prior chain of assignments.

18. Alternatively, DZW has come forth to this Court as a claimant with an unendorsed note payable to American General Finance and a chain of assignments of mortgages. Even if this Court were to disregard the Merger Doctrine, DZW has failed to show it has any enforceable interest in the note despite having an enforceable interest in the mortgage.

19. Therefore, this Court should deny the secured status of Proof of Claim 2 of DZW pursuant to Bankr. R. 3007 and 11 U.S.C. 105.

### COUNT TWO
*Objection To Proof of Claim*
(Partial Disallowance)

20. The Plaintiffs incorporate and makes reference to all of the allegations contained within Paragraphs 1-19 of the Complaint as if fully restated herein.

21. Alternatively, based on the allegations contained within Paragraphs 1 through 19, DZW cannot show that it has established a right to enforce the Note.

22. Therefore, alternatively, DZW's proof of claim can only be valued, at most, at twenty nine thousand three hundred and fifty-nine dollars ($29,359.00), which represents the principle amount due on the Mortgage. Additionally, the remaining amount of DZW's cliam, fifteen thousand one hundred sixty-eight dollars and eighty-two cents ($15,168.82) should be treated as a general unsecured claim.

## COUNT THREE
*Avoidance of Mortgage pursuant to 11 U.S.C. 506*

23. The Plaintiffs incorporate and makes reference to all of the allegations contained within Paragraphs 1-22 of the Complaint as if fully restated herein.

24. If the Court grants the relief afforded in Count One, DZW's secured status would be found to be null and void. The mortgage recorded in Cuyahoga County Recorder's No. 200803270802 should hereby be released pursuant to 11 U.S.C. 506.

25. Alternatively, based on the allegations contained within Paragraph 17, the Merger Doctrine applies and this Court should find that at the time the assignment of mortgage to DZW occurred, DZW received no secured interest as none existed as a matter of law.

**WHEREFORE**, the Plaintiffs, Anatoly and Dorota Povroznik, respectfully request the following:

A. An order from this Court declaring the debt held by Creditor, DZW 130 Properties, be disallowed as a secured claim against the West 130th St. Property;

B. An order from this Court declaring the debt held by Creditor, DZW 130 Properties, be allowed as a general unsecured claim and be discharged as all other unsecured debts;

C. An order requiring Creditor, DZW 130 Properties, remove the lien on the subject property with the Cuyahoga County Recorder's Office No. 200803270802 and to have the mortgage note marked "Paid in Full";

D. An order from the Court declaring that the Creditor shall have thirty (30) days from service of this judgment pursuant to Bankr. R. 3001, *et seq.* to file a claim for any outstanding balance which, if timely asserted, shall be scheduled as an unsecured claim; any claim filed beyond thirty (30) days of service of this judgment shall be deemed untimely;

E. Alternatively, based on the allegations contained within COUNT TWO, in the event the

Court denies relief pursuant to COUNT ONE and COUNT THREE, the Court declare DZW to have a secured claim in the amount of $29,359.00 and bifurcate the remaining $15,168.82 as a general unsecured claim; and,

F.  For any other relief that this Court may deem just and proper.

Respectfully Submitted,

| THE ROMANO LAW FIRM | The Dann Law Firm Co., LPA |
|---|---|
| /s/Joseph M. Romano | /s/ Marc E. Dann |
| Joseph M. Romano 0074709 | Marc E. Dann 0039425 |
| 50 Public Square | William C. Behrens 0093031 |
| 400 Terminal Tower | Brian D. Flick 0081605 |
| Cleveland, OH 44113 | PO Box 6031040 |
| (216) 621-7777 | Cleveland, OH 44103 |
| jromanolaw@sbcglobal.net | 216/373-0539 |
| *Attorney for Debtors* | 216/373-0536 - fax |
| | notices@dannlaw.com |
| | *Co-Counsel for Debtors* |
| | *for Adversary Purposes Only* |