UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:                                            Case No. 16-10044

Anatoly S. Povroznik                              Chapter 13 Proceeding
Dorota A. Povroznik
    Debtors                                       Judge Arthur I. Harris

   *  *  *  *  *  *  *          Adversary Proceeding No. 16-1107

Anatoly S. Povroznik
Dorota A. Povroznik
    Plaintiffs

vs.

DZW 130th Properties, LLC,
    Defendant


**DZW 130 PROPERTIES, LLC'S MOTION FOR SUMMARY JUDGMENT**

    DZW 130 Properties, LLC, ("DZW") by and through counsel, hereby moves this Court for Summary Judgment in favor of DZW on all three counts of Plaintiffs' Anatoly S. Povroznik and Dorota A. Povrozniks' ("Povrozniks") Adversary Complaint for the reasons that follow.

A. Summary Judgment Standard

    Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." *Am. Eagle Outfitters v. Lyle & Scott Ltd.,* 584 F.3d 575, 581 (3d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." *Pignataro v. Port Auth. of N.Y. & N.J.,* 593 F.3d 265, 268 (3d Cir. 2010) (citing *Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250.

B. Statement of Facts

It is undisputable that a foreclosure action was filed in Cuyahoga Common Pleas Court by Springleaf Financial Services of Ohio f/k/a American General Financial Services, Inc., ("Springleaf") on August 9, 2013, against the Povroznik. In the foreclosure litigation, the Povrozniks' appeared and actively participated in the case; they have each admitted the same in discovery conducted in this case. See Exhibit "1," Plaintiffs' Responses to Request for Admission 16 through 31.

Foreclosure Magistrate Gail Baker issued a decision on March 6, 2015, granting Springleaf's January 14, 2015 Motion for Summary Judgment; no objections were filed by any party to the magistrate's decision. Judge Michael Astrab issued a judgment entry adopting the magistrate's decision on April 6, 2015. See Exhibit "2."

Judge Astrab found that Springleaf was owed the sum of $29,359.00 plus accrued interest through July 15, 2013, in the sum of $3,403.08, and interest from that date on the principal balance at a rate of 11.17% per annum. See Exhibit "2," at page 3.

Judge Astrab found that Springleaf held the valid first mortgage lien upon the Povrozniks' property, subject only to the county's real estate tax lien. See Exhibit "2," at page 4.

No part of this judgment has ever been appealed by any party. See Exhibit "9."

DZW acquired the entire interest of Springleaf in both the promissory note and mortgage deed on October 6, 2015. Springleaf then filed a motion to substitute DZW in the case as the real party in interest as Springleaf had assigned its' entire interest promissory note and mortgage deed to DZW. See Exhibit "3." DZW was substituted in as the real party in interest on December 7, 2015. See Exhibit "4." DZW filed a praecipe for order of sale of the property on December 7, 2015, and the sheriff sale was scheduled to take place on January 25, 2016.

None of these motions or actions were opposed by any party. See Exhibit "9."

The mortgage in question was given as security for a loan agreement made March 27, 2008, between Anatoly Povroznik and Dorota Povroznik and Springleaf Financial Services of Ohio, Inc., f/k/a American General Financial Services, Inc. See Exhibit "3" Attachment A. The first paragraph of the mortgage states that all advances with interest by Springleaf to the Povrozniks shall be secured by the West 130th Street property. See Exhibit "3" Attachment A.

The underlying mortgage lien, with all interest secured thereby, all liens, and any rights due or to become due thereon, was assigned by Springleaf Financial Services of Ohio, Inc., f/k/a American General Financial Services, Inc., to DLJ Mortgage Capital, Inc., on August 6, 2014, and recorded on June 29, 2015, recorded as Cuyahoga County instrument number 201506290166. See Exhibit "3" Attachment C. The Loan Agreement was assigned in blank by Springleaf. See Exhibit "5."

The underlying mortgage lien, and the full benefit of all the powers and of all the covenants and provisos therein contained as well as the assignor's beneficial interest, was assigned by DLJ Mortgage Capital, Inc., to Bayview Loan Servicing LLC on May 19, 2015, and recorded on June 29, 2015, recorded as Cuyahoga County instrument number 201506290165. See Exhibit "3" Attachment D.

Bayview Loan Servicing LLC assigned the mortgage to DZW 130 Properties, LLC on October 6, 2015, and the assignment was recorded on October 21, 2015, as Cuyahoga County instrument number 201510210819. See Exhibit "3" Attachment E. The Loan Agreement was assigned by Bayview Loan Servicing to DZW. See Exhibit "6."

DZW 130 Properties, LLC, as the real party in interest and pursuant to the purchase, has physical possession of both the original Loan Agreement and Disclosure Statement and the Open-End Mortgage described herein.

None of the state court rulings have been appealed. In addition, the Povroznik's have produced not produced one single document related to this matter in support of their claims. See Exhibit "7."

C.     Law and Argument

In this case, the Povrozniks seek to have the Court deny the secured status of DZW's interest in the West 130th property, or in the alternative, limit the secured interest to the principal obligation owed by the Povrozniks' on the promissory note and to void the mortgage in its entirety. The basis for the Complaint is that a decree of foreclosure was issued in the state court action, which Plaintiffs suggest has extinguished the mortgage.

Under well-established Ohio law, a mortgage lien is extinguished in a foreclosure action only after the sale of the property is completed. In this case, there was no foreclosure sale, thus the mortgage lien has not been extinguished. See *Green v. Bass*, 83 Ohio St. 378, 384, 94 N.E. 742 (Ohio 1911)

> That the assignor, by the suit and levy, waived the lien of the mortgage, or at least its priority, is the claim of plaintiff's counsel, and the conclusion is said to result from the doctrine of merger. That the note became merged in the judgment which was a higher form of the same debt is clear enough upon both principle and authority. But it is not made to appear how it could affect the lien of the mortgage, which, according to the established view in this state, is only a security for the debt. Why should not that which was a security before the recovery of judgment be a security after it? Plaintiff did not, in any way, change his position in consequence of the recovery of that judgment, nor was he, in any way, affected by it. No reason appears why the case should not be governed by the general rule that a security continues until the discharge of the obligation.

This holding was adopted by Judge Morgenstern-Clarren in *In re Bower*, Case 08-11304, February 11, 2009, slip opinion.

Further, under 28 U.S.C. § 1738, the federal full faith and credit statute, a federal court must accord a state court judgment the same preclusive effect the judgment would have in state court. *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703 (6th Cir. 1999).

As the Ohio Supreme Court explains:

> The doctrine of res judicata also embraces the policy that a party must make good his cause of action or establish his defenses "* * * by all the proper means within his control, and if he fails in that respect, purposely or negligently, he will not

afterward be permitted to deny the correctness of the determination, nor to
relitigate the same matters between the same parties.

*Johnson's Island, Inc. v. Bd. of Twp. Trustees of Danbury Twp.,* 69 Ohio St.2d 241, 244 (1982)
(quoting *Covington & Cincinnati Bridge Co. v. Sargent*, 27 Ohio St. 233, paragraph one of the
syllabus (1875)).

Under Ohio law, a claim is barred by the doctrine of *res judicata* if the following
elements are present: "(1) a prior final, valid decision on the merits by a court of competent
jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a
second action raising claims that were or could have been litigated in the first action; and (4) a
second action arising out of the transaction or occurrence that was the subject matter of the
previous action." *Portage Cty. Bd. Of Commrs. v. Akron*, 109 Ohio St.3d 106, 123 (2006).

In this case, the Plaintiffs each admit that they were active participants in the underlying
state court action.  See Exhibit "1," Plaintiffs' Responses to Request for Admission 16 through
31.  Under the doctrine of *res judicata*, the relief sought by Plaintiffs must be denied as the
claims were never raised in the underlying state court litigation.

In this case, the state court judgment granting the right to foreclose against Plaintiffs'
home is a final judgment on the merits.  See *Italiano v. Comm'l Fin. Corp.*, 148 Ohio App. 3d
261, 268 (Ohio App. 2002) ("It is the law in Ohio that debtors must immediately appeal an order
of foreclosure, rather than waiting until a subsequent order confirming a foreclosure sale.").
Again, there is no dispute that Plaintiffs and DZW were both parties in the state court action and
that this proceeding arises out of the same transaction that was the subject matter of the state
court action transaction, namely, the mortgage against Plaintiffs' real property. Finally, the state
court specifically found that DZW had standing to enforce the mortgage as the real party in
interest. Plaintiffs' claims in this proceeding of DZW's lack of standing to enforce the mortgage
are claims that were or could have been litigated in the state court action.

In addition to *res judicata*, the Plaintiffs are barred from bringing these claims in this
court under the doctrine of jurisdictional priority.  Both the parties and the subject matter of this
action were at issue in the state court action; the Plaintiffs' failed to present any of these defenses
despite raising nine (9) separate affirmative defenses in their Answer. See Exhibit "8."

This Court must conclude that, even accepting Plaintiffs' factual allegations as true, they have failed to state claims upon which relief can be granted since Plaintiffs' claims are barred by the doctrine of res judicata. See *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir. 2008)

Section 506 of the Bankruptcy Code provides that a holder of an over secured claim is entitled to "interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose." 11 U.S.C. § 506(b). If a creditor's collateral is worth more than the secured claim it holds, such creditor is entitled to claim post-petition interest only to the extent of its over security. The over-secured creditor may receive post-petition interest up to the value of its equity cushion, i.e., the difference between the value of the allowed claim and the value of the collateral securing the claim. *In re SW Boston Hotel Venture, LLC*, 748 F. 3d 393, 404 (1st Cir. 2014). In *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242 (1989), the Supreme Court held that while an award of fees, costs and other charges is dictated by the loan agreement, the award of interest is not. State law, on the other hand, governs a creditor's claim of post-petition interest. *In re 785 Partners LLC*, 470 B.R. 126, 133. (Bankr. S.D.N.Y. 2012).

In the bankruptcy proceeding, Plaintiffs submitted a Motion for Authority to Sell Real Property Free and Clear of Liens, Encumbrances and Interests. The Plaintiffs' submit in that motion that the fair market value of the property is $55,000.00, based in part on the offer of Mary Martin to purchase the property for $55,000.00. DZW offered $10,000.00 more at a public auction – setting the value of the collateral securing the debt at $65,000.00. Based upon either offer, the market value of the property securing the lien appears to exceed the value of the DZW claim, thus affording DZW fully secured status. DZW stands before the Court as the only lender with an interest in the property, as the other claimants are judgment lien creditors, so affording DZW fully secured status would have no chilling effect on other lenders.

Since time began, Ohio courts have recognized the doctrine of *res judicata*. Bankruptcy courts recognize and apply the same concept. There is no dispute that DZW acquired all rights of the original lender – holding both the promissory note and mortgage deed, which was recognized by the foreclosure court, and substituted in that case as real party in interest. The

secured status of a lien is dependent on value of secured property; DZW established the value of the West 130th Street vacant lot by offering $65,000.00 to purchase lot at auction; Mary Martin has offered $55,000.00 as a back-up bid to purchase lot. Either of these figures exceeds the amount due DZW under the terms of the promissory note and mortgage.

For each of these reason, DZW 130 Properties LLC moves this Court to grant it summary judgment on each count of Plaintiffs' Complaint, finding that DZW 130 Properties, LLC holds a secured interest in the West 130th Street vacant lot, that DZW 130 Properties LLC's proof of claim is properly valued at $29,359.00 plus accrued interest through July 15, 2013, in the sum of $3,403.08, and interest from that date on the principal balance at a rate of 11.17% per annum, along with the costs and fees incurred herein in collecting the monies due.

Respectfully submitted,

/s/ Michael E. Reardon
Michael E. Reardon (0062389)
4725 Grayton Road
Cleveland, OH 44135
Phone: (216) 362-7777
Fax: (216) 362-4160
EMail: m.reardon@douglasslaw.com
Attorney for DZW 130 Properties, LLC

## CERTIFICATE OF SERVICE

I certify that on 3 FEB 17 copies of this pleading were served by electronic mail (via ECF) upon:

Joseph M. Romano      jromanolaw@sbcglobal.net
Marc E. Dann            notices@dannlaw.com
William C. Behrens     notices@dannlaw.com
Brian D. Flick          notices@dannlaw.com
Counsel for Plaintiffs

Craig Shopneck, Chapter 13 Trustee  cshopneck13@ecf.epiqsystems.com
U.S. Trustee's Office  Trustee@USDOJ.gov
Timothy M. Sullivan    tim@tmslaw.net,
United States Trustee  (Registered address)@usdoj.gov
Keith D. Weiner         bankruptcy@weinerlaw.com
Lindsey Hall            bankruptcy@weinerlaw.com

Daniel C. Wolters      *amps@manleydeas.com, dcwolters@manleydeas.com*
Chris Klym             *bk@hhklawohio.com*
Michael Harvey         mpharveyco@aol.com

And by first class, U.S. Mail to:

Synchrony Bank
Fka GE Capital Retail Bank
c/o CT Corporation System, Stat. Agent
1300 East Ninth Street
Cleveland, Ohio 44114

<u>/s/ Michael E. Reardon</u>
Michael E. Reardon
Attorney for Defendant
DZW 130 Properties, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

In re:

Anatoly S. Povroznik )     Case No. 16-10044
Dorota A. Povroznik )
) Judge Harris
)
Debtors. )
)

\*   \*   \*   \*   \*   \*   \*   \*

Anatoly S. Povroznik
Dorota A. Povroznik )     Adversary Proceeding No. 16-1107
)
Plaintiffs, )
)
vs. )
)
DZW 130 Properties, LLC, )
)
Defendant. )
)

## PLAINTIFF ANATOLY S. POVROZNIK'S RESPONSES TO DEFENDANT DZW 130 PROPERTIES, LLC'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED UPON PLAINTIFF ANATOLY S. POVROZNIK

Plaintiff Anatoly S. Povroznik, through Counsel, hereby provides the following responses to Defendant DZW 130 Properties LLC's First Set of Requests for Admissions propounded upon Plaintiff Anatoly S. Povroznik,

Respectfully Submitted,

/s/Brian D. Flick, Esq.
Brian D. Flick 0081605
Marc E. Dann 0039425
William C. Behrens 0093031
The Dann Law Firm
PO Box 6031040
Cleveland, OH 44103
(216) 373-0539
(216) 373-0536 e-fax
notices@dannlaw.com
*Co-Counsel for Debtors for*
*Adversary Purposes Only*

EXHIBIT 1

## INSTRUCTIONS

If Plaintiff Anatoly S. Povroznik (hereafter the "Answering Plaintiff") fails to respond or object to any request within 28 days of the service of the Requests, the matter shall be deemed admitted under Rule 36.

As is more fully set out in Rule 36(a), the Answering Plaintiff must admit or deny each request, and, where necessary, specify the parts of each request to which he objects or cannot in good faith admit or deny.

If the Answering Plaintiff objects to only part of a Request, he must admit or deny the remainder of the Request.

In the event that the Answering Plaintiff objects to or denies any Request or portion of a Request, the Answering Plaintiff must state the specific reasons for his objection or denial.

These Requests shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided by FRCivP Rule 26(e).

Each Request solicits all information obtainable by Answering Plaintiff Anatoly S. Povroznik, Inc. from Answering Plaintiffs' attorneys, investigators, agents, employees and representatives.

If you answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

## DEFINITIONS

1. The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.
2. As used herein, "Plaintiff" means, unless otherwise indicated, Anatoly S. Povroznik.
3. As used herein, "Defendant" means, unless otherwise indicated, DZW 130 Properties, LLC.
4. As used herein, "W. 130 property" means the real estate located on West 130, Parma, Ohio, Cuyahoga County permanent parcel number 457-15-022

Request for Admissions No. 1.

Please admit that Answering Plaintiff signed and initialed, as appropriate, the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1.

Response:

**Plaintiff admits signing a Loan Agreement and Disclosure Statement with American General Financial Services but is without knowledge to know whether Exhibit 1 is a true and accurate copy of the Loan Agreement.**

Request for Admissions No. 2.

Please admit that the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1, is a true and accurate copy of the Loan Agreement and Disclosure Statement Answering Plaintiff executed with American General Financial Services, Inc. ("Lender").

Response:

**Plaintiff denies without the opportunity to review the original.**

Request for Admissions No. 3.

Please admit that the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1, details an amount financed of $30,846.00 by Lender.

Response:

**Plaintiff admits.**

Request for Admissions No. 4.

Please admit that the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1, details a pre-paid finance charge in the amount of $1,000.00 paid to Lender.

Response:

**Plaintiff admits.**

Request for Admissions No. 5.

Please admit that pursuant to the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1, the sum of $2,433.00 was paid by Lender to Answering Plaintiff's account with Chase.

Response:

**Plaintiff denies. Plaintiff admits Exhibit 1 details an amount to be paid to Chase.**

Request for Admissions No. 6.

Please admit that pursuant to the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1, the sum of $575.00 was paid by Lender to Answering Plaintiff's account with HSBC.

Response:

**Plaintiff denies. Plaintiff admits Exhibit 1 details an amount to be paid to Lender.**

Request for Admissions No. 7.

Please admit that pursuant to the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1, the sum of $26,992.00 was paid by Lender to Answering Plaintiff's account with Child Support Enforcement Agency.

Response:

**Plaintiff denies. Plaintiff admits Exhibit 1 details an amount to be paid to Lender.**

Request for Admissions No. 8.

Please admit that the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1, details an annual percentage rate of 11.75% of the principal amount financed by Lender.

Response:

**Plaintiff admits.**

Request for Admissions No. 9.

Please admit that the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1, details a first monthly payment of $482.30 due from Answering Plaintiff to Lender on May 8, 2008.

Response:

**Plaintiff denies. Plaintiff admits Exhibit 1 details a payment schedule payable to Lender.**

Request for Admissions No. 10.

Please admit that the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1, details 179 monthly payments of $365.36 due from Answering Plaintiff to Lender beginning June 8, 2008.

Response:

**Plaintiff denies. Plaintiff admits Exhibit 1 details a payment schedule payable to Lender.**

Request for Admissions No. 11.

Please admit that Answering Plaintiff failed to make all of the monthly loan payments to Lender as required in the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1.

Response:

**Plaintiff denies.**

Request for Admissions No. 12

Please admit that Answering Plaintiff gave Lender a security interest in the Answering Plaintiff's real estate located on West 130, Parma, Ohio, Cuyahoga County permanent parcel number 457-15-022.

Response:

**Plaintiff admits.**

Request for Admissions No. 13.

Please admit that Answering Plaintiff gave Lender a mortgage on the Answering Plaintiff's real estate located on West 130, Parma, Ohio, Cuyahoga County permanent parcel number 457-15-022.

Response:

**Plaintiff admits.**

Request for Admissions No. 14.

Please admit that Answering Plaintiff signed the Open-End Mortgage attached hereto as Exhibit 2.

Response:

**Plaintiff admits to signing a Mortgage but is without sufficient information to admit or deny that Exhibit 2 is a true and accurate copy of said Mortgage.**

Request for Admissions No. 15.

Please admit that the Open-End Mortgage, attached hereto as Exhibit 2, is a true and accurate copy of the Open-End Mortgage Answering Plaintiff granted to Lender.

Response:

**Plaintiff denies without the opportunity to review the original..**

Request for Admissions No. 16.

Please admit that Answering Plaintiff was served with a Complaint in Cuyahoga Common Pleas Court Case CV 13 811988.

Response:

**Plaintiff admits.**

Request for Admissions No. 17.

Please admit that Answering Plaintiff was represented by legal counsel in Cuyahoga Common Pleas Court Case CV 13 811988.

Response:

**Plaintiff admits.**

Request for Admissions No. 18

Please admit that Answering Plaintiff, through legal counsel, filed an Answer in Cuyahoga Common Pleas Court Case CV 13 811988.  See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 19.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the failure to state a claim upon which relief can be granted in Cuyahoga Common Pleas Court Case CV 13 811988.  See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 20.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the failure to name or include all necessary or indispensable parties in Cuyahoga Common Pleas Court Case CV 13 811988.  See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 21.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the failure to present a properly endorsed Mortgage in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**


Request for Admissions No. 22.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the lack of standing in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**


Request for Admissions No. 23.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the lack of the real party in interest in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**


Request for Admissions No. 24.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the failure to mitigate in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 25.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the failure to give notice required under the terms of the Note and Mortgage in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 26.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the doctrines of waiver, laches and estoppel in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 27.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the doctrine of unclean hands in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 28.

Please admit that Answering Plaintiff, through legal counsel, was served with "plaintiff's Motion for Summary Judgment" in Cuyahoga Common Pleas Court Case CV 13 811988.

Response:

**Plaintiff admits.**

Request for Admissions No. 29.

Please admit that Answering Plaintiff, through legal counsel, filed "Motion of Defendants Anatoly & Dorota Povroznik for Additional Time to File Brief in Opposition out of Time" in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 4.

Response:

   **Plaintiff admits.**

Request for Admissions No. 30.

Please admit that "Plaintiff's Motion for Summary Judgment" in Cuyahoga Common Pleas Court Case CV 13 811988 was granted on February 17, 2015. See Exhibit 5.

Response:

   **Plaintiff admits.**

Request for Admissions No. 31.

Please admit that Answering Plaintiff did not appeal the decision granting "plaintiff's Motion for Summary Judgment" in Cuyahoga Common Pleas Court Case CV 13 811988.

Response:

   **Plaintiff admits.**

Request for Admissions No. 32.

Please admit that Answering Plaintiff has received a purchase offer for the W. 130 property in the sum of $55,000.00 from Mary Martin and Zsolt Tohati.

Response:

   **Plaintiff admits.**

Request for Admissions No. 33.

Please admit that Answering Plaintiff is aware that DZW 130 Properties, LLC has offered more than the sum of $55,000.00 to purchase the W. 130 property.

Response:

**Plaintiff admits.**

Request for Admissions No. 34.

Please admit that the W. 130 property is worth at least $55,000.00.

Response:

**Plaintiff denies.**

Request for Admissions No. 35.

Please admit that American General Financial Services has not made any attempt to enforce the note or mortgage since you filed for bankruptcy relief.

Response:

**Plaintiff admits.**

Request for Admissions No. 36.

Please admit that Springleaf Financial Services of Ohio, Inc., has not made any attempt to enforce the note or mortgage since you filed for bankruptcy relief.

Response:

**Plaintiff admits.**

Request for Admissions No. 37.

Please admit that DZW 130 Properties, LLC has attempted to enforce the note or mortgage since you filed for bankruptcy relief.

Response:

   **Plaintiff denies  that DZW 130 has any right to enforce the note or mortgage since the Plaintiff's filed for bankruptcy relief.  Plaintiff admits that DZW 130 Properties LLC has made an attempt to enforce its interest it may have purchased in a judgment however Plaintiff believes that judgment is not enforceable.**

Request for Admissions No. 38.

Please admit that DZW 130 Properties, LLC is the only party that has attempted to enforce the note or mortgage since you filed for bankruptcy relief.

Response:

   **Plaintiff denies  that DZW 130 has any right to enforce the note or mortgage since the Plaintiff's filed for bankruptcy relief.  Plaintiff admits that DZW 130 Properties LLC has made an attempt to enforce its interest it may have purchased in a judgment however Plaintiff believes that judgment is not enforceable.**

<div style="margin-left: 40%;">

Respectfully Submitted,

/s/Brian D. Flick, Esq.
Brian D. Flick 0081605
Marc E. Dann 0039425
William C. Behrens 0093031
The Dann Law Firm
PO Box 6031040
Cleveland, OH 44103
(216) 373-0539
(216) 373-0536 e-fax
notices@dannlaw.com
*Co-Counsel for Debtors for*
*Adversary Purposes Only*

</div>

## CERTIFICATE OF SERVICE

I certify that on the _____ day of November, 2016, copies of this pleading were served by electronic mail upon:

Michael Reardon, Esq.     douglassecf@douglasslaw.com
*Counsel for Defendants*


/s/Brian D. Flick, Esq.
Brian D. Flick, Esq.
*Co-Counsel for Debtors for Adversary Purposes Only*

| STATE OF OHIO | ) | | |
|---|---|---|---|
| | ) | SS. | **VERIFICATION** |
| COUNTY OF CUYAHOGA | ) | | |

Anatoly S. Povroznik, being first duly sworn according to law, deposes and says that he has read the foregoing and the same are true, as he verily believes.

_____

Anatoly S. Povroznik

SWORN TO BEFORE ME and subscribed in my presence this *17th* day of *November*, 2016.

*Elizabeth Chalasinski*

NOTARY PUBLIC

Elizabeth J. Chalasinski
Notary Public - Ohio
My Commission Expires Aug. 12, 2021

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-10044 |
| | ) | |
| Anatoly S. Povroznik | ) | Judge Arthur I. Harris |
| Dorota A. Povroznik | ) | |
| | ) | |
| Debtors. | ) | |

\* \* \* \* \* \*

| | | |
|---|---|---|
| Anatoly S. Povroznik | ) | Adversary Proceeding No. 16-1107 |
| Dorota A. Povroznik | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DZW 130 Properties, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF DORATA A. POVROZNIK'S RESPONSES TO DEFENDANT DZW 130 PROPERTIES, LLC'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED UPON PLAINTIFF DORATA A. POVROZNIK

Plaintiff Dorota A. Povroznik, through Counsel, hereby provides the following responses to Defendant DZW 130 Properties LLC's First Set of Requests for Admissions propounded upon Plaintiff Dorota A. Povroznik.

Respectfully Submitted,

/s/Brian D. Flick, Esq.
Brian D. Flick 0081605
Marc E. Dann 0039425
William C. Behrens 0093031
The Dann Law Firm
PO Box 6031040
Cleveland, OH 44103
(216) 373-0539
(216) 373-0536 e-fax
notices@dannlaw.com
*Co-Counsel for Debtors for*
*Adversary Purposes Only*

## INSTRUCTIONS

If Plaintiff Dorata A. Povroznik (hereafter the "Answering Plaintiff") fails to respond or object to any request within 28 days of the service of the Requests, the matter shall be deemed admitted under Rule 36.

As is more fully set out in Rule 36(a), the Answering Plaintiff must admit or deny each request, and, where necessary, specify the parts of each request to which he objects or cannot in good faith admit or deny.

If the Answering Plaintiff objects to only part of a Request, he must admit or deny the remainder of the Request.

In the event that the Answering Plaintiff objects to or denies any Request or portion of a Request, the Answering Plaintiff must state the specific reasons for his objection or denial.

These Requests shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided by FRCivP Rule 26(e).

Each Request solicits all information obtainable by Answering Plaintiff Dorata A. Povroznik, Inc. from Answering Plaintiffs' attorneys, investigators, agents, employees and representatives.

If you answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

## DEFINITIONS

1. The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.
2. As used herein, "Plaintiff" means, unless otherwise indicated, Dorata A. Povroznik.
3. As used herein, "Defendant" means, unless otherwise indicated, DZW 130 Properties, LLC.
4. As used herein, "W. 130 property" means the real estate located on West 130, Parma, Ohio, Cuyahoga County permanent parcel number 457-15-022

Request for Admissions No. 1.

Please admit that Answering Plaintiff signed and initialed, as appropriate, the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1.

Response:

**Plaintiff admits signing a Loan Agreement and Disclosure Statement with American General Financial Services but is without knowledge to know whether Exhibit 1 is a true and accurate copy of the Loan Agreement.**

Request for Admissions No. 2.

Please admit that the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1, is a true and accurate copy of the Loan Agreement and Disclosure Statement Answering Plaintiff executed with American General Financial Services, Inc. ("Lender").

Response:

**Plaintiff denies without the opportunity to review the original.**

Request for Admissions No. 3.

Please admit that the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1, details an amount financed of $30,846.00 by Lender.

Response:

**Plaintiff admits.**

Request for Admissions No. 4.

Please admit that the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1, details a pre-paid finance charge in the amount of $1,000.00 paid to Lender.

Response:

**Plaintiff admits.**

Request for Admissions No. 5.

Please admit that pursuant to the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1, the sum of $2,433.00 was paid by Lender to Answering Plaintiff's account with Chase.

Response:

**Plaintiff denies.  Plaintiff admits Exhibit 1 details an amount to be paid to Chase.**

Request for Admissions No. 6.

Please admit that pursuant to the Loan Agreement and Disclosure Statement, attached hereto as
Exhibit 1, the sum of $575.00 was paid by Lender to Answering Plaintiff's account with HSBC.

Response:

**Plaintiff denies. Plaintiff admits Exhibit 1 details an amount to be paid to Lender.**

Request for Admissions No. 7.

Please admit that pursuant to the Loan Agreement and Disclosure Statement, attached hereto as
Exhibit 1, the sum of $26,992.00 was paid by Lender to Answering Plaintiff's account with Child
Support Enforcement Agency.

Response:

**Plaintiff denies. Plaintiff admits Exhibit 1 details an amount to be paid to Lender.**

Request for Admissions No. 8.

Please admit that the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1,
details an annual percentage rate of 11.75% of the principal amount financed by Lender.

Response:

**Plaintiff admits.**

Request for Admissions No. 9.

Please admit that the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1,
details a first monthly payment of $482.30 due from Answering Plaintiff to Lender on May 8,
2008.

Response:

**Plaintiff denies. Plaintiff admits Exhibit 1 details a payment schedule payable to
Lender.**

Request for Admissions No. 10.

Please admit that the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1, details 179 monthly payments of $365.36 due from Answering Plaintiff to Lender beginning June 8, 2008.

Response:

**Plaintiff denies.  Plaintiff admits Exhibit 1 details a payment schedule payable to Lender.**

Request for Admissions No. 11.

Please admit that Answering Plaintiff failed to make all of the monthly loan payments to Lender as required in the Loan Agreement and Disclosure Statement, attached hereto as Exhibit 1.

Response:

**Plaintiff denies.**

Request for Admissions No. 12

Please admit that Answering Plaintiff gave Lender a security interest in the Answering Plaintiff's real estate located on West 130, Parma, Ohio, Cuyahoga County permanent parcel number 457-15-022.

Response:

**Plaintiff admits.**

Request for Admissions No. 13.

Please admit that Answering Plaintiff gave Lender a mortgage on the Answering Plaintiff's real estate located on West 130, Parma, Ohio, Cuyahoga County permanent parcel number 457-15-022.

Response:

**Plaintiff admits.**

Request for Admissions No. 14.

Please admit that Answering Plaintiff signed the Open-End Mortgage attached hereto as Exhibit 2.

Response:

**Plaintiff admits to signing a Mortgage but is without sufficient information to admit or deny that Exhibit 2 is a true and accurate copy of said Mortgage.**

Request for Admissions No. 15.

Please admit that the Open-End Mortgage, attached hereto as Exhibit 2, is a true and accurate copy of the Open-End Mortgage Answering Plaintiff granted to Lender.

Response:

**Plaintiff denies without the opportunity to review the original..**

Request for Admissions No. 16.

Please admit that Answering Plaintiff was served with a Complaint in Cuyahoga Common Pleas Court Case CV 13 811988.

Response:

**Plaintiff admits.**

Request for Admissions No. 17.

Please admit that Answering Plaintiff was represented by legal counsel in Cuyahoga Common Pleas Court Case CV 13 811988.

Response:

**Plaintiff admits.**

Request for Admissions No. 18

Please admit that Answering Plaintiff, through legal counsel, filed an Answer in Cuyahoga Common Pleas Court Case CV 13 811988.  See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 19.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the failure to state a claim upon which relief can be granted in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 20.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the failure to name or include all necessary or indispensable parties in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 21.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the failure to present a properly endorsed Mortgage in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 22.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the lack of standing in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 23.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the lack of the real party in interest in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 24.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the failure to mitigate in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 25.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the failure to give notice required under the terms of the Note and Mortgage in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 26.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the doctrines of waiver, laches and estoppel in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 27.

Please admit that Answering Plaintiff, through legal counsel, presented a defense based upon the doctrine of unclean hands in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 3.

Response:

**Plaintiff admits.**

Request for Admissions No. 28.

Please admit that Answering Plaintiff, through legal counsel, was served with "plaintiff's Motion for Summary Judgment" in Cuyahoga Common Pleas Court Case CV 13 811988.

Response:

**Plaintiff admits.**

Request for Admissions No. 29.

Please admit that Answering Plaintiff, through legal counsel, filed "Motion of Defendants Anatoly & Dorota Povroznik for Additional Time to File Brief in Opposition out of Time" in Cuyahoga Common Pleas Court Case CV 13 811988. See Exhibit 4.

Response:

**Plaintiff admits.**

Request for Admissions No. 30.

Please admit that "Plaintiff's Motion for Summary Judgment" in Cuyahoga Common Pleas Court Case CV 13 811988 was granted on February 17, 2015. See Exhibit 5.

Response:

**Plaintiff admits.**

Request for Admissions No. 31.

Please admit that Answering Plaintiff did not appeal the decision granting "plaintiff's Motion for Summary Judgment" in Cuyahoga Common Pleas Court Case CV 13 811988.

Response:

**Plaintiff admits.**

Request for Admissions No. 32.

Please admit that Answering Plaintiff has received a purchase offer for the W. 130 property in the sum of $55,000.00 from Mary Martin and Zsolt Tohati.

Response:

**Plaintiff admits.**

Request for Admissions No. 33.

Please admit that Answering Plaintiff is aware that DZW 130 Properties, LLC has offered more than the sum of $55,000.00 to purchase the W. 130 property.

Response:

**Plaintiff admits.**

Request for Admissions No. 34.

Please admit that the W. 130 property is worth at least $55,000.00.

Response:

**Plaintiff denies.**

Request for Admissions No. 35.

Please admit that American General Financial Services has not made any attempt to enforce the note or mortgage since you filed for bankruptcy relief.

Response:

**Plaintiff admits.**

Request for Admissions No. 36.

Please admit that Springleaf Financial Services of Ohio, Inc., has not made any attempt to enforce the note or mortgage since you filed for bankruptcy relief.

Response:

**Plaintiff admits.**

Request for Admissions No. 37.

Please admit that DZW 130 Properties, LLC has attempted to enforce the note or mortgage since you filed for bankruptcy relief.

Response:

**Plaintiff denies that DZW 130 has any right to enforce the note or mortgage since the Plaintiff's filed for bankruptcy relief. Plaintiff admits that DZW 130 Properties LLC has made an attempt to enforce its interest it may have purchased in a judgment however Plaintiff believes that judgment is not enforceable.**

Request for Admissions No. 38.

Please admit that DZW 130 Properties, LLC is the only party that has attempted to enforce the note or mortgage since you filed for bankruptcy relief.

Response:

**Plaintiff denies that DZW 130 has any right to enforce the note or mortgage since the Plaintiff's filed for bankruptcy relief. Plaintiff admits that DZW 130 Properties LLC has made an attempt to enforce its interest it may have purchased in a judgment however Plaintiff believes that judgment is not enforceable.**

Respectfully Submitted,

/s/Brian D. Flick, Esq.
Brian D. Flick 0081605
Marc E. Dann 0039425
William C. Behrens 0093031
The Dann Law Firm
PO Box 6031040
Cleveland, OH 44103
(216) 373-0539
(216) 373-0536 e-fax
notices@dannlaw.com
*Co-Counsel for Debtors for*
*Adversary Purposes Only*

## CERTIFICATE OF SERVICE

I certify that on the _____ day of November, 2016 copies of this pleading were served by electronic mail upon:

Michael Reardon, Esq.     douglassecf@douglasslaw.com
Counsel for Defendants


/s/Brian D. Flick, Esq.
Brian D. Flick, Esq.
*Co-Counsel for Debtors for*
*Adversary Purposes Only*

| STATE OF OHIO | ) | | |
|---|---|---|---|
| | ) | SS. | **VERIFICATION** |
| COUNTY OF CUYAHOGA | ) | | |

Dorata A. Povroznik, being first duly sworn according to law, deposes and says that he has read the foregoing and the same are true, as he verily believes.

_____

Dorata A. Povroznik

SWORN TO BEFORE ME and subscribed in my presence this _17th_ day of _November_, 2016.

NOTARY PUBLIC

Elizabeth J. Chalasinski
Notary Public - Ohio
My Commission Expires Aug. 12, 2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-10044 |
| | ) | |
| Anatoly S. Povroznik | ) | Judge Arthur I. Harris |
| Dorota A. Povroznik | ) | |
| | ) | |
| Debtors. | ) | |

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| Anatoly S. Povroznik | ) | Adversary Proceeding No. 16-1107 |
| Dorota A. Povroznik | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DZW 130 Properties, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF DORATA A. POVROZNIK'S RESPONSES TO DEFENDANT DZW 130
PROPERTIES LLC'S FIRST SET OF REQUEST FOR PRODUCTION OF
DOCUMENTS PROPOUNDED UPON PLAINTIFF ANATOLY S. POVROZNIK**

Plaintiff Dorata A. Povroznik, through Counsel, hereby provides the following responses to
Defendant DZW 130 Properties LLC's First Set of Requests for Production of Documents
propounded upon Plaintiff Dorata A. Povroznik.

Respectfully Submitted,

/s/Brian D. Flick, Esq.
Brian D. Flick 0081605
Marc E. Dann 0039425
William C. Behrens 0093031
The Dann Law Firm
PO Box 6031040
Cleveland, OH 44103
(216) 373-0539
(216) 373-0536 e-fax
notices@dannlaw.com
*Co-Counsel for Debtors for
Adversary Purposes Only*

Request for Production No. 1:

Please produce copies of any and all pleadings, notices, orders, entries, or any other document in your possession that references Cuyahoga County Common Pleas Court Case CV 13 811988.

Response:

**Attached to the extent possible.**

Request for Production No. 2:

Please produce copies of any and all documents, purchase offers, letters, correspondence, notices or any other document in your possession that references the vacant lot located on W.130, Parma, Ohio, referenced as Cuyahoga County permanent parcel 457-15-022.

Response:

**Plaintiff, through Counsel, objects to this request as being unreasonably broad and the responses are not likely to lead to discoverble information. Plaintiff and Plaintiff's Counsel are willing to provide documentation based on a revised more specific request.**

Request for Production No. 3:

Please produce copies of any and all documents in your possession that reference any mortgages, liens, or other debt obligations related to your ownership of the vacant lot located on W.130, Parma, Ohio, referenced as Cuyahoga County permanent parcel 457-15-022.

Response:

**Plaintiff, through Counsel, objects to this request as being unreasonably broad and the responses are not likely to lead to discoverble information. Plaintiff and Plaintiff's Counsel are willing to provide documentation based on a revised more specific request.**

Request for Production No. 4:

Please produce copies of any and all documents in your possession that support your assertion that DZW 130 Properties, LLC does not have a secured interest in the vacant lot located on W.130, Parma, Ohio, referenced as Cuyahoga County permanent parcel 457-15-022.

Response:

**Plaintiff has no additional documentation in his possession that would lead to discoverable information based on this request. The argument beign made by the Plaintiff referenced in the Amended Complaint is a legal argument.**

Request for Production No. 5:

Please produce copies of any and all documents in your possession that support your assertion that DZW 130 Properties, LLC does not have a valid property interest in the vacant lot located on W.130, Parma, Ohio, referenced as Cuyahoga County permanent parcel 457-15-022.

Response:

**Plaintiff, through Counsel, objects to this request as being duplicative to Request for Production No. 4.**

Request for Production No. 6:

Please produce copies of any and all documents, e-mails, notes, receipts, contracts, proposals or other correspondence in your possession that were exchanged with either Zsolt Tohati or Mary Martin.

Response:

**Plaintiff, through Counsel, objects to this request as being unreasonably broad and the responses are not likely to lead to discoverble information. Plaintiff and Plaintiff's Counsel are willing to provide documentation based on a revised more specific request.**

Respectfully Submitted,

/s/Brian D. Flick, Esq.
Brian D. Flick 0081605
Marc E. Dann 0039425
William C. Behrens 0093031
The Dann Law Firm
PO Box 6031040
Cleveland, OH 44103
(216) 373-0539
(216) 373-0536 e-fax
notices@dannlaw.com
*Co-Counsel for Debtors for*
*Adversary Purposes Only*

## CERTIFICATE OF SERVICE

I certify that on this _____ day of November, 2016 copies of this pleading were served by electronic mail upon:

Michael Reardon, Esq.    douglassecf@douglasslaw.com
Counsel for Defendants


/s/Brian D. Flick, Esq.
Brian D. Flick, Esq.
*Co-Counsel for Debtors for Adversary Purposes Only*

| STATE OF OHIO | ) | | |
|---|---|---|---|
| | ) | SS. | **VERIFICATION** |
| COUNTY OF CUYAHOGA | ) | | |

Dorota A. Povroznik, being first duly sworn according to law, deposes and says that he has read the foregoing and the same are true, as he verily believes.

_____

Dorota A. Povroznik

SWORN TO BEFORE ME and subscribed in my presence this *17th* day of
*November* _____, 2016.

_____

NOTARY PUBLIC

Elizabeth J. Chalasinski
Notary Public - Ohio
My Commission Expires Aug. 12, 2021



88503432

16

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

FILED

SPRINGLEAF FINANCIAL SERVICES OF OHIO
    Plaintiff

ANATOLY POVROZNIK ETAL
    Defendant

Case No: CV-13-811988

Judge: MICHAEL ASTRAB

2015 APR -6  A 11: 35

CLERK OF COURTS
CUYAHOGA COUNTY

## JOURNAL ENTRY

96 DISP.OTHER - FINAL

JUDGMENT ENTRY AND DECREE OF FORECLOSURE.  OSJ
COURT COST ASSESSED TO THE PLAINTIFF(S).

Judge Signature         Date
                                  CPDGB

EXHIBIT 2

- 96
03/25/2015

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Springleaf Financial Services of Ohio, Inc., formerly known as American General Financial Services, Inc, | ) Case No. CV 13 811988 <br> ) <br> ) Judge Michael Astrab <br> ) |
| Plaintiff, | ) |
| vs. | ) **JUDGMENT ENTRY ADOPTING** <br> ) **MAGISTRATE'S DECISION** |
| Anatoly Povroznik, et al, | ) |
| Defendants | ) |

THIS CAUSE is before the Court on the Decision of the Magistrate, the evidence admitted at the hearing, and the motions and pleadings in the Court file.

Summary judgment is granted in favor of Plaintiff against the following Defendants: Anatoly Povroznik and Michael P. Harvey Co., LPA.

Default judgment is granted in favor of Plaintiff against the following Defendants: Dorota Povroznik aka Dorothy Povroznik.

The Court adopts the Magistrate's Decision dated March 6, 2015, granting a foreclosure on the premises.

**(SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF)**

**PREMISES COMMONLY KNOWN AS:**
**West 130th Street, Parma, Ohio**
**PERMANENT PARCEL NO.:   457-15-022**

The parties who have asserted an interest in the premises will be paid according to their priority. The claims of all parties who have asserted an interest in premises and whose claims are not paid in the order of distribution herein are transferred to the proceeds of sale and will be determined at a later date.

Judgment is rendered in favor of Plaintiff Springleaf Financial Services of Ohio, Inc., formerly known as American General Financial Services, Inc against Defendants Anatoly Povroznik and Dorota Povroznik aka Dorothy Povroznik in the sum of $29,359.00 plus interest of $3,403.08 to July 15, 2013 plus accruing interest thereafter at the rate of 11.17% per annum.

The Court finds that Plaintiff has standing to bring this case.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED, that unless there is paid or caused to be paid, within three days of the Court's adoption of the Magistrate's Decision, to the Clerk of this Court, the costs of this case, taxes due and payable and to the Plaintiff the sums found to be due it as aforesaid, together with interest due thereon, and the advances due Plaintiff for real estate taxes, insurance premiums and property protection, the equity of redemption of all Defendants named in this action in and to said premises shall be foreclosed and said premises sold; and, that an order of sale therefore shall issue

to the Sheriff of Cuyahoga County directing him to appraise, advertise in a newspaper of general circulation within the County and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

And coming now to distribute the proceeds of said sale, it is ordered that the Sheriff out of the funds in his hands pay:

First:    To Clerk of Courts, the costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co. L.P.A. for the Judicial Report filed herein, and the sum of $80.00 for the premium, which are hereby taxed as costs.

Second:   To Cuyahoga County Treasurer, taxes, accrued taxes, assessments and penalties on the premises described herein due and payable as of the date of confirmation of sheriff's sale and taxes, assessments, penalties and interest which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation.

Third:    To Plaintiff, the sum of $29,359.00 plus interest of $3,403.08 to July 15, 2013 plus accruing interest thereafter at the rate of 11.17% per annum.

Fourth:   The balance, if any, to be held by the Sheriff, pending further order.

IT IS FURTHER ORDERED that upon the distribution of the proceeds of sale as aforesaid, the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens releasing said liens from said premises.

It is further ORDERED, ADJUDGED AND DECREED that after said sale has been completed, the Sheriff of Cuyahoga County convey to the purchaser said real property and that a Writ of Possession of said property be issued.

It is further ORDERED, ADJUDGED AND DECREED that, pursuant to Civ.R.58 (B), the Clerk of Courts must serve, in a manner prescribed by Civ.R.58 (B), all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal and must note the service appearance docket.

No just reason for delay.

IT IS SO ORDERED.

_____
Judge Michael Astrab

EXHIBIT "A"


## LEGAL DESCRIPTION

Situated in the City of Parma, County of Cuyahoga and State of Ohio: and known as being
Sublot No. 2 on the partition map made for Franklin Scheuerman of part of Original Parma
Township Lot No. 38, Ely Tract, as shown by the recorded plat in Volume 164 of Maps, Page 32
of Cuyahoga County Records and being 104 feet front on the Easterly side of West 130th Street
and extending back 296.89 feet on the Northerly line, 297.08 feet on the Southerly line and
having a rear line of 104 feet, as appears by said plat, be the same more or less, but subject to all
legal highways.

CV13811988        88246606

FILED

2015 MAR -6  A 11: 12

CLERK OF COURTS
CUYAHOGA COUNTY

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| Springleaf Financial Services | ) | CASE NO. CV 13 811988 |
| of Ohio, Inc., formerly known | ) | |
| as American General Financial | ) | JUDGE Michael Astrab |
| Services, Inc | ) | |
| Plaintiff | ) | Magistrate Gail D. Baker |
| | ) | **MAGISTRATE'S DECISION** |
| ~vs~ | ) | |
| | ) | |
| Anatoly Povroznik, et al. | ) | |
| Defendants | ) | |

THIS CAUSE was submitted to the Magistrate and heard upon the Complaint for Foreclosure of the Plaintiff, the Answer of Defendant Anatoly Povroznik, the Answer of Defendant Paul M. Friedman, the Answer of Defendant Child Support Enforcement Agency of Cuyahoga County, the Answer of Defendant Michael P. Harvey Co., LPA, the Answer of Defendant GE Capital Retail Bank, and the Answer of Defendant City of Parma, the Motion for Summary Judgment of the Plaintiff and the Affidavit and Exhibits in support thereof, and Plaintiff's Motion for Default Judgment and the evidence.

The Magistrate hereby finds that there is no genuine issue as to any material fact, and that reasonable minds can come to but one conclusion which is adverse to the Defendant Anatoly Povroznik and to the Defendant Michael P. Harvey Co., LPA, and

/

that Plaintiff is entitled to judgment as a matter of law, and therefore Plaintiff's Motion for Summary Judgment is granted.

The Magistrate finds that all necessary parties have been served with summons according to law and are properly before the Court; that the Defendant Dorota Povroznik aka Dorothy Povroznik, is in default of Answer or other pleading and thereby confesses the allegations of the Complaint to be true, and said Defendant is forever barred from asserting any right, title or interest in and to the hereinafter described premises.

The Magistrate finds that there is due the Cuyahoga County Treasurer, taxes, accrued taxes, assessments, and penalties on the premises described herein including: (1) taxes and assessments which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation, and any penalties and interest on those taxes and assessments; and (2) all other taxes, assessments, penalties and interest which attached for a prior tax year but have not been paid on or before the date of confirmation. The exact amount of said taxes, accrued taxes, assessments, and penalties are unascertainable at this time, but will be determined at the time of the sheriff's sale of said premises, for which amount the Cuyahoga County Treasurer has a good and valid lien.

2

The Magistrate finds on the evidence adduced that there is due the Plaintiff on the promissory note set forth in the First Count of the Complaint, the sum of $29,359.00, plus interest of 3,403.08 to July 15, 2013 plus accruing interest thereafter at the rate of 11.17% per annum, for which sum, judgment is hereby rendered in favor of the Plaintiff against the Defendants, Anatoly Povroznik and Dorota Povroznik aka Dorothy Povroznik, jointly and severally.

The Magistrate further finds that there may be due to Plaintiff, the sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection.

The Magistrate further finds that in order to secure the payment of the promissory note aforesaid, the Defendants, Anatoly Povroznik and Dorota Povroznik, executed and delivered to American General Financial Services, Inc., the certain mortgage deed as in the Second Count of said Complaint described, thereby conveying to it the following described premises:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A".

Said premises also known as: West 130th Street, Parma, Ohio

PP# 457-15-022

That said mortgage was duly filed with the Recorder of Cuyahoga County on March 27, 2008, and was by him thereafter

3

recorded as AFN 200803270802 of the Mortgage Records of said County, and thereby became and is a valid first mortgage lien upon said premises, subject only to the lien of the Treasurer for taxes; that said conditions in the mortgage deed have been broken, and the same has become absolute and the Plaintiff is entitled to have the equity of redemption and dower of the Defendants, Anatoly Povroznik and Dorota Povroznik, husband and wife, in and to the said premises foreclosed.

The Magistrate finds that the Defendants Paul M. Friedman, Child Support Enforcement Agency of Cuyahoga County, Michael P. Harvey Co., LPA, GE Capital Retail Bank, and the City of Parma claim some right, title, interest or lien upon the premises described herein, as set forth in their pleadings filed herein, but that any right, title, interest, claim or lien that they may have is inferior and subsequent to the lien of the Plaintiff.

The Magistrate, while finding that there is no just reason for delay as to the Plaintiff's claim, makes no finding at this time as to the claim, right, title, interest or lien of the Defendants Paul M. Friedman, Child Support Enforcement Agency of Cuyahoga County, Michael P. Harvey Co., LPA, GE Capital Retail Bank, and the City of Parma, as set forth in their pleadings filed herein, except to note that such claim, right, title, interest or lien of these Defendants are hereby ordered transferred to the proceeds derived from the sale of said

4

premises, after the payment of the costs of the within action, taxes due and payable and the amount hereinabove found due the Plaintiff, and the same is hereby ordered continued until further order.

It is therefore ORDERED, ADJUDGED, AND DECREED that unless the sums hereinabove found due, together with the costs of this action, be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption and dower of the Defendants, Anatoly Povroznik and Dorota Povroznik, husband and wife, in and to said premises shall be foreclosed and that an order of sale shall issue directed to the Sheriff of Cuyahoga County, ordering him to appraise, advertise in a paper of general circulation within the County, and sell said premises as upon execution and according to law, free and clear of the interest of all parties to this action.

In the event an order of sale is returned by the Sheriff unexecuted, subsequent orders of sale shall issue in accord with appraisal instructions as requested in a Praecipe for Order of Sale.

It is further ordered that the Sheriff out of the funds in his hands pay:

> FIRST: The costs herein, including the sum of $300.00 payable to Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. for the Judicial Report filed herein, and the sum of $80.00

5

> for the premium, which are hereby taxed as costs.

SECOND: To the Cuyahoga County Treasurer, taxes, accrued taxes, assessments and penalties on the premises described herein due and payable as of the date of confirmation of sheriff's sale and taxes, assessments, penalties and interest which attach before the confirmation of sale for the year in which confirmation occurs, apportioned pro rata to the part of the year that precedes confirmation.

THIRD: To the Plaintiff, the sum of $29,359.00, plus interest of 3,403.08 to July 15, 2013 plus accruing interest thereafter at the rate of 11.17% per annum.

FOURTH: The balance, if any, to be held by the Sheriff, pending further order.

In the event Plaintiff is the successful bidder at the Sheriff's Sale, the amount of the deposits made herein by the Plaintiff and the cost of the Preliminary Judicial Report in the sum of $380.00 shall be deducted from the amount of court costs otherwise due and payable herein.

It is further ORDERED, ADJUDGED AND DECREED that there may be due to Plaintiff additional sums advanced by it under the terms of the Note and Mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further Order.

It is further ORDERED, ADJUDGED AND DECREED that all parties of this action be perpetually barred from asserting any

6

lien or rights to the purchaser hereof, or anyone claiming under or through said purchaser, and subject to further order.

It is further ORDERED, ADJUDGED AND DECREED that upon the distribution of the proceeds of sale as aforesaid, a minute of these proceedings be entered upon the Cuyahoga County records involved in this action and the Clerk of this Court shall issue his certificate to the County Recorder directing him to enter the same on the margin of the records of said mortgages and liens, releasing said liens from the premises.

It is further ORDERED, ADJUDGED AND DECREED that after said sale has been completed, the Sheriff of Cuyahoga County convey to the purchaser said real property, and that a Writ of Possession of said property be issued.

RECORD IS HEREBY ORDERED.

_____
Magistrate

APPROVED BY:

/s/ Edward G. Bohnert
REIMER, ARNOVITZ, CHERNEK &
JEFFREY CO., L.P.A.
Edward G. Bohnert (0004920)
P.O. Box 39696
30455 Solon Road
Solon, OH 44139
Phone: (440) 600-5500
Fax: (440) 600-5520
Email: ebohnert@reimerlaw.com

7

A party shall not assign as error on appeal the court's
adoption of any factual finding or legal conclusion, whether or
not specifically designated as a finding of fact or conclusion
of law under Civ. R. 53(D)(3)(a)(ii), unless the party timely
and specifically objects to that factual finding or legal
conclusion as required by Civ. R. 53(D)(3)(b).

8

## CERTIFICATE OF SERVICE

Copies of the foregoing have been sent by ordinary U.S. Mail by the Clerk of Courts to the following parties or their counsel of record:

Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
30455 Solon Road
Solon, OH 44139

Thomas J. Kraus
Kraus and Associates LLC
1 Berea Commons, Suite 216
Berea, Ohio 44017

Dorota Povroznik aka Dorothy Povroznik
7626 State Road
Parma, Ohio 44134

Paul M. Friedman
1370 Ontario Street,
1350 Standard Building
Cleveland, Ohio 44113

Christopher McMonagle
Assistant County Prosecutor
P.O. Box 93923
Cleveland, Ohio 44101

Michael P. Harvey
Michael P. Harvey Co., L.P.A
311 Northcliff Drive
Rocky River, Ohio 44116

Robert K. Hogan
Javitch, Block, & Rathbone, LLC
700 Walnut Street, Suite 300
Cincinnati, Ohio 45202

Bruce M. Courey
Assistant Law Director
6611 Ridge Road
Parma, Ohio 44129

MAR 9 2015

Copies mailed by the Clerk of Courts on _____, 2014.

_Clerk DWilliams_

9

EXHIBIT "A"


### LEGAL DESCRIPTION

Situated in the City of Parma, County of Cuyahoga and State of Ohio: and known as being
Sublot No. 2 on the partition map made for Franklin Scheuerman of part of Original Parma
Township Lot No. 38, Ely Tract, as shown by the recorded plat in Volume 164 of Maps, Page 32
of Cuyahoga County Records and being 104 feet front on the Easterly side of West 130th Street
and extending back 296.89 feet on the Northerly line, 297.08 feet on the Southerly line and
having a rear line of 104 feet, as appears by said plat, be the same more or less, but subject to all
legal highways.

10

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| SPRINGLEAF FINANCIAL SERVICES OF OHIO, INC. | ) CASE CV 13 811988 )  FORECLOSURE |
| PLAINTIFF, | ) ) JUDGE MICHAEL ASTRAB |
| VS. | ) MAGISTRATE GAIL BAKER ) |
| ANATOLY POVROZNIK, ET AL | ) MOTION TO SUBSTITUTE ) DZW 130 PROPERTIES, LLC. |
| DEFENDANT | ) AS PLAINTIFF ) |

Now comes DZW 130 Properties, LLC, by and through counsel, to move this Court to be substituted in this action as Plaintiff. DZW 130 Properties, LLC is now the real party in interest by virtue of purchasing the underlying mortgage upon which Plaintiff Springleaf Financial Services of Ohio., Inc., f/k/a American General Financial Services, Inc. foreclosed in this action.

On or about October 6, 2015, movant purchased the underlying mortgage given by Anatoly Povroznik and Dorota Povroznik to Springleaf Financial Services of Ohio., Inc., f/k/a American General Financial Services, Inc., and recorded March 27, 2008, recorded as Cuyahoga County instrument number 200803270802 (hereinafter "mortgage"). See Exhibit "A."

The mortgage was given as security for a loan agreement made March 27, 2008, between Anatoly Povroznik and Dorota Povroznik and Springleaf Financial Services of Ohio., Inc., f/k/a American General Financial Services, Inc. See Exhibit "B."

The underlying mortgage, with all interest secured thereby, all liens, and any rights due or to become due thereon, was assigned by Springleaf Financial Services of Ohio., Inc., f/k/a American General Financial Services, Inc., to DLJ Mortgage Capital, Inc., on August 6, 2014, and recorded on June 29, 2015, recorded as Cuyahoga County instrument number 201506290166. See Exhibit "C."

The underlying mortgage, and the full benefit of all the powers and of all the covenants and provisos therein contained as well as the assignor's beneficial interest, was assigned by DLJ Mortgage Capital, Inc., to Bayview Loan Servicing LLC on May 19, 2015, and recorded on June 29, 2015, recorded as Cuyahoga County instrument number 201506290165. See Exhibit "D."

EXHIBIT 3

Bayview Loan Servicing LLC assigned the mortgage to DZW 130 Properties, LLC on October 6, 2015, which was recorded on October 21, 2015, as Cuyahoga County instrument number 201510210819. See Exhibit "E."

DZW 130 Properties, LLC, as the real party in interest and pursuant to the purchase, has physical possession of both the original Loan Agreement and Disclosure Statement and the Open-End Mortgage described herein.

Wherefore, movant DZW 130 Properties, LLC respectfully requests that it be recognized as the real party in interest and that it be substituted as Plaintiff in this action, with the undersigned as counsel.

Respectfully submitted,

/s/ Michael E. Reardon
Michael E. Reardon (0062389)
Michael E. Reardon, Co., LPA
PO Box 675
Berea, Ohio 44017
440-239-1109
216-362-4160 Fax
MEReardonCoLPA@msn.com
Attorney for Plaintiff
DZW 130 Properties, LLC

## CERTIFICATE OF SERVICE

A true copy of the within Pleading was served upon all parties represented by counsel via the Clerk of Court's electronic case filing notification system, and to GE Capital Retail Bank, 170 Election Road Suite 125, Draper, UT 84020, this 22nd day of October 2015.

/s/ Michael E. Reardon
Michael E. Reardon (0062389)

**AMERICAN GENERAL FINANCIAL SERVICES**

## OPEN-END MORTGAGE

Account No. 53807251

KNOW ALL MEN BY THESE PRESENTS:
   THAT ANATOLY POVROZNIK AND DOROTA POVROZNIK

                                                                HUSBAND AND WIFE
of CUYAHOGA _____County, Ohio (hereinafter called the Grantor) In consideration of $ 31846.00 in hand paid by
AMERICAN GENERAL FINANCIAL SERVICES, INC.
(hereinafter called Grantee) and whereas, the Grantee (Mortgagee) may hereafter, during the continuance of this mortgage, make further advances to the
Grantor, which future advances together with the advance of even date, exclusive of interest thereon, may not exceed $ 31846.00, and it is intended
that such advances with interest shall be secured hereby, Grantor for himself and his heirs, administrators, executors and assigns, does hereby Grant with
mortgage covenants unto the said Grantee all the estate right title and interest of the said grantor in and to the following described real estate located in the
CITY _____ of PARMA _____ County of CUYAHOGA _____ and state of Ohio, more particularly described as
follows:

Current mailing address WEST 130 TH

   SEE EX A

free and clear of all encumbrances, reservations and exceptions whatsoever except:

_____

   Grantor's spouse, if any, hereby releases unto Grantee all right, of dower or any other interest in the above described premises. This mortgage is given,
upon the statutory condition, to secure the payment of all sums now or hereafter advanced with interest as provided in the note(s) of even date herewith and
with future advances. "Statutory condition" is defined in Section 5302.14 of the Revised Code and provides generally that if the grantor pays the principal and
interest secured by this mortgage, performs the other obligations secured hereby and the conditions of any prior mortgage, pays all the taxes and
assessments, maintains insurance against fire and other hazards, and does not commit or suffer waste, then this mortgage shall be void; otherwise, the same
shall remain in full force and virtue in law.

DEMAND FEATURE: ☐ If checked, anytime after _____ years from the date of the note secured by this Mortgage, Grantee may demand the full balance
and Grantor will have to pay the Principal Amount of the Loan and all unpaid interest accrued to the day Grantees makes demand. If Grantees elect to
exercise this option, Grantor will be given written notice of election at least 90 days before payment in full is due. If Grantor fails to pay, Grantee will have the
right to exercise the rights permitted under this mortgage and the note secured by this mortgage. If Grantee exercises this option, there will be no prepayment
penalty.

   And the Grantor, for himself, his heirs, executors, administrators and assigns, further covenants and agrees to and with the Grantee, its successors and
assigns, to pay the said note of even date herewith, together with interest thereon as they become due, and also to repay any and all such future advances with
interest thereon as herein provided, and to pay at maturity all taxes and assessments which shall be levied on said real estate or any part thereof, including all
taxes which may be levied or assessed under or by virtue of any law now or hereafter existing in the state of Ohio against the interest in said real property of the
debt secured by this mortgage.

   If not prohibited by law or regulation, this mortgage and all sums hereby secured shall become due and payable at the option of the mortgagee and
without notice to mortgagor upon the conveyance or sale of mortgagor's title or interest to all or any portion of said mortgaged property and premises or upon
the vesting of such title in any manner in persons or entities other than, or with, mortgagor unless the purchase or transferee assumes the indebtedness
secured hereby with the consent of the mortgagee.

   The property described herein, shall be at the Grantor's risk and Grantor shall procure and maintain for the term hereof Insurance against all physical
damage risks at Grantor's expense all in such form and for such amount as Grantee may legally require, the proceeds thereof to be payable to the Grantor and
Grantee of this instrument as their interests shall appear. In the event Grantor does not secure or maintain such insurance as Grantee may legally require to
be in effect for the term hereof, the Grantee may declare this instrument in default or as creditor of the Grantor when authorized by applicable law may
purchase such insurance effective from the beginning of the term hereof and at any time, and from time to time thereafter, although nothing herein contained
shall impose upon the Grantee the duty so to do and where legally authorized Grantee may add the cost thereof to Grantor's indebtedness secured by this
instrument; and the Grantor agrees to reimburse the Grantee for the actual cost of such insurance.

   Grantors, where authorized by law, hereby assigns any monies not in excess of the unpaid principal balance of Indebtedness, together
with earned charges which this instrument secures which may become payable under such other insurance including return on unearned premiums, and
directs any insurance company to make payment directly to Grantee to be applied to said unpaid Indebtedness and hereby appoints Grantee as attorney-in-fact
to endorse any draft. In the event of default under the terms of this instrument, Grantee is authorized to cancel said insurance and credit any premium refund
received against such unpaid Indebtedness.

## Additional Terms and Conditions on reverse side.

This Instrument prepared by

CHB461 (03-02-08) Open-End Real Estate Mortgage

EXHIBIT A

In case of nonpayment of any sum of money (either of principal, interest, insurance premium, taxes or assessments), at the time or times when the same shall become due, agreeable to the terms and conditions of these presents or of the aforesaid promissory note, or any part thereof, then in such case the whole amount of said principal sum may, at the option of the Grantee or its assigns, be deemed to have become due and payable without any notice whatever (notice of such option being hereby expressly waived.)

If this mortgage is subject and subordinate to another mortgage, it is hereby expressly agreed that should any default be made in the payment of any installment of principal or of interest on said prior mortgage, the holder of this mortgage may pay such installment of principal or such interest and the amount so paid with legal interest thereon from the time of such payment may be added to the indebtedness secured by this mortgage and the accompanying note shall be deemed to be secured by this mortgage, and it is further expressly agreed that in the event of such default or should any suit be commenced to foreclose said prior mortgage then the amount secured by this mortgage and the accompanying note shall become and be due and payable at any time thereafter at the sole option of the owner or holder of this mortgage.

Grantor further covenants and agrees that upon the commencement of any action to foreclose this mortgage or at any time pending such action, the court may at once and without notice to Grantor or to any party claiming under Grantor, appoint a receiver for the benefit of the holder or the holders of the indebtedness secured hereby, and of any other parties in interest, with power to collect the rents and profits of said premises during the pendency of such action, and to apply the same toward payment of the several obligations herein mentioned and described.

In case of any default hereunder or in accordance with the terms of the note or notes which this mortgage secures, or default in the payment of any sum or sums of money or interest thereon or any part thereof which this mortgage secures, and whereby the right of foreclosure occurs hereunder, the Grantee or its assigns shall at once become entitled to the possession, use and enjoyment of the property aforesaid, and to the rents, issues and profits thereof, subject to the prior rights of any prior mortgage, and such possession shall be delivered to the Grantee or its assigns, on request, and on refusal, the delivery of such possession may be enforced by the Grantee or its assigns by appropriate legal procedures. Grantor covenants and agrees that Grantee shall be entitled to reasonable costs and disbursements to which Grantee may become entitled in connection with any suit to collect this obligation or to enforce the security of this mortgage.

Grantor agrees not to violate, nor allow the violation of any federal or state (or subdivision thereof) environmental, health or safety law, regulation or ordinance, affecting said real property. Any such violation shall be deemed a default and Grantor agrees to indemnify, defend and hold Grantee harmless against any and all damages directly or indirectly caused by such violation, including but not limited to cleanup costs, attorney fees and costs, and that said claims, damages and costs shall be deemed additional sums due under the Mortgage indebtedness set forth in the Note executed in conjunction herewith.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals this _27th_ day of _March_ , _2008_. Each witness attests to the signing and acknowledgement by the Grantor in their presence.

_____
Witness MATT WELHOUSE

Grantor ANATOLY POVROZNIK

_____
Witness CHRISTOPHER TROUP

Grantor, Joint DOROTA POVROZNIK AKAS DOROTHY POVROZNIK

STATE OF OHIO
COUNTY OF _____ } SS:

On this _27_ day of _MARCH_ , _2008_ _ANATOLY POVROZNIK_ and _DOROTA POVADZNIK_ his wife, the Grantors in the foregoing mortgage, personally appeared before me, _MATTHEW MOBLEY_ , Notary Public in and for said County and State and severally acknowledged the execution of the foregoing instrument, in the presence of two witnesses who attested the signing and subscribed their names to the attestation, to be their voluntary act and deed for the uses and purposes therein expressed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal on the day and year last above written.

(Official Seal)

_M Mobley_ , Notary Public
Signature
My Commission Expires January 24, 2012

### RELEASE OF MORTGAGE

The conditions of the within mortgage have been fully performed and the same may be cancelled and released of record.

Dated:_____

Signed in the presence of

BY_____
Its Manager

Notice:    If checked ___, this is a mortgage subject to special rules under the Federal Truth in Lending Act. Purchasers or Assignees of this mortgage could be liable for all claims and defenses with respect to the mortgage that the Borrower could assert against the Creditor / Lender.

| No. | Mortgage | From | To | | State of Ohio, | County, ss. | Presented for record on the | day | at | o'clock | M. | Recorded | in Mortgage Book No. | Page | County Recorder |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

OHB462 (03-02-08) Open-End Real Estate Mortgage

EXHIBIT A

EXHIBIT A

SITUATED IN THE CITY OF PARMA, COUNTY OF CUYAHOGA AND STATE
OF OHIO: AND KNOWN AS BEING SUBLOT NO. 2 ON THE PARTITION
MAP MADE FOR FRANKLIN SCHEUERMAN OF PART OF ORIGINAL PARMA
TOWNSHIP LOT NUMBER 38, ELY TRACT, AS SHOWN BY THE RECORDED
PLAT IN VOLUME 164 OF MAPS, PAGE 32 OF CUYAHOGA COUNTY
RECORDS AND BEING 104 FEET FRONT ON THE EASTERLY SIDE OF
WEST 130TH STREET AND EXTENDING BACK 296.89 FEET ON THE
NORTHERLY LINE, 297.08 FEET ON THE SOUTHERLY LINE AND
HAVING A REAL LINE OF 104 FEET, AS APPEARS BY SAID PLAT, BE
THE SAME MORE OR LESS, BUT·SUBJECT TO ALL LEGAL HIGHWAYS.

ADDRESS: WEST 130TH ST.;   PARMA, OH 44139   TAX MAP OR
PARCEL ID NO.: 457-15-022



Electronically Filed 10/22/2015 08:51 / MOTION / CV 13 811988 / Confirmation Nbr. 575157 / BATCH



EXHIBIT A

| DATE 03/27/08 | ACCOUNT NUMBER 53807251 | TYPE OF LOAN (Alpha) M00 |
|---|---|---|

| LENDER/SECURED PARTY NAME AND ADDRESS ("Lender") | LENDER'S TELEPHONE NUMBER 216-518-0104 |
|---|---|

AMERICAN GENERAL FINANCIAL SERVICES, INC.
TURNEY-DUNHAM
6136 DUNHAM RD
MAPLE HEIGHTS, OH 44137-4786

**BORROWER(S) NAME AND ADDRESS ("I","We")**

ANATOLY POVROZNIK
DOROTHY A POVROZNIK
7626 STATE ROAD
PARMA, OH 44134

I will read this entire Loan Agreement and Disclosure Statement ("Agreement") and all related documents carefully. If I have any questions, I will ask them before I sign any of these documents. By signing, I am indicating my agreement to the statements, promises, terms, and conditions contained in the documents I sign.

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | AMOUNT FINANCED The amount of credit provided to me or on my behalf. | TOTAL OF PAYMENTS The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 11.75 % | $ 35035.74 | $ 30846.00 | $ 65881.74 |

My Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 1 | $ 482.30 | 05/08/08 |
| 179 | $ 365.36 | monthly beginning 06/08/08 |

LATE CHARGE: [X] If any payment is not paid in full within _10_ days after its due date, I will be charged _5.00_% of the _entire_ amount of the payment, but not more than $ _N/A_ or less than $ _15.00_.

[ ] If any payment is not paid in full within _____ days after its due date, I will be charged $ _____ if the entire scheduled payment exceeds $ _____ or $ _____ if the entire scheduled payment is $ _____ or less.

PREPAYMENT: If I pay off early:

[X] I may [ ] I will not have to pay a penalty or minimum charge.

[ ] I may [X] I will not get a refund or credit of part of the finance charge.

SECURITY: I am giving Lender a security interest in:

[X] Real estate located at: WEST 130TH
PARMA, OH 44130

| [ ] Motor Vehicles | Year | Make | Model | Vehicle Identification No. |
|---|---|---|---|---|
| | | | | |

| [ ] Other Assets | Other Assets Description |
|---|---|
| | |

[ ] Household items described on the Personal Property Appraisal Form, which I have signed and which has been delivered to me with this Agreement.

ASSUMPTION: Someone buying my home, if it secures this loan, may not assume the remainder of this loan on the original terms unless approved by Lender.

[ ] My loan contains a variable-rate feature. Disclosures about the variable-rate feature have been provided to me earlier.

See the remainder of this Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties, if any.

## THIS AGREEMENT IS SUBJECT TO THE FEDERAL ARBITRATION ACT.

By signing below, I acknowledge receipt of a copy of this Federal Disclosure Statement.

_____
Borrower

**EXHIBIT B**

# ITEMIZATION OF AMOUNT FINANCED

Amounts paid to others on my behalf

| | | | | |
|---|---|---|---|---|
| 1. | $ NONE | | PAID TO | |
| 2. | $ NONE | | PAID TO | |
| 3. | $ NONE | | PAID TO | |
| 4. | $ NONE | | PAID TO | |
| 5. | $ NONE | | PAID TO | |
| 6. | $ 175.00 | Title Examination Fee | PAID TO | NATIONAL REAL ESTATE |
| 7. | $ NONE | | PAID TO | |
| 8. | $ 500.00 | Appraisal Fee | PAID TO | NATIONAL REAL ESTATE |
| 9. | $ 10.00 | Credit Investigation Fee | PAID TO | LENDER |
| 10. | $ NONE | | PAID TO | |
| 11. | $ NONE | | PAID TO | |
| 12. | $ NONE | | PAID TO | |
| 13. | $ 125.00 | Title Insurance Fee | PAID TO | NATIONAL REAL ESTATE |
| 14. | $ NONE | | PAID TO | |
| 15. | $ NONE | | PAID TO | |
| 16. | $ 36.00 | Recording/Releasing Fees RE | PAID TO | GOVERNMENT AGENCY |
| 17. | $ NONE | | PAID TO | |
| 18. | $ NONE | | PAID TO | |
| 19. | $ NONE | | PAID TO | |
| 20. | $ NONE | | PAID TO | |
| 21. | $ 2433.00 | | PAID TO CHASE | |
| 22. | $ 575.00 | | PAID TO HSBC | |
| 23. | $ 26992.00 | | PAID TO CHILD SUPPORT | |
| 24. | $ | | PAID TO | |
| 25. | $ | | PAID TO | |
| 26. | $ | | PAID TO | |
| 27. | $ | | PAID TO | |
| 28. | $ | | PAID TO | |
| 29. | $ | | PAID TO | |
| 30. | $ | | PAID TO | |
| 31. | $ | | PAID TO | |
| 32. | $ | | PAID TO | |
| 33. | $ | | PAID TO | |
| 34. | $ | | PAID TO | |
| 35. | $ | | PAID TO | |
| 36. | $ | | PAID TO | |
| 37. | $ | | PAID TO | |
| 38. | $ | | PAID TO | |
| 39. | $ | | PAID TO | |
| 40. | $ | | PAID TO | |
| 41. | $ | | PAID TO | |
| 42. | $ | | PAID TO | |
| 43. | $ | | PAID TO | |
| 44. | $ | | PAID TO | |
| 45. | $ | | PAID TO | |

Amount Paid on Prior Account with Lender

| | | |
|---|---|---|
| 46. | $ NONE | |

Amounts Paid to me

| | | | |
|---|---|---|---|
| 47. | $ | | PAID TO |
| 48. | $ | | PAID TO |
| 49. | $ | | PAID TO |
| 50. | $ | | PAID TO |
| 51. | $ | | PAID TO |
| 52. | $ | | PAID TO |
| 53. | $ | | PAID TO |
| 54. | $ | | PAID TO |
| 55. | $ | | PAID TO |
| 56. | $ | | PAID TO |

$ 30846.00 Amount Financed (Sum of lines 1 - 56)

$ 1000.00 Prepaid Finance Charges (itemized below)

## PREPAID FINANCE CHARGES

| | | | | |
|---|---|---|---|---|
| 1. | $ NONE | | PAID TO | |
| 2. | $ 1000.00 | Points | PAID TO | LENDER |
| 3. | $ NONE | | PAID TO | |
| 4. | $ NONE | | PAID TO | |
| 5. | $ NONE | | PAID TO | |
| 6. | $ NONE | | PAID TO | |
| 7. | $ NONE | | PAID TO | |
| 8. | $ NONE | | PAID TO | |
| 9. | $ NONE | | PAID TO | |
| 10. | $ NONE | | PAID TO | |
| 11. | $ NONE | | PAID TO | |
| 12. | $ NONE | | PAID TO | |
| 13. | $ NONE | | PAID TO | |
| 15. | $ NONE | | PAID TO | |

**SEE NEXT PAGE FOR IMPORTANT INFORMATION**

UNAA92 (01-15-06) Agreement (1-2)
Page 2

EXHIBIT B

## ARBITRATION AGREEMENT AND WAIVER OF JURY TRIAL

**DESCRIPTION OF ARBITRATION.** Arbitration is a method of resolving claims and disputes between parties without having to file a lawsuit in court. It is a process in which both sides present their case to a neutral third person—the arbitrator—instead of a judge or jury, to resolve the dispute. TO THE FULLEST EXTENT PERMITTED BY LAW, BY SIGNING THIS AGREEMENT, BOTH LENDER AND I ARE VOLUNTARILY WAIVING ANY RIGHT TO A JURY TRIAL OR JUDGE TRIAL OF ALL CLAIMS AND DISPUTES COVERED BY THIS ARBITRATION AGREEMENT ("this Arbitration Agreement").

**CLAIMS AND DISPUTES COVERED.** Except for those claims mentioned below under the heading "MATTERS NOT COVERED BY ARBITRATION," Lender and I agree that either party may elect to resolve by BINDING ARBITRATION all claims and disputes between us ("Covered Claims"). This includes, but is not limited to, all claims and disputes arising out of, in connection with, or relating to:

> My loan from Lender today; any previous loan from Lender and any previous retail credit agreement ("Retail Contract") whether open or closed-end, assigned to Lender; all documents, promotions, advertising, actions, or omissions relating to this or any previous loan or Retail Contract made by or assigned to Lender; any insurance product, service contract, or warranty purchased in connection with this or any previous loan or Retail Contract made by or assigned to Lender; any product or service offered to Lender's customers with any assistance or involvement by Lender; whether the claim or dispute must be arbitrated; the validity and enforceability of this Arbitration Agreement and the Agreement, my understanding of them, or any defenses as to the validity and enforceability of the Agreement and this Arbitration Agreement; any negotiations between Lender and me; the closing, servicing, collecting, or enforcement of any transaction covered by this Agreement; any allegation of fraud or misrepresentation; any claim based on or arising under any federal, state, or local law, statute, regulation, ordinance, or rule; any claim based on state or federal property laws; any claim based on the improper disclosure of any information protected under state or federal consumer privacy laws; any claim or dispute based on any alleged tort (wrong), including intentional torts, and any claim for injunctive, declaratory, or equitable relief.

**COVERED CLAIMS AGAINST THIRD PARTIES.** This Arbitration Agreement also covers any claim or dispute between me and any of Lender's employees, officers, agents, or directors; any of its affiliate corporations; any entities which provided insurance in connection with this or any previous transactions between me and Lender, any third parties that assigned Retail Contracts or other agreements to Lender; and any of the employees, officers, agents, or directors of such affiliates or third parties. Affiliate corporations are Lender's parent corporations, subsidiary corporations, and sister corporations. Some of Lender's affiliates are American General Finance Corporation, American General Financial Services, Inc., Merit Life Insurance Co., and Yosemite Insurance Company. In addition, if Lender becomes a party in any lawsuit that I have with any third party, whether through intervention by Lender or by motion made by me or any third party, all claims in that lawsuit between me and the third party will be subject to binding arbitration under this Agreement, provided that the third party is required to agree to resolve such claims by arbitration.

**MATTERS NOT COVERED BY ARBITRATION.** I agree that Lender does not have to initiate arbitration before exercising lawful self-help remedies or judicial remedies of garnishment, repossession, replevin, or foreclosure, but instead may proceed in court for those judicial remedies (an "Excluded Collateral Lawsuit"). I may assert in court any defenses I may have to Lender's claims in such a lawsuit, but any claim or counter claim for rescission or damages I may have arising out of, relating to, or in connection with Lender's exercise of those remedies must be arbitrated. Instead of pursuing arbitration, either Lender or I also have the option to bring a lawsuit in court to seek to recover an amount which does not exceed the total sum of $5,000.00 (including costs and attorneys' fees), provided that no relief other than such recovery is requested in such lawsuit (an "Excluded Damages Lawsuit"). If an Excluded Damages Lawsuit is filed, the other party cannot require that the claims in that lawsuit be arbitrated. An Excluded Damages Lawsuit can be brought to recover money for myself or Lender only, not for any class or group of persons having similar claims. If such an Excluded Damages Lawsuit is filed by me or Lender, and any party to that lawsuit files an amendment, counterclaim, cross-claim, or third-party claim seeking to recover more than $5,000, then that claim, counterclaim, cross-claim, or third party claim must be arbitrated in accordance with the procedures set forth in this Arbitration Agreement. Neither I nor Lender will be deemed to have waived any arbitration rights by the fact of having exercised any self-help or judicial remedies of garnishment, repossession, replevin, or foreclosure or by having filed any claims in court seeking to recover a total sum of $5,000.00 or less.

**ARBITRATION RULES AND PROCEDURES.**

**A. ARBITRATION FORUM AND RULES.** The arbitration will be conducted under the rules and procedures of the National Arbitration Forum ("NAF") that are in effect at the time arbitration is started and under the rules set forth in this Arbitration Agreement. At my request, Lender will provide me a copy of the NAF Rules. If I lose my copy, Lender will give me another one if I ask for it. I may also obtain a copy of those rules by calling NAF at 1-800-474-2371 or by reviewing NAF's web-site at www.arb-forum.com. In the event that NAF is either unable, unwilling, or deemed not appropriate by a court to resolve a Covered Claim, or I object to the NAF for good cause, then Lender and I agree to submit all disputes to the American Arbitration Association ("AAA") for proceedings conducted pursuant to the AAA's Commercial Rules and Expedited Procedures. If there is a conflict between the rules of the NAF (or the AAA) and this Arbitration Agreement, this Arbitration Agreement will govern.

**B. SELECTION OF ARBITRATOR.** NAF maintains lists of approved arbitrators. NAF will provide Lender and me each a list of seven (7) possible arbitrators. Lender and I will each have an opportunity to strike three (3) persons from that list. I will make the first strike, and Lender and I will alternate in making strikes after that. After the last strike, the remaining person shall then serve as arbitrator.

**C. STARTING ARBITRATION.** Before I start arbitration, I agree to write to Lender at the address shown for Lender in this Agreement, unless I have received notice of a new address for Lender, and I agree to give Lender a reasonable opportunity to respond and resolve any errors. In my letter, I will give the following information: my name and account number, a description of my claim or dispute and why I believe Lender has made an error, the dollar amount of my claim or dispute, and a description of any other information I need from Lender. Before Lender starts an arbitration, it must write to me at my billing address, describe its claim or dispute, state the dollar amount of its claim or dispute, and give me a reasonable opportunity to resolve the claim or dispute. If a Covered Claim cannot be resolved in the foregoing manner, either Lender or I can start arbitration. Except as described in Paragraph E below, nothing in this Arbitration Agreement shall limit the arbitrator's ability to enforce any of my rights or impose any remedies available to me under any applicable consumer protection laws or regulations. To start an arbitration, Lender and I agree to follow the rules of the NAF (or, if applicable, the rules of the AAA).

**D. COSTS OF ARBITRATION.** The NAF and AAA charge certain fees in connection with arbitration proceedings they conduct. I may have to bear some of these fees; however, if I am not able to pay such fees or think they are too high, Lender will consider any reasonable request to bear the cost. Lender will also bear any costs Lender is required to bear by law or the terms of any other agreement with me. Each party will also pay for its own costs, including fees for attorneys, experts, and witnesses, unless otherwise provided by law or by the terms of any other agreement between the parties, to the extent permitted by applicable law.

**E. CONDUCT OF PROCEEDINGS.** In conducting the arbitration proceedings, the arbitrator shall be bound by the Federal Rules of Evidence; however, the federal or any state rules of procedure or discovery shall not bind the arbitrator. The arbitrator's findings, reasoning, decision, and award shall be set forth in writing and shall be based upon and be consistent with the law of the jurisdiction that applies to the loan or other agreement between Lender and me. The arbitrator must abide by all applicable laws protecting the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges.

Electronically Filed 10/22/2015 08:51 **SEE REVERSE SIDE FOR ADDITIONAL ARBITRATION TERMS** BATCH

UNBA31 (1-16-05) Agreement (3-4)                              Page 3                                    Initials

**EXHIBIT B**

**F.    ENFORCEMENT AND APPEAL OF DECISION.** The decision and judgment of the arbitrator shall be final, binding, and enforceable in any court having jurisdiction over the parties and the dispute; however, for Covered Claims involving more than $100,000, any party may appeal the award, at its own cost, except as provided by law, to a three-arbitrator panel appointed by the NAF or AAA, as the case may be. That panel will reconsider from the start any aspect of the initial award that either party asserts was incorrectly decided. The decision of the panel shall be by majority vote and shall be final and binding, except as provided below. The arbitrator's (or panel's) findings, decision, and award shall be subject to judicial review on the grounds set forth in 9 U.S.C. § 10, as well as on the grounds that the findings, decision, and award are manifestly inconsistent with the terms of this Arbitration Agreement and any applicable laws or rules.

**G.    LIMITATION OF PROCEEDINGS.** Lender and I further agree that the arbitrator will be restricted to resolving only the claims, disputes, or controversies between Lender and me and the other parties covered by this particular Agreement (and not by similar agreements). Arbitration is not available and shall not be conducted on a class-wide basis or consolidated with other claims or demands of other persons. I agree not to participate in a representative capacity or as a member of any class of claimants pertaining to any Covered Claim.

**H.    LIMITATION OF ARBITRATOR'S AUTHORITY.** The arbitrator may award punitive damages only under circumstances where a court of competent jurisdiction could award such damages. In awarding any punitive damages, the arbitrator must abide by all applicable state and federal laws regarding the amount of such damages, and the arbitrator must state the precise amount of the punitive damages award. The arbitrator must also conduct a post-award review of any punitive damages, allowing the parties the same procedural rights and using the same standards and guidelines that would apply in a judicial proceeding in the state where the arbitration is conducted. The arbitrator may award injunctive relief that would benefit either Lender or me in connection with resolving a Covered Claim between Lender and me, but the arbitrator may not award injunctive relief for the benefit of other persons or groups of persons who are not named parties to the arbitration proceeding.

**I.    LOCATION OF THE ARBITRATION.** The arbitration will take place in the county where I live unless Lender and I agree to another location. If Lender and I agree, all or a portion of the arbitration proceedings can be conducted by telephone conference.

**J.    ENFORCEMENT IN COURT.** Nothing in this Arbitration Agreement shall prevent either Lender or me from enforcing all rights under this Arbitration Agreement if a Covered Claim is filed in court.

**K.    FORUM SELECTION CLAUSE.** If either Lender or I need to file a lawsuit to enforce this Arbitration Agreement or to pursue claims that either may or may not be arbitrable under this Arbitration Agreement, the exclusive venue for that suit will be a state court located in the county where Lender's office is located or where I sign this Agreement, or in the federal court covering that county, unless the governing law requires suit to be filed in another location. Nothing in this paragraph shall prevent either Lender or me from enforcing its or my rights under this Arbitration Agreement if the Covered Claim is filed in court.

**ADDITIONAL INFORMATION.** I may obtain additional information about arbitration by contacting the National Arbitration Forum, Inc., at P.O. Box 50191, Minneapolis, Minnesota 55405. (800-474-2371 (Telephone)). (651-631-0802 (Fax)). www.arb-forum.com (e-mail).

**OTHER IMPORTANT AGREEMENTS.** Lender and I agree:

(a)  This Arbitration Agreement does not affect any statute of limitations or claims of privilege recognized at law.

(b)  The loan and insurance transactions between Lender and me and other applicable parties are transactions involving interstate commerce, using funds and other resources from outside the state.

(c)  The Federal Arbitration Act applies to and governs this Agreement. State arbitration laws and procedures shall not apply to this Agreement.

(d)  This Agreement applies to and runs to the benefit of Lender's and my assigns, successors, executors, heirs, and/or representatives.

(e)  If any term of this Arbitration Agreement is unenforceable, the remaining terms are severable and enforceable to the fullest extent permitted by law.

(f )  This Arbitration Agreement supersedes any prior arbitration agreement that may exist between Lender and me and can only be modified in writing signed by the parties.

(g)  This Arbitration Agreement applies even if my loan has been cancelled, changed, modified, refinanced, paid in full, charged off, or discharged or modified in bankruptcy.

I AGREE TO READ THIS ARBITRATION AGREEMENT CAREFULLY, BECAUSE IT LIMITS CERTAIN OF MY RIGHTS, TO THE EXTENT PERMITTED BY LAW, INCLUDING MY RIGHTS TO BRING A COURT ACTION, TO HAVE A TRIAL BY JURY, AND TO PARTICIPATE IN A CLASS ACTION OR CLASS ARBITRATION. BY SIGNING THIS AGREEMENT, I ACKNOWLEDGE THAT I HAVE READ AND RECEIVED A COPY OF THIS ARBITRATION AGREEMENT AND AGREE TO BE BOUND BY ALL OF ITS TERMS.

**SEE FOLLOWING PAGE FOR ADDITIONAL INFORMATION**

**DATE OF LOAN.**  03/27/08  (the date the Finance Charge is scheduled to begin to accrue).

**CONTRACT RATE.**  11.17  % per year, which is the agreed interest rate. If the "Adjustable Rate Loan" box is checked below, this rate is subject to change as set forth therein.

**PROMISE TO PAY.** For value received, I promise to pay to the order of the Lender all amounts due under this Agreement in accordance with the Payment Schedule set forth in the Truth in Lending Disclosure on page 1 of this Agreement, and with all other terms of this Agreement. If the "Adjustable Rate Loan" box is checked below, the payment amounts set forth in the Payment Schedule may change as set forth in this Agreement.

☐ **ADJUSTABLE RATE LOAN.** If this box is checked, I agree that the agreed interest rate I will pay may change on the Due Date of my _____ payment and on that same date every _____ thereafter ("the Change Date"). If there is no corresponding date in any given month, the Change Date will be the last day of the month. (For example, if my rate can change quarterly and my Change Date is January 31, my next Change Date will be April 30.) My interest rate will be based on an index plus a margin. The index is the highest Prime Rate published in The Wall Street Journal's "Money Rates" table. If this index should no longer be available, Lender will choose a comparable replacement index and will inform me of the new index. The Contract Rate and the monthly payment amounts may change as set forth herein.

Prior to each Change Date, Lender will calculate the new agreed interest rate by taking the index as of 60 days prior to the Change Date and adding a margin of _____ percentage points. Lender will round the resulting figure down to the next lowest one-hundredth of one percent. Lender will then determine the new monthly payment amount necessary to repay my loan in full on the due date for the final payment.

My interest rate will never increase or decrease on any single Change Date by more than _____ percentage points from the agreed rate of interest in effect immediately preceding the Change Date. Any rate change not implemented as a result of this limitation may be carried over to the next Change Date. My interest rate will never increase by more than eight percentage points (for first mortgage loans) or ten percentage points (for subordinate mortgage loans) over the initial Prime Rate, and in no event will ever be greater than _____ %, and will never be less than _____%.

The new agreed interest rate will be effective as of the Change Date. The new monthly payment will be effective as of the next regularly scheduled due date subsequent to the Change Date. Lender will send me notice of all rate and payment changes as required by law.

**SECURITY AGREEMENT.** If any type of personal property (property other than real estate ("real property")) is disclosed in the "Security" section of the Truth in Lending Disclosures, to secure all amounts due or which become due under this Agreement and my performance of all other terms of this Agreement, I grant Lender a security interest under the Uniform Commercial Code or other applicable law in: (1) the property identified in the "Security" disclosure of the Truth in Lending Disclosures on page 1 of this Agreement; (2) any substitutions or replacements of that property; and (3) the proceeds and products of that property (collectively referred to as the "Collateral"). I also grant Lender a security interest in any unearned premiums from any insurance I have elected and purchased through Lender in connection with this transaction which protects the loan account or Collateral (including, but not limited to, voluntary credit and personal property insurance). Lender's security interest shall remain in effect until I have paid in full all amounts due under this Agreement and subject to any modifications, renewals, extensions, and future advances thereof. Notwithstanding any other provision of this Agreement, Lender is not granted, and will not have, a nonpurchase money security interest in household goods, to the extent such a security interest would be prohibited by applicable law. I authorize Lender to sign and file financing statements covering the Collateral without my signature. I authorize Lender to file a copy of this Agreement as a financing statement where appropriate. If real property is disclosed in the "Security" section of the Truth in Lending Disclosures, I am signing a mortgage or deed of trust covering the real property at the same time that I am signing this Agreement.

**JOINT BORROWERS.** If more than one Borrower is named above, all Borrowers agree that they are jointly and severally liable and that Lender may enforce this Agreement against all or any of them, but not in a combined amount exceeding the amount due.

**CO-MAKERS (also referred to as CO-SIGNER(S)).** If I am signing this Agreement as a Co-Maker, I understand that I am equally responsible with the Borrower(s). I agree that Lender may pursue me or any Maker if this Agreement is in default. Unless required by law, Lender will not notify me if: (a) this loan is in default; (b) Lender agrees to accept different payment terms; (c) Lender releases any security interest; or (d) Lender releases any Borrower(s) or Maker(s).

**CREDIT INFORMATION.** I authorize Lender to investigate my creditworthiness, including to obtain my credit report at anytime, as permitted by law.

**REQUIRED PROPERTY INSURANCE.** I agree to insure any automobiles, all terrain vehicles, snowmobiles, watercraft, other titled vehicles, large equipment, and dwellings and other structures attached to real property ("Property"), in which I have granted Lender an interest to secure my loan, against all risks of physical damage, including loss by fire and other hazards, for the term of the loan, in amounts and with deductibles approved by Lender ("Required Insurance"). Required Insurance must: (1) be issued by an insurer and have terms and conditions satisfactory to Lender; (2) name Lender as loss payee or mortgagee; (3) not permit the addition of any other loss payee or mortgagee to the insurance policy unless Lender consents in writing; (4) provide that such insurance will not be canceled or modified without at least 15 days prior written notice to the loss payee or mortgagee; and (5) not include any disclaimer of the insurer's liability for failure to give such notice. I may purchase Required Insurance from whomever is acceptable to Lender or provide existing coverage through any insurance company or agent of my choice that is acceptable to Lender. Lender does not sell Required Insurance. I agree to provide to Lender satisfactory proof of Required Insurance. I agree to keep Required Insurance in force until all amounts I owe Lender under this Agreement are paid in full. In the event of damage to or loss of the Property, I agree to give prompt notice to Lender and the insurance carrier. If I fail to promptly notify or make proof of loss to the insurance carrier, Lender may, but is not required to, do so on my behalf. I agree Lender may use any insurance proceeds to reduce any amounts I owe under this Agreement. To the extent permitted by law, I authorize Lender to adjust my losses and sign my name to any check, draft, or other papers necessary to obtain such insurance payments. If insurance proceeds paid to Lender do not pay off all amounts I owe Lender under this Agreement, I remain responsible for payment of the balance of any amounts due under this Agreement.

**LENDER PLACED INSURANCE.** If at any time I fail to buy or keep in force Required Insurance, Lender may, but is not required to, purchase Required Insurance at my expense to protect Lender's interest in the Property. I agree that Required Insurance may, but to the extent permitted by law, need not, protect my interests. The coverage purchased by Lender may not pay any claim I make. I agree that the cost of Required Insurance purchased by Lender may be much more than the cost of Required Insurance I could have obtained on my own, and I agree that the cost of such Required Insurance may, to the extent permitted by law, be added to my loan balance and accrue interest at the Contract Rate. I authorize Lender to release to third parties any information necessary to monitor the status of Required Insurance on my Property and to purchase Required Insurance required by this Agreement.

**VOLUNTARY CREDIT INSURANCE.** Lender's affiliate may provide the credit insurance that I voluntarily select. Lender and/or its affiliates expect to profit from my purchase of voluntary credit and personal property insurance and I consent to this. The terms "credit insurance" and "credit life insurance" include debtor group life insurance, where offered.

**ASSIGNMENT OF UNEARNED INSURANCE PREMIUMS AND POLICY PROCEEDS.** I, where authorized by law, hereby assign to Lender any moneys, not in excess of the unpaid balance of indebtedness which this instrument secures, which may become payable under any insurance I have elected and purchased through Lender in connection with this transaction which protects the loan account or Collateral (including, but not limited to, voluntary credit and personal property insurance), including return of unearned premiums, and direct any insurance company to make payment directly to Lender to be applied to said unpaid indebtedness and I hereby appoint Lender as my attorney-in-fact to endorse any draft, check or other papers necessary to obtain such insurance payments.

**CORRECTION; RELEASE.** During the term of this Agreement, I agree to cooperate with Lender to: (a) correct any clerical errors that were made in connection with loan documents, (b) obtain the correct amounts due to others; and (c) release all liens upon payment in full. Lender may consider any breach of this requirement as an event of default of this Agreement.

**CANCELLATION.** Prior to the distribution of loan proceeds, Lender may withdraw its approval of or commitment to make this loan if Lender reasonably believes that: (a) there are material omissions or misrepresentations in connection with my credit application; (b) there is a material, adverse change in my creditworthiness; (c) there are additional liens on the right, title, or interest of any Collateral to be used for this loan, or (d) a sale or transfer of any right, title, or interest in any Collateral to be used for this loan has or will occur that is not agreed to by Lender.

**SEVERABILITY.** The fact that any provision of this Agreement may prove invalid or unenforceable under any law, rule, or regulation of any federal, state, or local court or governmental entity shall not affect the validity or enforceability of the remaining provisions of this

Electronically Filed 10/22/2015 08:51 / MOTION / CV 13 811988 / Confirmation Nbr. 575157 / BATCH

**NO ASSUMPTION.** This Agreement shall not be eligible for assumption by any party without the express written consent of Lender.

**SEE REVERSE SIDE FOR ADDITIONAL INFORMATION**

UNATG1 (10-14-07) Agreement (5-6)          Page 5          Initials _____

EXHIBIT B

**DEFAULT.** Except as prohibited by law or as limited by other provisions of this Agreement, I will be in default of this Agreement if any one of the following occurs:

A.  I fail to make any payment under this Agreement when due.

B.  I fail to do anything else I have agreed to do in this Agreement.

C.  Any statement or representation I made in my credit application is untrue or incorrect.

D.  I fail to provide Lender with proof of employment, residence, insurance, or repair to credit history within three (3) business days after Lender's written request for this information.

E.  I die, become incompetent, generally fail to pay my debts as they become due, or become the subject of a voluntary or involuntary bankruptcy proceeding.

F.  Any judgment, levy, attachment, writ of garnishment, or other similar order is entered against me or the Collateral.

G.  Any police or governmental agency seizes or impounds the Collateral, if the Collateral consists of personal property, or starts forfeiture proceedings against the Collateral.

H.  If the Collateral consists of personal property, I relocate to another state without giving written notice at least 30 days before relocating.

I.  I sell, lease or otherwise encumber or dispose of the Collateral without Lender's written permission.

J.  Any other event or circumstance occurs that reasonably causes Lender to deem itself insecure or to believe that Lender's prospects for payment or realization upon the Collateral are impaired, unless prohibited by state law.

**(For Kansas residents only,** Lender believes the preceding events would significantly impair the prospect of payment, performance, or realization of Collateral. Except for a default resulting from my failure to make any payment as required by this Agreement, the burden of establishing the prospect of such significant impairment is on the Lender.)

**GENERAL REMEDIES.** If I am in default on this Agreement, Lender has, subject to any requirements of notice or right to cure or similar provisions, all of the remedies permitted by law and this Agreement, including:

A.  Lender may require me to pay Lender immediately, subject to any rebates required by law, the remaining unpaid balance of the Amount Financed, finance charges, and all other agreed charges. These amounts will accrue finance charges from the date I am required to pay Lender at the Contract Rate or lesser rate as required by applicable law, until paid in full.

B.  Lender may pay taxes, assessments, or other liens, or make repairs to the Collateral if I have not done so, but Lender is not required to do so. Upon payment by Lender, these amounts will be due immediately and will accrue finance charges from the date paid at the Contract Rate until repaid in full to Lender.

C.  If the Collateral consists of personal property, Lender may require me to make the Collateral available to Lender at a place Lender designates that is reasonably convenient to Lender and me.

D.  If the Collateral consists of personal property, Lender may immediately immobilize, disable, or take possession of the Collateral by legal process or self help, but in doing so Lender may not breach the peace or unlawfully enter onto my premises. Lender may then sell the Collateral and apply what Lender receives, as provided by law, to Lender's actual and reasonable expenses.

E.  Except when prohibited by law, I am responsible for any deficiency if the proceeds from the sale of the Collateral do not cover what I owe Lender, and Lender may sue me for those additional amounts.

F.  If the Collateral consists of real property, Lender may begin foreclosure proceedings as described in the mortgage or deed of trust granting Lender a security interest in the Collateral.

G.  Lender has the right, but not the obligation, to cancel or request termination of any voluntary credit or personal property insurance in the event of default and I hereby appoint Lender as my attorney-in-fact to cancel any such insurance in the event of default, subject to any applicable restrictions under state law. Return of any unearned premium as a result of such request for termination or cancellation will be credited to my loan account.

H.  Lender may accept late payments or partial payments even though marked "Payment in Full" (or similar language) without losing any of its rights under this Agreement, to the extent permitted by law.

By choosing any one or more of these remedies, Lender does not waive its right later to elect another remedy. By deciding not to use any remedy, Lender does not give up its right to consider it an event of default if it happens again. Lender's rights are hereunder cumulative, not exclusive.

I agree that, if any notice is required to be given to me of an intended sale or transfer of the Collateral if it is personal property, notice is reasonable if mailed to my last known address, as reflected in Lender's records, at least ten (10) days before the date of the intended sale or transfer, or such other period of time as is required by law.

I agree that, subject to my right to recover such property, Lender may take possession of personal property left in or on the Collateral securing this Agreement and taken into possession as provided above.

**WAIVER.** Unless law or this Agreement provide otherwise, I hereby waive presentment, notice and protest, and all other demands and notices in connection with the delivery, acceptance, performance, default, or endorsement of this Agreement and all suretyship defenses generally to the extent permitted by applicable law.

**NOTICES.** If required by law, Lender will provide me with notices under this Agreement, if mailed, to my last known address as reflected in Lender's records, including, but not limited to, notices of default, right to cure, and purchase of Required Insurance.

**DELAY IN ENFORCEMENT.** Lender may delay enforcing any of its rights under this Agreement without losing them.

**SAVINGS CLAUSE.** All agreements between me and Lender are expressly limited so that any interest, finance charges, loan charges, or other fees collected or to be collected from me or any person executing this Agreement shall not exceed, in the aggregate, the highest amount allowed by applicable law. If a law that applies to this Agreement and my loan is finally interpreted so that the interest, finance charges, loan charges, or other fees collected, or to be collected, in connection with this loan exceed the permitted limits, then (a) any such interest, finance charges, loan charges, or other fees shall be reduced to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded. Lender may choose to make this refund by reducing the Principal, as defined below, that I owe under this Agreement or making a direct payment to me. To the extent permitted by law, my acceptance of any such refund shall constitute a waiver of any right of action I might have arising out of such overcharge.

---

The following notice applies if the proceeds of this loan will be applied in whole or substantial part to a purchase of goods from a seller who either refers consumers to the Lender or who is affiliated with the Lender by common control, contract, or business arrangement:

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

---

I/We acknowledge that my/our monthly scheduled payments under my/our Agreement with Lender do not include payments for property taxes (or special assessments), or premiums for insurance covering the property. There are no escrow or impound accounts under my/our Agreement. Taxes and insurance costs can be substantial.
I/We agree to make required payment(s) to the appropriate taxing authority and/or insurance provider as they are due.

UNATG2 (10-14-07) Agreement (5-6)                    Page 6

**EXHIBIT B**

Electronically Filed 10/22/2015 08:51 PM / MOTION / CV 13 811986 / Confirmation Nbr. 575157 / BATCH

**[X]** **INTEREST BEARING LOAN.** If checked, I agree to pay Principal, plus interest ("finance charges") on the daily unpaid Principal balance computed at the Contract Rate, in the amounts and on or before the dates set forth in the Payment Schedule in the Truth in Lending Disclosures on page 1 hereof, plus all other fees, charges, and other amounts due under this Agreement, at Lender's address set forth in this Agreement, unless otherwise notified, until paid in full. If the "Adjustable Rate Loan" box is checked above, the Contract Rate and the monthly payment amounts may change as set forth therein. If I have not purchased credit insurance or have purchased single premium credit insurance, all payments will be applied in the following order to: (a) other charges provided for in this Agreement or otherwise allowed by law, and late charges; (b) interest; and (c) unpaid Principal. If I have purchased credit insurance that is billed on a monthly basis, all payments will be applied in the following order to: (a) other charges provided for in this Agreement or otherwise allowed by law, and late charges; (b) any past due credit insurance premiums billed on a monthly basis; (c) any past due loan payment(s); (d) currently due credit insurance premiums that are billed on a monthly basis; and (e) currently due loan payment. When applying payments to past and currently due loan payments, monies will be applied first to accrued interest with the remainder, if any, being applied to unpaid Principal. Because interest on my loan is earned daily, early payments will decrease the amount I owe, and late payments will increase that amount. The Payment Schedule assumes that I will make each payment on the day it is due; therefore, my final payment will be adjusted as appropriate to reflect any variation in the actual dates my payments are received by Lender. If any unpaid amounts remain due to Lender after my final scheduled payment due date, I agree to pay interest on these unpaid amounts, computed at the Contract Rate, until paid in full.

**[ ]** **PRECOMPUTED LOAN.** If checked, I agree to pay the Total of Payments in the amounts and on the dates shown in the Payment Schedule in the Truth in Lending Disclosures on page 1 hereof, plus all other fees, charges, and other amounts due under this Agreement, at Lender's address set forth in this Agreement, unless otherwise notified, until paid in full. If any unpaid amounts remain due to Lender after my final scheduled payment due date, I agree to pay finance charges on these unpaid amounts, computed at the Contract Rate, until paid in full. If I have purchased credit insurance that is billed on a monthly basis, all payments will be applied in the following order to: (a) other charges provided for in this Agreement or otherwise allowed by law, and late charges; (b) any past due credit insurance premiums that are billed on a monthly basis; (c) any past due loan payment(s); (d) currently due credit insurance premiums that are billed on a monthly basis; and (e) currently due loan payment. When applying payments to past and currently due loan payments, monies will be applied to the Total of Payments.

**PRINCIPAL.** Principal is the total of the Amount Financed, plus any Prepaid Finance Charges that I have financed.

**[ ]** **BALLOON PAYMENT.** If checked, my last scheduled payment is larger than my regular scheduled payments ("Balloon Payment"). I agree that, unless Lender has agreed to refinance my Balloon Payment, I must pay the full amount of my Balloon Payment from my own resources or by refinancing my loan with another lender on or before the due date of my Balloon Payment.

**PREPAYMENT REFUND.** I may prepay all or any part of my loan at any time, subject to the payment of the penalty (if any) described below. The Prepaid Finance Charges are deemed by the parties to be fully earned on the Date of Loan and are not refundable, to the extent permitted by applicable law. If my loan is a Precomputed Loan and I prepay my loan in full, the amount I owe will be reduced by any unearned finance charges, computed by the Rule of 78th's.

**PREPAYMENT PENALTY.**

**[ ]** If checked, there will be no prepayment penalty.

**[X]** If checked, this loan is secured by a mortgage on real property, and, if I prepay the loan in full within _60_ months from the Date of Agreement, I agree to pay a prepayment penalty of __1.0__% of the original Principal. There will be no prepayment penalty if: (1) this loan is refinanced or consolidated by Lender or its affiliate; (2) this loan is prepaid with insurance proceeds; (3) my Account is paid in full as a result of the sale of the real estate that secures the loan; (4) this loan is prepaid as a result of lawsuit, foreclosure, or acceleration; (5) Lender disapproves a request for assumption and exercises its rights under a due on sale clause, and imposition of the prepayment penalty is prohibited by applicable law; or (6) this loan is prepaid more than _60_ months after the Date of Agreement.

**LATE CHARGE.** I agree to pay any late charge described in the Truth in Lending Disclosures herein.

**DEFERMENT CHARGE.** If my loan is a Precomputed Loan and I fail to make a payment within ten (10) days after its due date, instead of imposing a late charge, Lender may defer the due dates of all remaining scheduled payments, and I agree to pay a deferment charge equal to a proportional amount of the finance charge for the month immediately following the due date of the last undeferred payment for the length of time payment is deferred.

**DISHONORED CHECK CHARGE.** If my check or other negotiable instrument given to Lender is returned for any reason, I agree to pay a dishonored check charge of $__20.00__, plus any amount passed on from other financial institutions for each check, negotiable order of withdrawal, share draft, or other negotiable instrument given to Lender which is returned or dishonored for any reason.

**DEFAULT COSTS.** In the event of default, I agree to pay Lender's: (a) court costs; (b) reasonable attorney's fees; and (c) costs to realize on any security interest, each if and to the extent permitted by applicable law.

**GOVERNING LAW.** This Agreement shall be governed by the Ohio Mortgage Loan Act, except as preempted by federal law. Federal law applies to the Contract Rate and Prepaid Finance Charges if this loan is secured by a first mortgage on real property, pursuant to 12 U.S.C. § 1735f-7a, as amended.

## PLEASE SEE IMPORTANT INFORMATION ON REVERSE

Initials _HP_ _??_

EXHIBIT B

**ENTIRE AGREEMENT.** This Agreement, which includes the Insurance Disclosure Summary, if one was provided to you, contains the entire agreement of the parties with regard to the subject matter hereof, and no party hereto has relied upon any representations except such as are specifically set forth herein. This Agreement cannot be modified in any respect except by an amendment in writing signed by the parties. All notices under this Agreement shall be in writing and directed to the parties at the addresses shown at the beginning of this Agreement or to such other address as a party may specify by notice given in accordance with this paragraph.

**IF I DEFAULT AND THIS LOAN IS SECURED BY A MORTGAGE ON MY HOME, I MAY LOSE MY HOME.**

> BY SIGNING BELOW, I SIGNIFY THAT I HAVE READ, UNDERSTOOD, AND AGREED TO THE TERMS AND CONDITIONS OF THIS AGREEMENT, INCLUDING THE ARBITRATION AGREEMENT THAT PROVIDES, AMONG OTHER THINGS, THAT EITHER LENDER OR I MAY REQUIRE THAT CERTAIN DISPUTES BETWEEN US BE SUBMITTED TO BINDING ARBITRATION. IF LENDER OR I ELECT TO USE ARBITRATION, WE AGREE THAT WE WILL HAVE THEREBY WAIVED OUR RIGHTS TO TRIAL BY JURY OR JUDGE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, THAT THE DISPUTE WILL BE DECIDED BY AN ARBITRATOR, AND THAT THE DECISION OF THE ARBITRATOR WILL BE FINAL. ARBITRATION WILL BE CONDUCTED PURSUANT TO THE RULES OF THE NATIONAL ARBITRATION FORUM, EXCEPT AS OTHERWISE PROVIDED IN THE ARBITRATION AGREEMENT.
>
> UNARBT (8-12-01)

I agree that, on or before the date on page 1 hereof ("the Date of Agreement"), I have received and read a fully completed, legible copy of this Agreement, the Truth in Lending Insurance Disclosures, the Privacy Notice, the Personal Property Appraisal Form (if applicable), and two copies of a Notice of Right to Cancel (if applicable) and agree to be bound thereby.

X _____    X _____
Witness                      Borrower   ANATOLY POVROZNIK

X _____    X _____
Witness                      Co-Borrower DOROTHY A POVROZNIK

                             X _____
                             Co-Maker
                             Print Name: _____

                             X _____
                             Co-Maker
                             Print Name: _____

**EXHIBIT B**

Loan # 44186388
EDW # 22704400

1084272A          ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, SPRINGLEAF FINANCIAL SERVICES OF OHIO, INC., F/K/A AMERICAN GENERAL FINANCIAL SERVICES, INC., WHOSE ADDRESS IS 601 N.W. SECOND St., EVANSVILLE, IN, 47708 (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Mortgage with all interest secured thereby, all liens, and any rights due or to become due thereon to : _ _ _ _ _ _ _ _ _ _ _
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE),

Said Mortage executed by: ANATOLY POVROZNIK AND DOROTA POVROZNIK, A/K/A DOROTHY POUROZNIK (current owner) and recorded on 03/27/2008 in the record of mortgages AFN 200803270802 in the office of the Recorder of CUYAHOGA, Ohio.

mortgage dated : 3/27/2008
Dated on  08 /06 /2014 (MM/DD/YYYY). Loan Amount : $ 31,846.00
SPRINGLEAF FINANCIAL SERVICES OF OHIO, INC, F/K/A AMERICAN GENERAL FINANCIAL SERVICES, INC.

                                          DLJ MORTGAGE CAPITAL INC.
By:                                        DLJ MORTGAGE CAPITAL, INC.
Monte Conrad
VICE PRESIDENT                             11 Madison Avenue
                                           New York, NY 10010

STATE OF INDIANA   COUNTY OF VANDERBURGH
I, a Notary Public, in and for said County in said State, hereby certify that Monte Conrad whose name as VICE PRESIDENT of SPRINGLEAF FINANCIAL SERVICES OF OHIO, INC., F/K/A AMERICAN GENERAL FINANCIAL SERVICES, INC., is signed to the foregoing instrument or conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he/she, as such officer and with full authority, executed the same voluntarily for and as the act of said entity. He/she/they is (are) personally known to me. Given under my hand on 08 /06 /2014 (MM/DD/YYYY).
                                                                        OH

                                           MISTY BRYANT
Notary Public - State of INDIANA          Resident of Warrick County, IN
Commission expires: 10-12-2016            Commission Expires: October 12, 2016
                                          Commission # 595228

When Recorded Return To: Springleaf Financial Services, Inc., 601 N.W. Second Street, Evansville, IN 47708
Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
SGSAS 23705684 -- 2014-NSPA    T2914075114  [PREP-1] FRMOHX1

*D0006937926*

Prepared by & when recorded return to:
Richmond Monroe Group
PO Box 458
Kimberling City, MO 65686
AMRCIC/001084272A

Recording Requested By:
RICHMOND MONROE GROUP, INC.

When Recorded Return To:

AMRCIC
RICHMOND MONROE GROUP, INC.
P.O. BOX 458
KIMBERLING CITY, MO 65686

## CORPORATE ASSIGNMENT OF MORTGAGE

Cuyahoga, Ohio    REFERENCE #: 0010842728 ----"POVROZNIK"
INVESTOR #:

Assignment Prepared on: May 15th, 2015.

Assignor: DLJ MORTGAGE CAPITAL, INC. BY BAYVIEW LOAN SERVICING, LLC, IT'S ATTORNEY IN FACT at 4425 PONCE DE LEON, 5TH FLOOR, CORAL GABLES, FL 33146.
Assignee: BAYVIEW LOAN SERVICING, LLC at 4425 PONCE DE LEON BLVD, 5TH FLOOR, CORAL GABLES, FL 33146.

Executed By: ANATOLY POVROZNIK AND DOROTA POVROZNIK HUSBAND AND WIFE To:
AMERICAN GENERAL FINANCIAL SERVICES, INC.
Date of Mortgage: 03/27/2008 Recorded: 03/27/2008 in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 200803270802 In Cuyahoga County , State of Ohio.

Property Address: WEST 130TH, PARMA, OH 44130

Legal: SITUATED IN THE CITY OF PARMA, COUNTY OF CUYAHOGA AND STATE OF OHIO: AND KNOWN AS BEING SUBLOT NO. 2 ON THE PARTITION MAP MADE FOR FRANKLIN SCHEUERMAN OF PART OF ORIGINAL PARMA TOWNSHIP LOT NUMBER 38, ELY TRACT, AS SHOWN BY THE RECORDED PLAT IN VOLUME 164 OF MAPS, PAGE 32 OF CUYAHOGA COUNTY RECORDS AND BEING 104 FEET FRONT ON THE EASTERLY SIDE OF WEST 130TH STREET AND EXTENDING BACK 296.89 FEET ON THE NORTHERLY LINE, 297.08 FEET ON THE SOUTHERLY LINE AND HAVING A REAL LINE OF 104 FEET, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUY SUBJECT TO ALL LEGAL HIGHWAYS.

ADDRESS: WEST 130TH ST.; PARMA, OH 44130 TAX MAP OR PARCEL ID NO. : 457-15-022

   KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $31,846.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

IN WITNESS WHEREOF, the undersigned, by the officer duly authorized, has duly executed the foregoing instrument.

DLJ MORTGAGE CAPITAL, INC. BY BAYVIEW LOAN SERVICING, LLC, IT'S ATTORNEY IN FACT
On 5/19/15

By: _____

Robert G. Hall, Vice President

POA TO BE RECORDED
CONCURRENTLY

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

On 5/19/15 , before me, B. CLEMENTS, a Notary Public in and for MIAMI-DADE in the State of
FLORIDA, personally appeared Robert G. Hall, Vice President, personally known to me to be the person
whose name is subscribed to the within instrument and acknowledged to me that he executed the same in
his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of
which the person acted, executed the instrument.

WITNESS my hand and official seal,

_____

B. CLEMENTS
Notary Expires: 04/16/2018 #FF 113752

B. CLEMENTS
Notary Public - State of Florida
Commission # FF 113752
My Comm. Expires Apr 16, 2018
Bonded through National Notary Assn.

(This area for notarial seal)

Prepared By: ASHLEY WARREN, RICHMOND MONROE GROUP P.O. BOX 458, KIMBERLING
CITY, MO 65686 417-447-2931

Recording Requested By: BAYVIEW LOAN SERVICING, LLC
When Recorded Return To: DZW 130 PROPERTIES LLC 13737 PEPPERCREEK DRIVE,
STRONGSVILLE, OH 44136

## CORPORATE ASSIGNMENT OF MORTGAGE

Cuyahoga, Ohio
**SELLER'S SERVICING #:001084272C "POVROZNIK"**

Date of Assignment: October 5th, 2015
Assignor: BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY at 4425
PONCE DE LEON BLVD, SUITE # 400, CORAL GABLES, FL 33146
Assignee: DZW 130 PROPERTIES LLC at 13737 PEPPERCREEK DRIVE, STRONGSVILLE, OH
44136

Executed By: ANATOLY POVROZNIK AND DOROTA POVROZNIK To: SPRINGLEAF FINANCIAL
SERVICES OF OHIO, INC., F/K/A AMERICAN GENERAL FINANCIAL SERVICES, INC.
Date of Mortgage: 03/27/2008 Recorded: 03/27/2008 in Book/Reel/Liber: N/A Page/Folio: N/A as
Instrument No.: 200803270802 in the County of Cuyahoga, State of Ohio.

Property Address: WEST 130TH, PARMA, OH 44130

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and
sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named
Assignee, the said Mortgage having an original principal sum of $31,846.00 with interest, secured
thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained,
and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under
the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever,
subject to the terms contained in said Mortgage.

IN WITNESS WHEREOF, the undersigned, by the officer duly authorized, has duly executed the
foregoing instrument.

BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY
On ___10·6·2015___

By _____
DAVID BRIGGS, First Vice President

*JXD*JXDBAYV*10/05/2015 05:34:01 PM* BAYV01BAYVA00000000000000475413* OHCUYAH*
OHSTATE_MORT_ASSIGN_ASSN **JXDBAYV*
Electronically Filed 10/22/2015 08:51 / MOTION / CV 13 811988 / Confirmation Nbr. 575157 / BATCH

EXHIBIT E
16-01107-aih    Doc 28    FILED 02/03/17    ENTERED 02/03/17 15:58:26    Page 73 of 98

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

STATE OF Florida
COUNTY OF Miami-Dade

The foregoing instrument was acknowledged and sworn to and subscribed before me this
_____10/6/15_____ by DAVID BRIGGS , First Vice President, on behalf of the corporation.

PERSONALLY KNOWN _____ OR PRODUCED INDENTIFICATION _____ TYPE OF
IDENTIFICATION PRODUCED _____

WITNESS my hand and official seal.

_____
ROGELIO A. PORTAL
Notary Expires: 08/25/2016  EE 197169

ROGELIO A. PORTAL
MY COMMISSION # EE 197155
EXPIRES: August 25, 2016
Bonded Thru Notary Public Underwriters

(This area for notarial seal)

Prepared By: Jane Diaz, BAYVIEW LOAN SERVICING, LLC. 4425 PONCE DE LEON BLVD., 5TH
FLOOR, CORAL GABLES, FL 33146

*JXD*JXDBAYV*10/05/2015 05 34 01 PM* BAYV01BAYVA00000000000000475413* OHCUYAH*
OHSTATE_MORT_ASSIGN_ASSN **JXDBAYV*
Electronically Filed 10/22/2015 08:51 / MOTION / CV 13 811988 / Confirmation Nbr. 575157 / BATCH

EXHIBIT E

16-01107-aih    Doc 28    FILED 02/03/17    ENTERED 02/03/17 15:58:26    Page 74 of 98



91991215

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

SPRINGLEAF FINANCIAL SERVICES OF OHIO
    Plaintiff

Case No: CV-13-811988

Judge: MICHAEL ASTRAB

ANATOLY POVROZNIK ETAL
    Defendant

## JOURNAL ENTRY

MOVANT DZW 130 PROPERTIES, LLC'S MOTION TO SUBSTITUTE DZW 130 PROPERTIES, LLC AS PLAINTIFF IS GRANTED. "DZW 130 PROPERTIES, LLC" IS HEREBY SUBSTITUTED IN PLACE OF THE ORIGINALLY NAMED PLAINTIFF.

THE CLERK IS ORDERED TO LIST MICHAEL E. REARDON (0062389) AS THE ATTORNEY OF RECORD FOR SUBSTITUTE PLAINTIFF.

Judge Signature         12/07/2015
                                CPDGB

EXHIBIT 4

12/07/2015

RECEIVED FOR FILING
12/07/2015 10:58:25
NAILAH K. BYRD, CLERK

Page 1 of 1

## NOTE ALLONGE

THIS ENDORSEMENT IS INCORPORATED INTO AND SHALL BE DEEMED
PART OF THE NOTE TO WHICH IT IS ATTACHED.

| | |
|---|---|
| Borrower 1: | ANATOLY POVROZNIK |
| Borrower 2: | DOROTHY A POVROZNIK |
| Date of Loan: | 3/27/2008 |
| Loan Amount: | $31,846.00 |
| Property Address: | WEST 130TH |
| City, State, Zip: | PARMA, OH 44130 |
| Account #: | 16917000 |

*Pay to the order of:*

Without recourse

SPRINGLEAF FINANCIAL SERVICES OF OHIO, INC. F/K/A AMERICAN
GENERAL FINANCIAL SERVICES, INC., AND AMERICAN GENERAL FINANCE,
INC.

_____

**Dan Becker**
**Vice President**

EXHIBIT 5

Acct Key: 22704400
Wells-1680

416593067

POVROZNIK
DLJW

9

KASOTA
WAREHOUSE-WARE

## NOTE ALLONGE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERRED TO BELOW:
(AS THE SAME MAY HAVE BEEN MODIFIED OR AMENDED, THE "NOTE")

NOTE DATED: **MARCH 27, 2008**

BORROWER: **ANATOLY POVROZNIK AND DOROTA POVROZNIK**

ORIGINAL PRINCIPAL BALANCE: **$31,846.00**

PAY TO THE ORDER OF: **DZW 130 PROPERTIES LLC**

WITHOUT RECOURSE.

**BAYVIEW LOAN SERVICING, LLC.**

BY: DAVID BRIGGS, FIRST VICE PRESIDENT

EXHIBIT **6**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-10044 |
| | ) | |
| Anatoly S. Povroznik | ) | Judge Arthur I. Harris |
| Dorota A. Povroznik | ) | |
| | ) | |
| Debtors. | ) | |

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| Anatoly S. Povroznik | ) | Adversary Proceeding No. 16-1107 |
| Dorota A. Povroznik | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DZW 130 Properties, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF ANATOLY S. POVROZNIK'S RESPONSES TO DEFENDANT DZW 130 PROPERTIES LLC'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON PLAINTIFF ANATOLY S. POVROZNIK

Plaintiff Anatoly S. Povroznik, through Counsel, hereby provides the following responses to

Defendant DZW 130 Properties LLC's First Set of Requests for Production of Documents

propounded upon Plaintiff Anatoly S. Povroznik.

Respectfully Submitted,

/s/Brian D. Flick, Esq.
Brian D. Flick 0081605
Marc E. Dann 0039425
William C. Behrens 0093031
The Dann Law Firm
PO Box 6031040
Cleveland, OH 44103
(216) 373-0539
(216) 373-0536 e-fax
notices@dannlaw.com
*Co-Counsel for Debtors for*
*Adversary Purposes Only*

EXHIBIT 7

Request for Production No. 1:

Please produce copies of any and all pleadings, notices, orders, entries, or any other document in your possession that references Cuyahoga County Common Pleas Court Case CV 13 811988.

Response:

**Attached to the extent possible.**

Request for Production No. 2:

Please produce copies of any and all documents, purchase offers, letters, correspondence, notices or any other document in your possession that references the vacant lot located on W.130, Parma, Ohio, referenced as Cuyahoga County permanent parcel 457-15-022.

Response:

**Plaintiff, through Counsel, objects to this request as being unreasonably broad and the responses are not likely to lead to discoverble information. Plaintiff and Plaintiff's Counsel are willing to provide documentation based on a revised more specific request.**

Request for Production No. 3:

Please produce copies of any and all documents in your possession that reference any mortgages, liens, or other debt obligations related to your ownership of the vacant lot located on W.130, Parma, Ohio, referenced as Cuyahoga County permanent parcel 457-15-022.

Response:

**Plaintiff, through Counsel, objects to this request as being unreasonably broad and the responses are not likely to lead to discoverble information. Plaintiff and Plaintiff's Counsel are willing to provide documentation based on a revised more specific request.**

Request for Production No. 4:

Please produce copies of any and all documents in your possession that support your assertion that DZW 130 Properties, LLC does not have a secured interest in the vacant lot located on W.130, Parma, Ohio, referenced as Cuyahoga County permanent parcel 457-15-022.

Response:

**Plaintiff has no additional documentation in his possession that would lead to discoverable information based on this request. The argument beign made by the Plaintiff referenced in the Amended Complaint is a legal argument.**

Request for Production No. 5:

Please produce copies of any and all documents in your possession that support your assertion that DZW 130 Properties, LLC does not have a valid property interest in the vacant lot located on W.130, Parma, Ohio, referenced as Cuyahoga County permanent parcel 457-15-022.

Response:

**Plaintiff, through Counsel, objects to this request as being duplicative to Request for Production No. 4.**

Request for Production No. 6:

Please produce copies of any and all documents, e-mails, notes, receipts, contracts, proposals or other correspondence in your possession that were exchanged with either Zsolt Tohati or Mary Martin.

Response:

**Plaintiff, through Counsel, objects to this request as being unreasonably broad and the responses are not likely to lead to discoverble information. Plaintiff and Plaintiff's Counsel are willing to provide documentation based on a revised more specific request.**

Respectfully Submitted,

/s/Brian D. Flick, Esq.
Brian D. Flick 0081605
Marc E. Dann 0039425
William C. Behrens 0093031
The Dann Law Firm
PO Box 6031040
Cleveland, OH 44103
(216) 373-0539
(216) 373-0536 e-fax
notices@dannlaw.com
*Co-Counsel for Debtors for*
*Adversary Purposes Only*

## CERTIFICATE OF SERVICE

I certify that on this_____ day of November, 2016 copies of this pleading were served by electronic mail upon:

Michael Reardon, Esq.  douglassecf@douglasslaw.com
Counsel for Defendants


/s/Brian D. Flick, Esq.
Brian D. Flick, Esq.
*Co-Counsel for Debtors for Adversary Purposes Only*

**STATE OF OHIO**         ) 

                             )   SS.     **VERIFICATION**

**COUNTY OF CUYAHOGA**    )

     Anatoly S. Povroznik, being first duly sworn according to law, deposes and says that he has read the foregoing and the same are true, as he verily believes.

                           Anatoly S. Povroznik

     SWORN TO BEFORE ME and subscribed in my presence this 17th day of November , 2016.

     NOTARY PUBLIC

Elizabeth J. Chalasinski
Notary Public - Ohio
My Commission Expires Aug. 12, 2021

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| SPRINGLEAF FINANCIAL<br>SERVICES OF OHIO, INC., et al., | )<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| ANATOLY POVROZNIK, et al. | ) |
| | ) |
| Defendants. | ) |

CASE NO:  CV 2013-811988

JUDGE MICHAEL ASTRAB

MAGISTRATE GAIL BAKER

<u>ANSWER OF DEFENDANTS ANATOLY</u>
<u>AND DOROTHY POVROZNIK</u>

NOW COMES the Defendants, Anatoly and Dorothy Povorznik, by and through

undersigned counsel, and for their Answer to Plaintiff's Complaint, state as follows:

<u>FIRST COUNT</u>

1.     Defendants deny each and every allegation contained in ¶1 of the

Plaintiff's Complaint.

<u>SECOND COUNT</u>

2.     Defendants incorporate and reassert all previous admissions and denials

as if fully rewritten herein.  Defendants deny the allegations contained in ¶2 of Plaintiff's

Complaint.

3.     Defendants deny the allegations contained in ¶3 of Plaintiff's Complaint.

4.     Defendants deny the allegations contained in ¶4 of Plaintiff's Complaint for

lack of knowledge.

EXHIBIT *8*

5.     Defendant admits the allegations contained in ¶5 of the Plaintiff's Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

6.     Plaintiff has failed to state a claim upon which relief can be granted pursuant to Ohio R. Civ. P. 12(B)(6).

7.     Plaintiff has failed to name all necessary or indispensable parties pursuant to Ohio R. Civ. P. 19.

8.     Plaintiff has not shown that the Mortgage which is the subject of this action has been properly endorsed to Plaintiff or that a proper and valid allonge has been provided, and therefore, Plaintiff is not the proper party.

9.     Plaintiff and lacks standing to prosecute the within action.

10.     Plaintiff is not the real party in interest as required by Ohio R. Civ. P 17(A). Plaintiff lacks capacity and the standing to sue in this matter.

11.     To the extent that Plaintiff may have sustained damage, the damage is a product of Plaintiff's failure to mitigate its damages by failing to accept payments of Defendants.

12.     Plaintiff failed to give the proper and requisite notices to Defendants pursuant to the terms of the Note and Mortgage in which Plaintiff is now attempting to foreclose.

13.     Plaintiff is barred by the doctrines of waiver, laches and estoppel.

14.     Plaintiff has unclean hands and it is not entitled to the equitable remedy of foreclosure.

2

15.  Defendants reserve the right to supplement their Defenses and Affirmative Defenses to Plaintiff's Complaint.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants demand that Plaintiff's Complaint be dismissed, with prejudice, costs and attorneys fees to be awarded to Defendant, and for such other and further relief as the Court deems just.

Respectfully submitted,

J.P. AMOURGIS & ASSOCIATES

John F. McIntyre (0066325)
Mark E. Owens (0068335)
3200 W. Market Street, Suite 106
Akron, OH 44333
(330) 535-6650-telephone
(330) 535-2205-facsimile
foreclosureatty@amourgis.com- email

**Counsel for Defendants
Anatoly and Dorothy Povorznik**

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via U.S. regular mail and/or attorneys of record, this _21 8_day of May, 2014.

Ed Bohnert
P. O. Box 39696
30455 Solon Road
Solon, Ohio 44139

Paul Friedman
1370 Ontario Street
Suite 1350
Cleveland, Ohio 44113

Christopher McMonagle
P.O. Box 770500
Lakewood, Ohio 44107

Michael Harvey
311 Northcliff Drive
Rocky River, Ohio 44116

Bruce Courey
5546 Pearl Road
Parma, Ohio 44129

John F. McIntyre (0066325)
Mark E. Owens (0068335)

Counsel for Defendants
Anatoly and Dorothy Povorznik

4

Print

## CASE INFORMATION

## CV-13-811988 SPRINGLEAF FINANCIAL SERVICES OF OHIO vs. ANATOLY POVROZNIK ETAL

### Summary

| | |
|---|---|
| Case Number: | CV-13-811988 |
| Case Title: | SPRINGLEAF FINANCIAL SERVICES OF OHIO vs. ANATOLY POVROZNIK ETAL |
| Case Designation: | FORECLOSURE MARSH. OF LIEN |
| Filing Date: | 08/09/2013 |
| Judge: | MICHAEL ASTRAB |
| Magistrate | GAIL D BAKER |
| Mediator: | MATTHEW MENNES |
| Room: | N/A |
| Next Action: | N/A |
| File Location: | CLERKS FILE |
| Last Status: | INACTIVE |
| Last Status Date: | 04/06/2015 |
| Last Disposition: | DISP.OTHER |
| Last Disposition Date: | 04/06/2015 |
| Prayer Amount: | $29,359.00 |
| Court of Appeals Case: | N/A |

### Service

| Party Role | Name | Service | Date | Response | Date |
|---|---|---|---|---|---|
| P(1) | SPRINGLEAF FINANCIAL SERVICES OF OHIO FORMERLY KNOWN AS AMERICAN GENERAL FINANCIAL SERVICES INC | N/A | | | |
| P(2) | DZW 130 PROPERTIES,LLC | N/A | | | |
| D(1) | ANATOLY POVROZNIK | SUMS COMPLAINT CERTIFIED MAIL | 08/14/2013 | UNCLAIMED | 09/09/2013 |
| D(1) | ANATOLY POVROZNIK | SUMS COMPLAINT CERTIFIED MAIL | 09/16/2013 | FAILURE OF SERVICE. | 10/07/2013 |
| D(1) | ANATOLY POVROZNIK | SUMS COMPLAINT CERTIFIED MAIL | 09/16/2013 | FAILURE OF SERVICE. | 10/15/2013 |
| D(1) | ANATOLY POVROZNIK | SUMS COMPLAINT CERTIFIED MAIL | 09/16/2013 | FAILURE OF SERVICE. | 09/27/2013 |
| D(1) | ANATOLY POVROZNIK | SUMS COMPLAINT REGULAR MAIL SERVICE | 09/20/2013 | | |
| D(1) | ANATOLY POVROZNIK | SUMS COMPLAINT CERTIFIED MAIL | 10/22/2013 | NO RETURN AFTER 60 DAYS | 12/23/2013 |
| D(2) | DOROTA POVROZNIK AKA DOROTHY POVROZNIK | SUMS COMPLAINT CERTIFIED MAIL | 08/14/2013 | COMP ON OTHER | 08/15/2013 |
| D(3) | PAUL M. FRIEDMAN | SUMS COMPLAINT CERTIFIED MAIL | 08/14/2013 | COMP ON OTHER | 08/15/2013 |
| D(3) | PAUL M. FRIEDMAN | JUDGMENT ENTRY REGULAR MAIL SERVICE | 04/08/2015 | | |
| D(4) | CHILD SUPPORT ENFORCEMENT AGENCY OF CUYAHOGA COUNTY | SUMS COMPLAINT CLERK ISSUED VIA HAND DELIVERY | 08/14/2013 | COMP ON OTHER | 08/15/2013 |
| D(5) | MICHAEL P. HARVEY CO LPA | SUMS COMPLAINT CERTIFIED MAIL | 08/14/2013 | COMP ON OTHER | 08/16/2013 |
| D(6) | GE CAPITAL RETAIL BANK | SUMS COMPLAINT CERTIFIED MAIL | 08/14/2013 | COMP ON OTHER | 08/19/2013 |
| D(6) | GE CAPITAL RETAIL BANK | JUDGMENT ENTRY REGULAR MAIL SERVICE | 04/08/2015 | | |
| D(7) | CITY OF PARMA | SUMS COMPLAINT CERTIFIED MAIL | 08/14/2013 | COMP ON OTHER | 08/22/2013 |

EXHIBIT 9

<div align="center">**Case Parties**</div>

**PLAINTIFF  (1)** SPRINGLEAF FINANCIAL SERVICES OF OHIO
FORMERLY KNOWN AS AMERICAN GENERAL
FINANCIAL SERVICES INC
600 NORTH ROYAL AVENUE
EVANSVILLE, IN 47715-0000

**PLAINTIFF  (2)** DZW 130 PROPERTIES,LLC

|  |  |
|---|---|
| **ATTORNEY** | MICHAEL E REARDON (0062389) |
| | DOUGLASS & ASSOCIATES CO., LPA |
| | 4725 GRAYTON ROAD |
| | CLEVELAND, OH 44135-0000 |
| | Ph: 216-362-7777 |
| | Answer Filed: N/A |

**DEFENDANT(1)** ANATOLY POVROZNIK
4303 SNOW RD
PARMA, OH 44134-0000

|  |  |
|---|---|
| **ATTORNEY** | THOMAS J KRAUS (0013247) |
| | 565 WEST BAGLEY ROAD |
| | BEREA, OH 44017-0000 |
| | Ph: 440-816-0603 |
| | Answer Filed: N/A |
| **ATTORNEY** | MICHAEL J LUBES (0077672) |
| | 3200 W. MARKET ST SUITE 106 |
| | AKRON, OH 44333-0000 |
| | Ph: 330-535-6650 |
| | Answer Filed: N/A |
| **ATTORNEY** | JOHN F MCINTYRE (0066325) |
| | 3200 WEST MARKET STREET |
| | SUITE 106 |
| | AKRON, OH 44333-0000 |
| | Ph: 330-535-6650 |
| | Answer Filed: N/A |

**DEFENDANT(2)** DOROTA POVROZNIK
7626 STATE ROAD
PARMA, OH 44134-0000

|  |  |
|---|---|
| **ATTORNEY** | MICHAEL J LUBES (0077672) |
| | 3200 W. MARKET ST SUITE 106 |
| | AKRON, OH 44333-0000 |
| | Ph: 330-535-6650 |
| | Answer Filed: N/A |
| **ATTORNEY** | JOHN F MCINTYRE (0066325) |
| | 3200 WEST MARKET STREET |
| | SUITE 106 |
| | AKRON, OH 44333-0000 |
| | Ph: 330-535-6650 |
| | Answer Filed: N/A |

**DEFENDANT(3)** PAUL M. FRIEDMAN
1370 ONTARIO STREET SUITE 1350
CLEVELAND, OH 44113-0000

|  |  |
|---|---|
| **ATTORNEY** | PAUL M FRIEDMAN (0009722) |
| | IMG BUILDING |
| | 1360 EAST 9TH ST., SUITE 600 |
| | CLEVELAND, OH 44114-0000 |
| | Ph: 216-241-1007 |
| | Answer Filed: N/A |

**DEFENDANT(4)** CHILD SUPPORT ENFORCEMENT AGENCY OF
CUYAHOGA COUNTY
1640 SUPERIOR AVENUE
CLEVELAND, OH 44114-0000

|  |  |
|---|---|
| **ATTORNEY** | FARAH EMEKA (0085494) |
| | P.O. BOX 93923 |

CLEVELAND, OH 44101-0000
Ph: 216-443-8868
Answer Filed: N/A

**DEFENDANT(5)** MICHAEL P. HARVEY CO LPA
C/O MICHAEL P. HARVEY, S/A
311 NORTHCLIFF DRIVE
ROCKY RIVER, OH 44116-0000

**ATTORNEY**   MICHAEL P HARVEY (0039369)
311 NORTHCLIFF DRIVE
ROCKY RIVER, OH 44116-0000
Ph: 440-356-9108
Answer Filed: N/A

**DEFENDANT(6)** GE CAPITAL RETAIL BANK
170 ELECTION ROAD SUITE 125
DRAPER, UT 84020-0000

**DEFENDANT(7)** CITY OF PARMA
6611 RIDGE ROAD
PARMA, OH 44129-0000

**ATTORNEY**   BRUCE M COUREY (0042544)
5546 PEARL ROAD
PARMA, OH 44129-0000
Ph: 440-884-2400
Answer Filed: N/A

## Docket Information

| Filing Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 02/01/2017 | P2 | $$ | PAYMENT ON ACCOUNT MADE ON BEHALF OF DZW 130 PROPERTIES,LLC IN THE AMOUNT OF $862.36 | |
| 01/29/2016 | N/A | CS | COURT COST ASSESSED DZW 130 PROPERTIES,LLC BILLED C/O ATTY BILL AMOUNT 1757.36 PAID AMOUNT 895 AMOUNT DUE 862.36 | |
| 01/29/2016 | N/A | CS | COURT COST ASSESSED DZW 130 PROPERTIES,LLC BILL AMOUNT 1757.36 PAID AMOUNT 895 AMOUNT DUE 862.36 | |
| 01/29/2016 | N/A | CS | ORDER OF SALE Parcel Number: 457-15-022 ORDER OF SALE, WITH REPORT OF SALE ATTACHED, RETURNED 01/27/2016. NO BID. NO SALE FORECLOSURE CLERK FEE - $5.00 CUYAHOGA COUNTY SHERIFF DEPT SERVICE FEE $62.00 ORDER OF SALE - NO SALE - LEGAL NEWS COST: $413.50 LEGAL NEWS ABSTRACT $ 5.00 *****SHERIFF FEES***** NOTICE TO PRINTER 0.00 SERVICE & RETURN 0.00 POUNDAGE(*) 0.00 COST OF DEED PREPERATION 0.00 LEGAL NEWS 0.00 =======TOTAL OF FEES $0.00 . | 📄 |
| 01/29/2016 | N/A | CS | LEGAL NEWS ABSTRACT $ 5.00 | |
| 01/29/2016 | N/A | CS | ORDER OF SALE - NO SALE - LEGAL NEWS COST: $413.50 | |
| 01/29/2016 | N/A | SH | CUYAHOGA COUNTY SHERIFF DEPT SERVICE FEE $62.00 | |
| 01/29/2016 | N/A | CS | NO SALE FORECLOSURE CLERK FEE - $5.00 | |
| 01/13/2016 | D1 | OT | NOTICE OF THE FILING OF A BANKRUPTCY AND IMPOSITION OF THE AUTOMATIC STAY. JOSEPH M. ROMANO | 📄 |
| 12/21/2015 | N/A | JE | NOTICE OF SALE AND APPROVAL OF APPRAISERS' FEES. THE SALE IS SCHEDULED FOR 01/25/2016 AT 9:00 A.M. AT THE CUYAHOGA COUNTY JUSTICE CENTER AUDITORIUM, 1215 WEST 3RD STREET, CLEVELAND, OHIO 44113. PURSUANT TO LOCAL RULE 27 IT IS HEREBY ORDERED THAT EACH APPRAISER NAMED BE COMPENSATED BY THE CLERK OF COURTS, FROM THE FUNDS ON DEPOSIT AS FOLLOWS: LANA BLAZE, APPRAISAL COST: $51.86 REGULAR FEE AND MILEAGE. WILLIAM J. GAYDOS, APPRAISAL COST: $50 REGULAR FEE. JOHN J. RUSNOV, APPRAISAL COST: $50 REGULAR FEE. FEES TO BE TAXED AS COSTS IN CASE NO. CV-13-811988 DATED THIS 15th DAY OF DECEMBER, 2015 NOTICE ISSUED NOTICE ISSUED | 📄 |
| 12/18/2015 | N/A | OT | OOS. LAND APPRAISAL FILED. | 📄 |
| 12/10/2015 | N/A | OS | ORDER OF SALE ISSUED TO SHERIFF | |
| 12/07/2015 | P1 | SF | DEPOSIT AMOUNT PAID MICHAEL E REARDON | |
| 12/07/2015 | P1 | OS | PRAECIPE FOR ORDER OF SALE $600 PRAECIPE FOR ORDER OF SALE | 📄 |
| 12/07/2015 | N/A | JE | MOVANT DZW 130 PROPERTIES, LLC'S MOTION TO SUBSTITUTE DZW 130 PROPERTIES, LLC AS PLAINTIFF IS GRANTED. "DZW 130 PROPERTIES, LLC" IS HEREBY SUBSTITUTED IN PLACE OF THE ORIGINALLY NAMED PLAINTIFF. THE CLERK IS ORDERED TO LIST MICHAEL E. REARDON (0062389) AS THE ATTORNEY OF RECORD FOR SUBSTITUTE PLAINTIFF. NOTICE ISSUED | 📄 |
| 11/25/2015 | N/A | JE | UPON REVIEW OF THE DOCKET, THE COURT FINDS THAT THE JOURNAL ENTRY RECORDED ON 11/24/2015 WAS ENTERED IN ERROR, AND PURSUANT TO CIVIL RULE 60 IS HEREBY VACATED. MOVANT DZW 130 PROPERTIES LLC'S MOTION TO SUBSTITUTE DZW 130 PROPERTIES LLC AS PLAINTIFF FILED 10/22/2015 IS HELD IN ABEYANCE UNTIL FURTHER ORDER. NOTICE ISSUED | 📄 |
| 11/24/2015 | N/A | JE | MOVANT DZW 130 PROPERTIES LLC'S MOTION TO SUBSTITUTE DZW 130 PROPERTIES LLC AS PLAINTIFF IS NOT PROPERLY BEFORE THIS COURT AND IS HEREBY DENIED. "DZW 130 PROPERTIES LLC" IS NOT A PARTY AND THE FINAL JUDGMENT AND DECREE OF FORECLOSURE WAS RENDERED IN FAVOR OF | 📄 |

16-01107-aih    Doc 28    FILED 02/03/17    ENTERED 02/03/17 15:58:26    Page 90 of 98

PLAINTIFF SPRINGLEAF FINANCIAL SERVICES OF OHIO. NOTICE ISSUED

| Date | Party | Type | Description |
|---|---|---|---|
| 10/22/2015 | N/A | MO | MOTION FILED FOR SPRINGLEAF FINANCIAL SERVICES OF OHIO MICHAEL E REARDON 0062389 MOTION TO SUBSTITUTE DZW 130 PROPERTIES, LLC AS PLAINTIFF 11/24/2015 - DENIED |
| 08/03/2015 | D3 | OT | GENERAL PLEADING FILED BY D3 PAUL M. FRIEDMAN ATTORNEY PAUL M FRIEDMAN 0009722 AMENDED ANSWER AND DISCLAIMER OF INTEREST IN THE REAL PROPERTY |
| 05/29/2015 | N/A | JE | COUNSEL FOR DEFENDANTS ANATOLY POVROZNIK AND DOROTA POVROZNIK'S MOTION TO WITHDRAW AS COUNSEL FILED 05/15/2015, IS GRANTED. THE CLERK IS ORDERED TO REMOVE MICHAEL J. LUBES (0077672) AS THE ATTORNEY OF RECORD FOR DEFENDANTS ANATOLY POVROZNIK AND DOROTA POVROZNIK. NOTICE ISSUED |
| 05/15/2015 | D | MO | MOTION TO WITHDRAW AS COUNSEL MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT 05/29/2015 - GRANTED |
| 05/04/2015 | P1 | CS | ABSTRACT TO STATE |
| 05/04/2015 | P1 | CS | RECORDER'S FEE $1.00 |
| 05/04/2015 | P1 | CS | CERTIFICATE OF TITLE $380.00 PAY TO REIMER, ARNOVITZ, CHERNEK & JEFFREY CO. LPA |
| 04/08/2015 | D7 | SR | JUDGMENT ENTRY(25811383) SENT BY REGULAR MAIL SERVICE. TO: BRUCE M COUREY 6611 RIDGE ROAD PARMA, OH 44129-0000 |
| 04/08/2015 | D6 | SR | JUDGMENT ENTRY(25811382) SENT BY REGULAR MAIL SERVICE. TO: GE CAPITAL RETAIL BANK 170 ELECTION ROAD SUITE 125 DRAPER, UT 84020-0000 |
| 04/08/2015 | D5 | SR | JUDGMENT ENTRY(25811381) SENT BY REGULAR MAIL SERVICE. TO: MICHAEL P HARVEY 311 NORTHCLIFF DRIVE ROCKY RIVER, OH 44116-0000 |
| 04/08/2015 | D4 | SR | JUDGMENT ENTRY(25811380) SENT BY REGULAR MAIL SERVICE. TO: CHRISTOPHER N MCMONAGLE PO BOX 770500 LAKEWOOD, OH 44107-0000 |
| 04/08/2015 | D3 | SR | JUDGMENT ENTRY(25811379) SENT BY REGULAR MAIL SERVICE. TO: PAUL M. FRIEDMAN 1370 ONTARIO STREET SUITE 1350 CLEVELAND, OH 44113-0000 |
| 04/08/2015 | D2 | SR | JUDGMENT ENTRY(25811378) SENT BY REGULAR MAIL SERVICE. TO: JOHN F MCINTYRE III 3200 WEST MARKET STREET SUITE 106 AKRON, OH 44333-0000 |
| 04/08/2015 | D1 | SR | JUDGMENT ENTRY(25811377) SENT BY REGULAR MAIL SERVICE. TO: THOMAS J KRAUS 1 BEREA COMMONS SUITE #216 BEREA, OH 44017-0000 |
| 04/06/2015 | P1 | SR | JUDGMENT ENTRY(25811376) SENT BY CLERK ISSUED VIA HAND DELIVERY. TO: EDWARD G BOHNERT P.O. BOX 39696 30455 SOLON ROAD SOLON, OH 44139 |
| 04/06/2015 | N/A | JE | JUDGMENT ENTRY AND DECREE OF FORECLOSURE. OSJ COURT COST ASSESSED TO THE PLAINTIFF(S). NOTICE ISSUED |
| 03/09/2015 | D1 | SR | MAGISTRATE'S DECISION(25581337) SENT BY REGULAR MAIL SERVICE. TO: THOMAS J KRAUS 1 BEREA COMMONS SUITE #216 BEREA, OH 44017-0000 |
| 03/09/2015 | D2 | SR | MAGISTRATE'S DECISION(25581336) SENT BY REGULAR MAIL SERVICE. TO: DOROTA POVROZNIK 7626 STATE ROAD PARMA, OH 44134-0000 |
| 03/09/2015 | D3 | SR | MAGISTRATE'S DECISION(25581335) SENT BY REGULAR MAIL SERVICE. TO: PAUL M. FRIEDMAN 1370 ONTARIO STREET SUITE 1350 CLEVELAND, OH 44113-0000 |
| 03/09/2015 | D4 | SR | MAGISTRATE'S DECISION(25581334) SENT BY REGULAR MAIL SERVICE. TO: CHRISTOPHER N MCMONAGLE ASST. COUNTY PROSECUTOR, C.S.E.A. P.O. BOX 93923 CLEVELAND, OH 44101-0000 |
| 03/09/2015 | D5 | SR | MAGISTRATE'S DECISION(25581333) SENT BY REGULAR MAIL SERVICE. TO: MICHAEL P HARVEY 311 NORTHCLIFF DRIVE ROCKY RIVER, OH 44116-0000 |
| 03/09/2015 | D7 | SR | MAGISTRATE'S DECISION(25581332) SENT BY REGULAR MAIL SERVICE. TO: CITY OF PARMA 6611 RIDGE ROAD PARMA, OH 44129-0000 |
| 03/09/2015 | P1 | SR | MAGISTRATE'S DECISION(25581338) SENT BY REGULAR MAIL SERVICE. TO: EDWARD G BOHNERT 30455 SOLON ROAD SOLON, OH 44139-0000 |
| 03/06/2015 | N/A | OT | MAGISTRATE'S DECISION WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW COPIES SENT TO ALL PARTIES ON SERVICE PAGE. FILED. |
| 03/05/2015 | N/A | JE | DEFENDANTS ANATOLY POVROZNIK AND DOROTA POVROZNIK'S MOTION FOR ADDITIONAL TIME TO FILE BRIEF IN OPPOSITION OUT OF TIME, FILED 02/17/2015, IS DENIED. DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WAS DUE TO BE FILED 02/13/2015. DEFENDANTS REQUEST FOR ADDITIONAL TIME WAS FILED ON 02/17/2015. NOTICE ISSUED |
| 02/17/2015 | P1 | BR | REPLY BRIEF FILED BY P1 SPRINGLEAF FINANCIAL SERVICES OF OHIO RACHEL KUHN 0090220 PLAINTIFF'S OPPOSITION TO DEFENDANT MICHAEL P. HARVEY'S MOTION FOR SUMMARY JUDGMENT |
| 02/17/2015 | N/A | JE | BASED ON THE EVIDENCE, THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND REASONABLE MINDS CAN COME TO BUT ONE CONCLUSION THAT PLAINTIFF IS ENTITLED TO JUDGMENT. PLAINTIFF'S MOTION FILED ON 01/14/2015 FOR SUMMARY JUDGMENT IS GRANTED AGAINST DEFENDANTS ANATOLY POVROZNIK, DOROTHY POVROZNIK, AND MICHAEL P. HARVEY CO., LPA . DEFENDANT MICHAEL P. HARVEY CO., LPA' MOTION FOR SUMMARY JUDGMENT FILED 01/14/2015 IS HEREBY DENIED. THE MAGISTRATE WILL ISSUE A MAGISTRATE'S DECISION MAKING SPECIFIC FINDINGS AS TO THE RIGHTS AND LIABILITIES OF THE PARTIES. NOTICE ISSUED |
| 02/17/2015 | D | MO | MOTION FILED FOR DEFENDANT(S) ANATOLY POVROZNIK(D1) and DOROTA POVROZNIK(D2) MICHAEL J LUBES 0077672 MOTION FOR ADDITIONAL TIME TO FILE BRIEF IN OPPOSITION OUT OF TIME 03/05/2015 - DENIED |
| 02/17/2015 | D | NT | NOTICE OF APPEARANCE, FILED DEFENDANT(S) ANATOLY POVROZNIK(D1) and DOROTA POVROZNIK(D2) MICHAEL J LUBES 0077672. NOTICE OF APPEARANCE AND SUBSTITUTION OF COUNSEL |
| 01/21/2015 | D5 | AF | AFFIDAVIT FILED BY D5 MICHAEL P. HARVEY CO LPA ATTORNEY MICHAEL P HARVEY 0039369 AFFIDAVIT OF MICHAEL P. HARVEY, ESQ. |

| 01/14/2015 | D5 | MO | MOTION FOR SUMMARY JUDGMENT FILED LEINHOLDER MICHAEL P. HARVEY CO., L.P.A.'S MOTION FOR SUMMARY JUDGMENT 02/17/2015 - DENIED |
| 01/14/2015 | P1 | MO | MOTION FOR SUMMARY JUDGMENT FILED PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT INCLUDING AFFIDAVIT IN SUPPORT 02/17/2015 - GRANTED |
| 12/29/2014 | N/A | MG | PLAINTIFF IS GRANTED LEAVE TO RE-FILE THE MOTION FOR SUMMARY JUDGMENT, NO LATER THAN 01/16/2015. NO EXTENSIONS WILL BE GRANTED. NOTICE ISSUED |
| 12/29/2014 | N/A | JE | CASE CALLED FOR FULL MEDIATION. ALL PARTIES APPEARED. AN AGREEMENT WAS NOT REACHED IN MEDATION AND THE PARTIES HAVE AGREED TO RETURN THE FILE TO THE ACTIVE FORECLOSURE DOCKET. ANY STAY OF DISCOVERY OR MOTION PRACTICE PREVIOUSLY ENTERED IS HEREBY LIFTED AND THE CASE IS REINSTATED TO THE ACTIVE FORECLOSURE DOCKET. NOTICE ISSUED |
| 12/17/2014 | D4 | NT | NOTICE OF SUBSTITUTION OF COUNSEL FILED NOTICE OF SUBSTITUTION OF COUNSEL |
| 12/15/2014 | N/A | JE | TELEPHONE CONFERENCE SET FOR 12/15/2014 AT 10:00 AM. NOTICE ISSUED |
| 12/12/2014 | N/A | SC | FORE. MED. / FOLLOW-UP SCHEDULED FOR 12/15/2014 AT 10:00 AM IS CANCELLED. |
| 11/10/2014 | N/A | JE | FORE. MED. / FOLLOW-UP SET FOR 12/15/2014 AT 10:00 AM. ALL PARTIES AND COUNSEL SHALL PERSONALLY APPEAR AT THE 12/15/14 MEDIATION. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL, TERMINATION OF MEDIATION AND/OR OTHER SANCTIONS. NOTICE ISSUED |
| 11/10/2014 | N/A | JE | E-MAIL STATUS UPDATE SET FOR 11/19/2014 AT 04:30 PM. PLAINTIFF'S COUNSEL SHALL SEND THE MEDIATOR AN EMAIL STATUS UPDATE ON OR BEFORE 11/19/14. NOTICE ISSUED |
| 10/27/2014 | N/A | JE | DEFENDANT MICHAEL P. HARVEY CO LPA'S MOTION FOR TERMINATION OF MEDIATION, FILED 10/14/2014, IS DENIED. THE MEDIATOR MAKES THE DETERMINATION AS TO WHETHER A CASE REMAINS IN THE FORECLOSURE MEDIATION PROGRAM OR IS RETURNED TO THE ACTIVE DOCKET. NOTICE ISSUED |
| 10/14/2014 | D5 | MO | MOTION FILED FOR D5 MICHAEL P. HARVEY CO LPA MICHAEL P HARVEY 0039369 MOTION FOR TERMINATION OF MEDIATION 10/27/2014 - DENIED |
| 10/01/2014 | N/A | JE | DUE TO THE REFERRAL TO THE COURT'S FORECLOSURE MEDIATION PROGRAM, DEFENDANT MICHAEL P. HARVEY CO., L.P.A.'S MOTION FOR SUMMARY JUDGMENT, FILED 09/22/2014, IS DENIED AS MOOT. DEFENDANT IS GRANTED LEAVE TO RE-FILE THE SUMMARY JUDGMENT MOTION IN THE EVENT THIS MATTER IS RETURNED TO THE ACTIVE DOCKET. NOTICE ISSUED |
| 10/01/2014 | N/A | JE | FORE. MED. / FOLLOW-UP SET FOR 11/05/2014 AT 02:00 PM. ALL PARTIES AND COUNSEL SHALL PERSONALLY APPEAR AT THE 11/5/14 MEDIATION. NOTICE ISSUED |
| 10/01/2014 | N/A | SC | FORE. MED. / FOLLOW-UP SCHEDULED FOR 10/06/2014 AT 11:30 AM IS CANCELLED. |
| 09/22/2014 | D5 | MO | MOTION FOR SUMMARY JUDGMENT FILED LIENHOLDER MICHAEL P. HARVEY, L.P.A.'S MOTION FOR SUMMARY JUDGMENT 10/01/2014 - DENIED AS MOOT |
| 08/29/2014 | N/A | JE | ON 08/26/2014, DEFENDANT MICHAEL P. HARVEY CO., LPA FILED OBJECTIONS TO BORROWER'S FAILURE TO ATTEND MEDIATION. DEFENDANT CITES NO LEGAL AUTHORITY AND DOES NOT SEEK ANY SPECIFIC RELIEF. THE COURT FINDS THAT DEFENDANT MICHAEL P. HARVEY CO., LPA'S OBJECTIONS ARE BASELESS, AND ARE THEREFORE OVERRULED. NOTICE ISSUED |
| 08/26/2014 | D5 | OB | OBJECTION FILED BY D5 MICHAEL P. HARVEY CO LPA ATTORNEY MICHAEL P HARVEY 0039369 LIENHOLDER'S OBJECTIONS TO BORROWER'S FAILURE TO ATTEND MEDIATION |
| 08/15/2014 | N/A | JE | FORE. MED. / FOLLOW-UP SET FOR 10/06/2014 AT 11:30 AM. BORROWER SHALL SUBMIT MISSING/UPDATED DOCUMENTS BY 8/28/14 TO PLAINTIFF'S COUNSEL AND THE MEDIATOR. THEN, ALL PARTIES AND COUNSEL SHALL PERSONALLY APPEAR AT THE 10/6/14 MEDIATION, WITH THE EXCEPTION OF PLAINTIFF'S REPRESENTATIVE WHO MAY APPEAR VIA COUNSEL'S TELEPHONE. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL, TERMINATION OF MEDIATION AND/OR OTHER SANCTIONS. NOTICE ISSUED |
| 06/23/2014 | N/A | JE | PRE-MEDIATION CONFERENCE HELD. THE PARTIES MUST COMPLETE THE PROPERTY OWNER'S MEDIATION QUESTIONNAIRE OR THE LOSS MITIGATION FORM AND LENDER'S MEDIATION QUESTIONNAIRE DISTRIBUTED AT THE PRE-MEDIATION CONFERENCE AND RETURN THEM AND ALL DOCUMENTS REQUIRED THEREIN ON OR BEFORE 07/07/2014 TO THE MEDIATOR AT THE FOLLOWING ADDRESS: ADR DEPARTMENT, JUSTICE CENTER - 10TH FLOOR, 1200 ONTARIO STREET, CLEVELAND, OHIO 44113. FAILURE OF PLAINTIFF TO COMPLY WILL RESULT IN DISMISSAL OF THE CASE. FAILURE OF THE PROPERTY OWNER TO COMPLY WILL RESULT IN THE RETURN OF THE CASE TO THE FORECLOSURE MAGISTRATE FOR FURTHER PROCEEDINGS. NOTICE ISSUED |
| 06/23/2014 | N/A | SC | E-MAIL STATUS UPDATE SET FOR 07/14/2014 AT 04:30 PM. (Notice Sent). |
| 06/20/2014 | N/A | JE | DUE TO THE REFERRAL TO THE COURT'S FORECLOSURE MEDIATION PROGRAM, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, FILED 12/30/2013, IS DENIED AS MOOT. PLAINTIFF IS GRANTED LEAVE TO RE-FILE THE SUMMARY JUDGMENT MOTION IN THE EVENT THIS CASE IS RETURNED TO THE ACTIVE DOCKET. NOTICE ISSUED |
| 06/03/2014 | N/A | JE | FORECLOSURE MEDIATION HEARING SET FOR 08/14/2014 AT 09:30 AM. (Notice Sent).. FAILURE OF THE PROPERTY OWNER, AND PROPERTY OWNER'S COUNSEL, IF ANY, TO APPEAR IN PERSON AT THE MEDIATION WILL RESULT IN THE CASE BEING RETURNED TO THE FORECLOSURE DOCKET. FAILURE OF PLAINTIFF'S COUNSEL, AND CLIENT REPRESENTATIVE WITH ULTIMATE SETTLEMENT AUTHORITY OR INVESTOR WITH ULTIMATE SETTLEMENT AUTHORITY, TO APPEAR IN PERSON AT THE MEDIATION WILL RESULT IN THE DISMISSAL OF CLAIMS WITHOUT PREJUDICE. FAILURE OF COUNSEL FOR ANY OTHER PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR IN PERSON, WITH A CLIENT REPRESENTATIVE, WILL RESULT IN THE DISMISSAL OF THOSE CLAIMS WITHOUT PREJUDICE. PLEASE REPORT TO THE FORECLOSURE MEDIATION DEPARTMENT ON THE 10TH FLOOR OF THE JUSTICE CENTER, 1200 ONTARIO, CLEVELAND, OHIO, FOR THE MEDIATION. NOTICE ISSUED |

| 06/03/2014 | N/A | JE | PRE MEDIATION CONFERENCE SET FOR 06/23/2014 AT 10:30 AM. FAILURE OF THE PROPERTY OWNER, OR PROPERTY OWNER'S COUNSEL, TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN THE CASE BEING RETURNED TO THE FORECLOSURE DOCKET. FAILURE OF THE PLAINTIFF'S COUNSEL TO APPEAR IN PERSON AT THE PRE-MEDIATION CONFERENCE WILL RESULT IN DISMISSAL OF THE PLAINTIFF'S CLAIMS WITHOUT PREJUDICE. FAILURE OF COUNSEL FOR ANY OTHER PARTY WITH AFFIRMATIVE CLAIMS TO APPEAR WILL RESULT IN THE DISMISSAL OF THOSE CLAIMS WITHOUT PREJUDICE. PLEASE REPORT TO THE FORECLOSURE MEDIATION DEPARTMENT ON THE 10TH FLOOR OF THE JUSTICE CENTER, 1200 ONTARIO, CLEVELAND, OHIO, FOR THE PRE-MEDIATION CONFERENCE. **** PARTIES MUST ATTEND BOTH THE PRE-MEDIATION CONFERENCE AND THE FULL MEDIATION. FOR QUESTIONS CONTACT THE MEDIATION DEPARTMENT AT 216-698-7138. **** NOTICE ISSUED |
|---|---|---|---|
| 05/28/2014 | N/A | JE | UPON REVIEW OF THE REQUEST FOR MEDIATION, THE MEDIATOR HAS MADE A PRELIMINARY FINDING THAT THE CASE MAY BE SUITABLE FOR MEDIATION. ALL DISCOVERY AND MOTION PRACTICE IS STAYED PENDING THE MEDIATOR'S FINAL DETERMINATION OF SUITABILITY OF THE CASE FOR MEDIATION. THE CASE WILL BE SET FOR PRE-MEDIATION CONFERENCE BY SEPARATE ORDER. PLAINTIFF'S COUNSEL AND PROPERTY OWNER SHALL APPEAR AT THE PRE-MEDIATION CONFERENCE. FAILURE OF PLAINTIFF'S COUNSEL TO APPEAR WILL RESULT IN DISMISSAL OF THE CASE. FAILURE OF THE PROPERTY OWNER TO APPEAR WILL RESULT IN THE RETURN OF THE CASE TO THE FORECLOSURE MAGISTRATE FOR FURTHER PROCEEDINGS. IF THE PARTY SEEKING FORECLOSURE WOULD LIKE THE PROPERTY OWNER TO COMPLETE A LOSS MITIGATION FORM DIFFERENT FROM THE COURT'S STANDARD OWNER'S MEDIATION QUESTIONNAIRE, SAID PARTY MUST BRING A COPY OF THE APPROPRIATE LOSS MITIGATION FORM TO THE PRE-MEDIATION CONFERENCE. NOTICE ISSUED |
| 05/22/2014 | D | AN | ANSWER FILED BY DEFENDANT(S) ANATOLY POVROZNIK(D1) and DOROTA POVROZNIK(D2) ATTORNEY JOHN F MCINTYRE 0066325 ANSWER OF DEFENDANTS |
| 02/26/2014 | N/A | JE | DEFAULT HEARING HELD ON FEBRUARY 25, 2014, BEFORE MAGISTRATE GAIL D. BAKER. PLAINTIFF'S COUNSEL AND COUNSEL FOR DEFENDANT ANATOLY POVROZNIK APPEARED. DEFENDANT DOROTA POVROZNIK FAILED TO FILE AN ANSWER OR APPEAR. ON 12/30/2013, PLAINTIFF'S COUNSEL FILED AN ATTORNEY AFFIDAVIT IN COMPLIANCE WITH THE COURT'S STANDING ORDER. PLAINTIFF'S DEFAULT JUDGMENT MOTION FILED ON 12/30/2013 IS GRANTED AGAINST THE NON-ANSWERING PARTIES. COUNSEL FOR DEFENDANT ANATOLY POVROZNIK MADE AN ORAL MOTION FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. DEFENDANT'S REQUEST IS GRANTED, AND THE RESPONSE MUST BE FILED, NO LATER THAN 03/21/2014. PLAINTIFF IS GRANTED LEAVE TO FILE A REPLY, NO LATER THAN 03/31/2014. NO FURTHER EXTENSIONS WILL BE GRANTED. NOTICE ISSUED |
| 02/24/2014 | P1 | BR | REPLY BRIEF FILED BY P1 SPRINGLEAF FINANCIAL SERVICES OF OHIO EDWARD G BOHNERT 0004920 REPLY BRIEF TO DEFT'S OPPOSITION TO MSJ |
| 02/18/2014 | D5 | BR | BRIEF FILED BY D5 MICHAEL P. HARVEY CO LPA MICHAEL P HARVEY 0039369 MICHAEL P. HARVEY CO., L.P.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO SUMMARY JUDGMENT |
| 02/17/2014 | P1 | NT | NOTICE OF NOTICE OF FILING AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS REQUESTS FOR ADMISSION TO DEFENDANT MICHAEL P HARVEY, CO., L.P.A. |
| 02/11/2014 | D5 | OB | OBJECTION ... OBJECTIONS TO MAGISTRATE'S FEBRUARY 7, 2014 ORDER |
| 02/11/2014 | D5 | BR | BRIEF FILED BY D5 MICHAEL P. HARVEY CO LPA MICHAEL P HARVEY 0039369 OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY |
| 02/07/2014 | D5 | OB | OBJECTION ... OBJECTION TO THE COURT'S ORDER QUASHING SECOND SET OF CONSOLIDATED DISCOVERY REQUESTS |
| 02/07/2014 | N/A | JE | PLAINTIFF'S MOTION RENEWED MOTION TO COMPEL DISCOVERY, FILED 02/05/2014, IS GRANTED. DEFENDANT MICHAEL P. HARVEY CO LPA IS ORDERED TO SERVE ANSWERS TO PLAINTIFF'S REQUEST FOR ADMISSIONS, NO LATER THAN 02/19/2014. NO EXTENSIONS WILL BE GRANTED. FAILURE TO DO SO THE COURT MAY CONSIDER DEFENDANT MICHAEL P. HARVEY CO. LPA IN CONTEMPT AND SUBJECT TO SANCTIONS DEEMED APPROPRIATE BY THE COURT. NOTICE ISSUED |
| 02/07/2014 | N/A | JE | ON 01/08/2014, DEFENDANT MICHAEL P. HARVEY FILED A REQUEST FOR STAY OF RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. DEFENDANT'S REQUEST IS DENIED. DEFENDANT IS GRANTED LEAVE TO FILE A RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT, NO LATER THAN 02/19/2014. NO FURTHER EXTENSIONS WILL BE GRANTED. NOTICE ISSUED |
| 02/05/2014 | P1 | MO | MOTION FILED FOR P1 SPRINGLEAF FINANCIAL SERVICES OF OHIO EDWARD G BOHNERT 0004920 PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY 02/07/2014 - GRANTED |
| 02/04/2014 | N/A | JE | PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AS TO DEFENDANT MICHAEL P. HARVEY CO., L.P.A.'S SECOND SET OF CONSOLIDATED DISCOVERY PROPOUNDED UPON PLAINTIFF, FILED 01/14/2014, IS GRANTED. DEFENDANT MICHAEL P. HARVEY CO. LPA'S SECOND SET OF CONSOLIDATED DISCOVERY IS HEREBY QUASHED. NOTICE ISSUED |
| 02/03/2014 | P1 | NT | NOTICE OF PLAINTIFF'S NOTICE OF SERVICE OF SUPPLEMENTAL DISCOVERY RESPONSES |
| 01/23/2014 | D5 | OT | GENERAL PLEADING, REPLY IN SUPPORT OF MICHAEL P. HARVEY CO., L.P.A.'S MOTION FOR ENLARGEMENT OF TIME FOR PLAINTIFF TO RESPOND TO WRITTEN DISCOVERY |
| 01/21/2014 | N/A | JE | DEFENDANT MICHAEL P. HARVEY CO LPA'S MOTION FOR ENLARGEMENT OF TIME FOR PLAINTIFF TO RESPOND TO WRITTEN DISCOVERY, FILED 01/17/2014, IS DENIED. IN A JOURNAL ENTRY RECORDED ON 01/08/2014, THE COURT GRANTED AN EXTENSION GIVING THE PARTIES A DISCOVERY DEADLINE OF 02/03/2014, AND NOTIFIED THE PARTIES NO FURTHER EXTENSIONS WOULD BE GRANTED. PLAINTIFF'S OBJECTION FILED IN RESPONSE TO THE MOTION IS SUSTAINED. NOTICE ISSUED |

| 01/21/2014 | N/A | JE | DEFENDANT MICHAEL P. HARVEY CO LPA BEQUEST FOR STAY OF RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, FILED 01/08/2014, IS DENIED FOR LACK OF GOOD CAUSE. DEFENDANT FAILED TO PROVIDE ANY LEGAL BASIS FOR STAYING A RESPONSE TO THE SUMMARY JUDGMENT MOTION. D5 MICHAEL P. HARVEY CO LPA MICHAEL P HARVEY 0039369 MICHAEL P. HARVEY CO., L.P.A.'S MOTION TO STAY SUMMARY JUDGMENT RESPONSE PROCESS, FILED 01/10/2014, IS DENIED. NOTICE ISSUED |
|---|---|---|---|
| 01/20/2014 | P1 | OB | OBJECTION ... PLAINTIFFS RESPONSE AND OBJECTION TO MOTION FOR ENLARGEMENT OF TIME FOR PLAINTIFF TO RESPOND TO WRITTEN DISCOVERY |
| 01/17/2014 | D5 | MO | D5 MICHAEL P. HARVEY CO LPA MICHAEL P HARVEY 0039369 MICHAEL P. HARVEY CO., L.P.A.'S MOTION FOR ENLARGEMENT OF TIME FOR PLAINTIFF TO RESPOND TO WRITTEN DISCOVERY 01/21/2014 - DENIED |
| 01/14/2014 | P1 | MO | P1 SPRINGLEAF FINANCIAL SERVICES OF OHIO EDWARD G BOHNERT 0004920 MOTION FOR PROTECTIVE ORDER AS TO DEFENDENT MICHAEL P. HARVEY CO., L.P.A.'S SECOND SET OF CONSOLIDATED DISCOVERY PROPOUNDED UPON PLAINTIFF 02/04/2014 - GRANTED |
| 01/10/2014 | P1 | NT | NOTICE OF NOTICE OF HEARING |
| 01/10/2014 | D5 | MO | D5 MICHAEL P. HARVEY CO LPA MICHAEL P HARVEY 0039369 MICHAEL P. HARVEY CO., L.P.A.'S MOTION TO STAY SUMMARY JUDGMENT RESPONSE PROCESS 01/21/2014 - DENIED |
| 01/10/2014 | D5 | OB | OBJECTION ... OBJECTIONS TO THE MAGISTRATE'S JANUARY 8, 2014 ORDER |
| 01/08/2014 | N/A | JE | ON 12/17/2013, DEFENDANT MICHAEL P. HARVEY CO. LPA FILED A STATUS ON THE MOTION TO COMPEL AND REQUEST FOR ENLARGEMENT. PLAINTIFF AND DEFENDANT MICHAEL P. HARVEY CO. LPA ARE GRANTED ADDITIONAL TIME TO COMPLETE DISCOVERY. ALL DISCOVERY MUST BE COMPLETED NO LATER THAN 02/03/2014. NO FURTHER EXTENSIONS WILL BE GRANTED. SINCE THE PARTIES ARE GRANTED ADDITIONAL TIME IN ORDER TO COMPLETE DISCOVERY REQUESTS: DEFENDANT MICHAEL P. HARVEY CO. LPA'S MOTION TO COMPEL FILED 12/10/2013 IS DENIED AS MOOT. PLAINTIFF'S MOTION FILED 12/13/2013 TO COMPEL DISCOVERY IS DENIED AS MOOT AND THE OBJECTION FILED 12/13/2013 IS OVERRULED AS MOOT. NOTICE ISSUED |
| 01/08/2014 | N/A | JE | ON 12/10/2013, DEFENDANT MICHAEL P. HARVEY CO. LPA' FILED A MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS. DEFENDANT ARGUES PLAINTIFF LACKS STANDING TO BRING THIS FORECLOSURE ACTION. ON 12/10/2013, PLAINTIFF FILED A RESPONSE AND OBJECTION TO DEFENDANT'S AFOREMENTIONED MOTION. THE COURT FINDS THAT PURSUANT TO CIVIL RULE 12(B), PLAINTIFF'S COMPLAINT CONTAINS SUFFICIENT FACTS THAT SUPPORT ITS CLAIMS FOR RELIEF, AND STANDING. AS A RESULT, PLAINTIFF'S OBJECTION IS SUSTAINED, AND DEFENDANT MICHAEL P. HARVEY CO. LPA'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS IS HEREBY DENIED NOTICE ISSUED |
| 01/08/2014 | D5 | MO | D5 MICHAEL P. HARVEY CO LPA MICHAEL P HARVEY 0039369 LEINHOLDER'S REQUEST FOR STAY OF RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT 01/21/2014 - DENIED |
| 01/08/2014 | N/A | MG | MOTION FOR DEFAULT JUDGMENT IS SET FOR HEARING ON 02/25/2014 AT 02:45PM BEFORE MAGISTRATE GAIL D BAKER, 310 W. LAKESIDE, 6TH FL.. THE MOVING PARTY MUST SEND NOTICE OF THE DATE AND TIME OF THIS HEARING AND A COPY OF THE MOTION TO ALL PARTIES, INCLUDING THOSE WHO HAVE YET TO ENTER AN APPEARANCE, AT LEAST 14 DAYS IN ADVANCE OF THE HEARING. FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CLAIMS OR AN ENTRY OF JUDGMENT. NOTICE ISSUED |
| 12/30/2013 | P1 | OT | GENERAL PLEADING, ENDORSEMENT |
| 12/30/2013 | P1 | OT | GENERAL PLEADING, FINAL JUDICIAL REPORT |
| 12/30/2013 | P1 | AF | AFFIDAVIT OF/FOR AFFIDAVIT AS TO MILITARY STATUS |
| 12/30/2013 | P1 | AF | AFFIDAVIT OF/FOR ATTORNEY AFFIDAVIT |
| 12/30/2013 | P1 | NT | NOTICE OF NOTICE OF FILING CORPORATE NAME CHANGE DOCUMENT |
| 12/30/2013 | P1 | NT | NOTICE OF NOTICE OF FILING PROPOSED JUDGMENT ENTRY ADOPTING MAGISTRATE'S DECISION |
| 12/30/2013 | P1 | MO | P1 SPRINGLEAF FINANCIAL SERVICES OF OHIO EDWARD G BOHNERT 0004920 MOTION FOR DEFAULT JUDGMENT 02/26/2014 - GRANTED |
| 12/30/2013 | P1 | MO | P1 SPRINGLEAF FINANCIAL SERVICES OF OHIO EDWARD G BOHNERT 0004920 MOTION FOR SUMMARY JUDGMENT 06/20/2014 - DENIED AS MOOT |
| 12/23/2013 | D1 | SR | CERTIFIED MAIL NUMBER 22094913 ADDRESSED TO ANATOLY POVROZNIK(D1) NOT RETURNED BY THE U.S. POSTAL SERVICE AFTER 60 DAYS. NOTICE MAILED TO PLAINTIFF(S) ATTORNEY. |
| 12/17/2013 | D5 | OT | GENERAL PLEADING, STATUS ON THE MOTION TO COMPEL AND REQUEST FOR ENLARGEMENT |
| 12/17/2013 | P1 | NT | NOTICE OF NOTICE OF CASE PARTY CHANGE OF INFORMATION |
| 12/13/2013 | P1 | OB | OBJECTION ... PLAINTIFF'S RESPONSE AND OBJECTION TO MOTION TO COMPEL |
| 12/13/2013 | P1 | MO | MOTION TO.... PLAINTIFFS MOTION TO COMPEL DISCOVERY 01/08/2014 - DENIED AS MOOT |
| 12/10/2013 | D5 | MO | MOTION TO.... MICHAEL P. HARVEY CO., L.P.A.'S MOTION TO COMPEL 01/08/2014 - DENIED AS MOOT |
| 12/10/2013 | P1 | OT | GENERAL PLEADING, PLAINTIFF'S RESPONSE AND OBJECTION TO MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS |
| 12/10/2013 | D5 | MO | MOTION TO.... DEFENDANT LIEN HOLDER'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS 01/08/2014 - DENIED |
| 11/26/2013 | N/A | JE | DEFENDANT MICHAEL P. HARVEY CO., LPA'S MOTION TO STRIKE DEFENDANT CUYAHOGA JOB AND FAMILY SERVICES' CROSS-CLAIM FILED 11/14/2013 IS DENIED. THE CROSS-CLAIM CLEARLY STATES THAT A JUDGMENT IS BEING SOUGHT AGAINST DEFENDANT ANATOLY POVROZNIK. NOTICE ISSUED |
| 11/21/2013 | P1 | NT | NOTICE OF SERVICE |
| 11/21/2013 | P1 | NT | NOTICE OF SERVICE |

| 11/14/2013 | D5 | MO | MOTION TO.... MOTION TO STRIKE DEFENDANT CUYAHOGA JOB AND FAMILY SERVICES' CROSS-CLAIMS 11/26/2013 - DENIED |
| 11/12/2013 | N/A | JE | DEFENDANT CHILD SUPPORT ENFORCEMENT AGENCY OF CUYAHOGA COUNTY'S MOTION FOR LEAVE TO PLEAD INSTANTER AND CROSS-CLAIM FILED 11/08/2013, IS GRANTED. THE COURT DEEMS DEENDANT'S ANSWER AND CROSS-CLAIM TIMELY FILED ON 11/08/2013. NOTICE ISSUED |
| 11/08/2013 | D4 | AN | D4 CHILD SUPPORT ENFORCEMENT AGENCY OF CUYAHOGA COUNTY ANSWER & CROSS-CLAIM OF DEFENDANT..... CHRISTOPHER MCMONAGLE 0068309 |
| 11/08/2013 | D4 | MO | D4 CHILD SUPPORT ENFORCEMENT AGENCY OF CUYAHOGA COUNTY MOTION FOR LEAVE TO PLEAD INSTANTER AND CROSS-CLAIM.... CHRISTOPHER MCMONAGLE 0068309 11/12/2013 - GRANTED |
| 11/07/2013 | N/A | JE | CASE MANAGEMENT CONFERENCE HELD NOVEMBER 5, 2013 BEFORE MAGISTRATE GAIL D. BAKER. PLAINTIFF'S COUNSEL AND DEFENDANT MICHAEL P. HARVEY. COUNSEL FOR DEFENDANT ANATOLY POVROZNIK APPEARED. COUNSEL FOR DEFENDANT ANATOLY POVROZNIK APPEARED BY TELEPHONE WITH LEAVE OF COURT. DEFENDANT DOROTA POVROZNIK FAILED TO APPEAR. PLAINTIFF'S MOTION FOR EXTENSION OF TIME FILED 10/25/2013, IS GRANTED. PLAINTIFF SEEKS ADDITIONAL TIME TO CONDUCT DISCOVERY. THE DISCOVERY DEADLINE IS 12/02/2013. THE DOCKET INDICATES THAT SERVICE IS COMPLETE. PLAINTIFF IS ORDERED TO FILE A MOTION FOR DEFAULT JUDGMENT, CURRENT TITLE WORK, MILITARY AFFIDAVIT OR ANY OTHER DISPOSITIVE MOTION, AND SUBMIT A PROPOSED MAGISTRATE'S DECISION NO LATER THAN DECEMBER 31, 2013. PLAINTIFF IS ORDERED TO FILE AN ATTORNEY AFFIDAVIT OR REQUEST AN EVIDENTIARY HEARING IN LIEU OF ATTORNEY AFFIDAVIT AT THE SAME TIME THE DEFAULT JUDGMENT AND/OR SUMMARY JUDGMENT MOTIONS ARE FILED. PLAINTIFF MUST BE PREPARED TO GO FORWARD WITH THE EVIDENTIARY HEARING IN LIEU OF ATTORNEY AFFIDAVIT THE DAY OF THE DEFAULT HEARING. PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER AND THE COURT'S STANDING ORDER WILL RESULT IN THIS CASE BEING DISMISSED WITHOUT PREJUDICE AT PLAINTIFF'S COST. NOTICE ISSUED |
| 11/01/2013 | D5 | OT | GENERAL PLEADING, OPPOSITION TO THEIR LATEST EXTENSION OF TIME REQUEST TO RESPOND TO WRITTEN DISCOVERY |
| 10/25/2013 | P1 | MO | MOTION FOR EXTENSION OF TIME FILED EDWARD G BOHNERT (0004920) 11/07/2013 - GRANTED |
| 10/22/2013 | D1 | AN | D1 ANATOLY POVROZNIK ANSWER OF DEFENDANT..... THOMAS J KRAUS 0013247 |
| 10/22/2013 | D1 | SR | SUMS COMPLAINT(22094913) SENT BY CERTIFIED MAIL. TO: ANATOLY POVROZNIK 7315 DEWEY ROAD THOMPSON, OH 44086-0000 |
| 10/21/2013 | D1 | SR | CERTIFIED MAIL RECEIPT NO. 21929139 RETURNED 10/15/2013 FAILURE OF SERVICE ON DEFENDANT POVROZNIK/ANATOLY/- FAILURE OF SERVICE. NOTICE MAILED TO PLAINTIFF(S) ATTORNEY |
| 10/21/2013 | N/A | MG | CASE MGMNT CONFERENCE SET FOR 11/05/2013 AT 03:30 PM. ALL CLIENTS MAY BE PRESENT OR AVAILABLE BY TELEPHONE. FAILURE TO APPEAR WILL RESULT IN THE DISMISSAL OF THE CASE, OR DISMISSAL OF AFFIRMATIVE CLAIMS, AND/OR ANY SANCTION DEEMED APPROPRIATE BY THE COURT. NOTICE ISSUED |
| 10/17/2013 | N/A | JE | DEFENDANT MICHAEL P. HARVEY CO., L.P.A.'S MOTION FOR LEAVE TO ANSWER THE PLAINTIFF'S REQUEST FOR ADMISSIONS, FILED 10/16/2013, IS GRANTED. DEFENDANT IS GRANTED LEAVE TO RESPOND TO PLAINTIFF'S REQUEST FOR ADMISSIONS, NO LATER THAN 11/22/2013. NOTICE ISSUED |
| 10/17/2013 | N/A | JE | BY STIPULATION OF THE PARTIES, PLAINTIFF IS GRANTED ADDITIONAL TIME TO RESPOND TO THE DISCOVERY REQUESTS OF DEFENDANT MICHAEL P. HARVEY CO. LPA, NO LATER THAN 10/30/2013. NO FURTHER EXTENSIONS WITHOUT LEAVE OF COURT. NOTICE ISSUED |
| 10/16/2013 | D1 | CS | WRIT FEE |
| 10/16/2013 | D5 | MO | MOTION FOR... DEFENDANT MICHAEL P. HARVEY CO., L.P.A.'S MOTION FOR LEAVE TO ANSWER THE PLAINTIFF'S REQUEST FOR ADMISSIONS 10/17/2013 - GRANTED |
| 10/11/2013 | P1 | MO | STIPULATION SHALL BE GRANTED AN ADDITIONAL 14 DAYS OR UNTIL OCTOBE 30, 2013 FILED EDWARD G BOHNERT (0004920) 10/17/2013 - GRANTED |
| 10/10/2013 | D1 | SR | INSTRUCTION FOR SERVICE ON COMPLAINT SENT BY CERTIFIED MAIL TO ANATOLY POVROZNIK FILED. |
| 10/07/2013 | D1 | SR | CERTIFIED MAIL RECEIPT NO. 21929140 RETURNED 10/07/2013 FAILURE OF SERVICE ON DEFENDANT POVROZNIK/ANATOLY/- FAILURE OF SERVICE. NOTICE MAILED TO PLAINTIFF(S) ATTORNEY |
| 09/30/2013 | D1 | SR | CERTIFIED MAIL RECEIPT NO. 21929138 RETURNED 09/27/2013 FAILURE OF SERVICE ON DEFENDANT POVROZNIK/ANATOLY/- FAILURE OF SERVICE. NOTICE MAILED TO PLAINTIFF(S) ATTORNEY |
| 09/25/2013 | P1 | OT | P1 SPRINGLEAF FINANCIAL SERVICES OF OHIO NOTICE OF SERVICE.... EDWARD G BOHNERT 0004920 |
| 09/23/2013 | D6 | AN | ANSWER FILED. ROBERT K HOGAN (0024966) |
| 09/20/2013 | D1 | SR | SUMS COMPLAINT (21966713) SENT BY REGULAR MAIL SERVICE. TO: ANATOLY POVROZNIK 7626 STATE ROAD PARMA, OH 44134-0000 ANSWER DATE: 10/18/2013 |
| 09/19/2013 | N/A | JE | BY STIPULATION OF THE PARTIES FILED 09/12/2013, DEFENDANT SPRINGLEAF FINANCIAL SERVICES OF OHIO, INC., FKA AMERICAN GENERAL FINANCIAL SERVICES, INC. MUST FILE AN ANSWER OR PLEAD TO THE COMPLAINT, NO LATER THAN 10/16/2013. NO FURTHER EXTENSIONS WITHOUT LEAVE OF COURT. NOTICE ISSUED |
| 09/18/2013 | D1 | CS | WRIT FEE |
| 09/16/2013 | D1 | SR | INSTRUCTION FOR SERVICE ON COMPLAINT SENT BY ORDINARY MAIL TO ANATOLY POVROZNIK FILED. |
| 09/16/2013 | D1 | SR | SUMS COMPLAINT(21929140) SENT BY CERTIFIED MAIL. TO: ANATOLY POVROZNIK 3432 TORRINGTON AVE CLEVELAND, OH 44134-0000 |
| 09/16/2013 | D1 | SR | SUMS COMPLAINT(21929139) SENT BY CERTIFIED MAIL. TO: ANATOLY POVROZNIK 7315 DEWEY ROAD THOMPSON, OH 44086-0000 |
| 09/16/2013 | D1 | SR | SUMS COMPLAINT(21929138) SENT BY CERTIFIED MAIL. TO: ANATOLY POVROZNIK 7626 STATE ROAD PARMA, OH 44134-0000 |

16-01107-aih    Doc 28    FILED 02/03/17    ENTERED 02/03/17 15:58:26    Page 95 of 98

| 09/12/2013 | P1 | OT | P1 SPRINGLEAF FINANCIAL SERVICES OF OHIO STIPULATION FOR 30 DAYS OR UNTIL OCTOBER 16, 2013. EDWARD G BOHNERT 0004920 |
| 09/11/2013 | D1 | CS | WRIT FEE |
| 09/11/2013 | D1 | CS | WRIT FEE |
| 09/11/2013 | D1 | CS | WRIT FEE |
| 09/10/2013 | D5 | AN | D5 MICHAEL P. HARVEY CO LPA ANSWER AND AFFIRMATIVE DEFENSES. MICHAEL P HARVEY 0039369 |
| 09/09/2013 | D1 | SR | CERTIFIED MAIL RECEIPT NO. 21776325 RETURNED 09/09/2013 FAILURE OF SERVICE ON DEFENDANT POVROZNIK/ANATOLY/ - UNCLAIMED NOTICE MAILED TO PLAINTIFF(S) ATTORNEY |
| 09/09/2013 | D1 | SR | INSTRUCTION FOR SERVICE ON COMPLAINT SENT BY CERTIFIED MAIL TO ANATOLY POVROZNIK FILED. |
| 09/06/2013 | D7 | AN | D7 CITY OF PARMA PROTECTIVE ANSWER. BRUCE M COUREY 0042544 |
| 09/04/2013 | N/A | JE | DEFENDANT MICHAEL P. HARVEY CO LPA'S MOTION FOR A MORE DEFINITE STATEMENT FILED 08/20/2013, IS DENIED. DEFENDANT ASSERTS THAT THE COMPLAINT DOES NOT CONTAIN A PRELIMINARY JUDICIAL REPORT. PLAINTIFF SEPARATELY FILED A PRELIMINARY JUDICIAL REPORT ON 08/09/2013. NOTICE ISSUED |
| 08/22/2013 | D7 | SR | CERTIFIED MAIL RECEIPT NO. 21793266 RETURNED BY U.S. MAIL DEPARTMENT 08/22/2013 CITY OF PARMA MAIL RECEIVED AT ADDRESS 08/22/2013 SIGNED BY OTHER. |
| 08/22/2013 | D2 | SR | CERTIFIED MAIL RECEIPT NO. 21776326 RETURNED BY U.S. MAIL DEPARTMENT 08/22/2013 POVROZNIK/DOROTA/ MAIL RECEIVED AT ADDRESS 08/15/2013 SIGNED BY OTHER. |
| 08/21/2013 | D3 | AN | D3 PAUL M. FRIEDMAN ANSWER. PRO SE 9999999 |
| 08/20/2013 | D5 | MO | D5 MICHAEL P. HARVEY CO LPA MOTION FOR A MORE DEFINITE STATEMENT MICHAEL P HARVEY 0039369 09/04/2013 - DENIED |
| 08/20/2013 | D6 | SR | CERTIFIED MAIL RECEIPT NO. 21776329 RETURNED BY U.S. MAIL DEPARTMENT 08/19/2013 GE CAPITAL RETAIL BANK MAIL RECEIVED AT ADDRESS 08/19/2013 SIGNED BY OTHER. |
| 08/19/2013 | D5 | SR | CERTIFIED MAIL RECEIPT NO. 21776328 RETURNED BY U.S. MAIL DEPARTMENT 08/16/2013 MICHAEL P. HARVEY CO LPA MAIL RECEIVED AT ADDRESS 08/16/2013 SIGNED BY OTHER. |
| 08/19/2013 | D3 | SR | CERTIFIED MAIL RECEIPT NO. 21776327 RETURNED BY U.S. MAIL DEPARTMENT 08/16/2013 FRIEDMAN/PAUL/M. MAIL RECEIVED AT ADDRESS 08/15/2013 SIGNED BY OTHER. |
| 08/15/2013 | D4 | SR | CLERK ISSUED RETURNED 08/15/2013 - CHILD SUPPORT ENFORCEMENT AGENCY OF CUYAHOGA COUNTY - COMP ON OTHER SERVICE FEE $08/15/2013 SERVICE FEE $0.00 |
| 08/14/2013 | D4 | SR | SUMS COMPLAINT(21776341) SENT BY CLERK ISSUED. TO: CHILD SUPPORT ENFORCEMENT AGENCY OF CUYAHOGA COUNTY 1640 SUPERIOR AVENUE CLEVELAND, OH 44114-0000 |
| 08/14/2013 | D7 | SR | SUMS COMPLAINT(21793266) SENT BY CERTIFIED MAIL. TO: CITY OF PARMA 6611 RIDGE ROAD PARMA, OH 44129-0000 |
| 08/14/2013 | D6 | SR | SUMS COMPLAINT(21776329) SENT BY CERTIFIED MAIL. TO: GE CAPITAL RETAIL BANK 170 ELECTION ROAD SUITE 125 DRAPER, UT 84020-0000 |
| 08/14/2013 | D5 | SR | SUMS COMPLAINT(21776328) SENT BY CERTIFIED MAIL. TO: MICHAEL P. HARVEY CO LPA C/O MICHAEL P. HARVEY, S/A 311 NORTHCLIFF DRIVE ROCKY RIVER, OH 44116-0000 |
| 08/14/2013 | D3 | SR | SUMS COMPLAINT(21776327) SENT BY CERTIFIED MAIL. TO: PAUL M. FRIEDMAN 1370 ONTARIO STREET SUITE 1350 CLEVELAND, OH 44113-0000 |
| 08/14/2013 | D2 | SR | SUMS COMPLAINT(21776326) SENT BY CERTIFIED MAIL. TO: DOROTA POVROZNIK 7626 STATE ROAD PARMA, OH 44134-0000 |
| 08/14/2013 | D1 | SR | SUMS COMPLAINT(21776325) SENT BY CERTIFIED MAIL. TO: ANATOLY POVROZNIK 7626 STATE ROAD PARMA, OH 44134-0000 |
| 08/13/2013 | D7 | CS | WRIT FEE |
| 08/13/2013 | N/A | MG | THE COMPLAINT WAS FILED ON 08/09/2013. IF SERVICE IS NOT COMPLETE BY 02/09/2014; THIS CASE WILL BE DISMISSED WITHOUT PREJUDICE AT PLAINTIFF'S COSTS PURSUANT TO CIVIL RULE 4(E). IF THE PRELIMINARY JUDICIAL REPORT CONTAINS CONDITIONS, STIPULATIONS, AND EXCLUSIONS (EXTENDED COVERAGE), PLAINTIFF IS ORDERED TO FILE THE FOLLOWING: (1) REVISED 2010 OHIO TITLE INSURANCE RATINGS BUREAU (OTIRB) PRELIMINARY JUDICIAL REPORT FORM; AND (2) OTIRB PRELIMINARY JUDICIAL REPORT EXTENDED COVERAGE ENDORSEMENT PRIOR TO THE DEFAULT JUDGMENT HEARING. FAILURE TO DO SO WILL RESULT IN THE CASE BEING DISMISSED WITHOUT PREJUDICE AT PLAINTIFF'S COST. NOTICE ISSUED |
| 08/12/2013 | D4 | CS | WRIT FEE |
| 08/12/2013 | D6 | CS | WRIT FEE |
| 08/12/2013 | D5 | CS | WRIT FEE |
| 08/12/2013 | D3 | CS | WRIT FEE |
| 08/12/2013 | D2 | CS | WRIT FEE |
| 08/12/2013 | D1 | CS | WRIT FEE |
| 08/12/2013 | D1 | SR | FORECLOSURE MEDIATION. NOTICE GENERATED FOR 21776324 ON POST CARD ON ANATOLY POVROZNIK 7626 STATE ROAD PARMA, OH 44134-0000 |
| 08/09/2013 | N/A | JE | ALL NON-MILITARY CLIENT AFFIDAVITS FILED IN RESIDENTIAL MORTGAGE FORECLOSURE CASES MUST INDICATE THAT THE AFFIANT HAS ACTUAL PERSONAL KNOWLEDGE OF THE FILE AND LOAN HISTORY IN QUESTION AND HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS, OR OTHER DATA RELIED UPON TO MAKE THE STATEMENTS CONTAINED IN THE AFFIDAVIT. ALL CLIENT EXECUTED MILITARY AFFIDAVITS FILED IN RESIDENTIAL MORTGAGE FORECLOSURE CASES MUST INDICATE THAT THE AFFIANT HAS ACTUAL PERSONAL KNOWLEDGE OF THE APPROPRIATE DEFENDANTS' MILITARY STATUS. FAILURE TO PROVIDE APPROPRIATE AFFIDAVITS MAY RESULT IN MANDATORY PERSONAL ATTENDANCE OF AN AFFIANT FOR A HEARING, THE IMPOSITION OF SANCTIONS AND PENALTIES FOR PERJURY OR |

16-01107-aih    Doc 28    FILED 02/03/17    ENTERED 02/03/17 15:58:26    Page 96 of 98

CONTEMPT, AND DISMISSAL OF THE CASE. BEFORE JUDGMENT IS ENTERED ON ANY CLAIM FOR FORECLOSURE AND/OR MONEY JUDGMENT IN A RESIDENTIAL MORTGAGE FORECLOSURE CASE, COUNSEL FOR PLAINTIFF AND ANY OTHER PARTY THAT ASSERTS A CLAIM FOR FORECLOSURE OR MONEY JUDGMENT MUST FILE AN AFFIDAVIT OF JUDGMENT. IN REGARD TO NON-MILITARY CLIENT AFFIDAVITS, THIS AFFIDAVIT MUST: 1) IDENTIFY THE COUNSEL OF RECORD AND HIS OR HER LAW FIRM. 2) PROVIDE THAT THE COUNSEL OF RECORD HAS REVIEWED THE FILE. 3) PROVIDE THAT THE COUNSEL OF RECORD HAS COMMUNICATED WITH A REPRESENTATIVE OF THE PARTY SEEKING FORECLOSURE AND/OR MONEY JUDGMENT OR ITS SERVICER AND THAT THIS REPRESENTATIVE: HAS AFFIRMED THAT HE OR SHE HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS, OR OTHER DATA RELATED TO THE CASE; HAS REVIEWED THE PLEADINGS AND OTHER COURT FILINGS IN THE CASE; AND HAS CONFIRMED BOTH THE FACTUAL ACCURACY OF THE PLEADINGS AND COURT FILINGS AND THE ACCURACY OF THE NOTARIZATIONS CONTAINED THEREIN. 4) PROVIDE THE FULL NAME OF THE REPRESENTATIVE DESCRIBED IN ITEM 3 AND THE DATE OR DATES OF THE COMMUNICATION. 5) CERTIFY THAT, TO THE BEST OF THE COUNSEL OF RECORD'S KNOWLEDGE, THE PLEADINGS AND OTHER COURT FILINGS IN SUPPORT OF THE CLAIMS FOR FORECLOSURE ARE COMPLETE AND ACCURATE IN ALL RELEVANT RESPECTS. 6) ACKNOWLEDGE THAT COUNSEL OF RECORD HAS A CONTINUING OBLIGATION TO AMEND AND SUPPLEMENT THE AFFIDAVIT IN LIGHT OF NEWLY DISCOVERED FACTS FOLLOWING ITS FILING. 7) BE SIGNED AND DATED BY COUNSEL OF RECORD. IN REGARD TO CLIENT EXECUTED MILITARY AFFIDAVITS, THIS AFFIDAVIT MUST: 1) IDENTIFY THE COUNSEL OF RECORD AND HIS OR HER LAW FIRM. 2) PROVIDE THAT THE COUNSEL OF RECORD HAS COMMUNICATED WITH THE AFFIANT OF THE MILITARY AFFIDAVIT AND THAT THE AFFIANT HAS AFFIRMED THAT HE OR SHE HAS PERSONALLY REVIEWED NECESSARY WEBSITE AND/OR DATABASE TO DETERMINE THE MILITARY STATUS OF THE APPROPRIATE DEFENDANTS. 3) PROVIDE THE FULL NAME OF THE AFFIANT DESCRIBED IN ITEM 2 AND THE DATE OR DATES OF THE COMMUNICATION. 4) CERTIFY THAT, TO THE BEST OF THE COUNSEL OF RECORD'S KNOWLEDGE, THE INFORMATION CONTAINED IN THE MILITARY AFFIDAVIT IS ACCURATE IN ALL RELEVANT RESPECTS. 5) ACKNOWLEDGE THAT COUNSEL OF RECORD HAS A CONTINUING OBLIGATION TO AMEND AND SUPPLEMENT THE AFFIDAVIT IN LIGHT OF NEWLY DISCOVERED FACTS FOLLOWING ITS FILING. 6) BE SIGNED AND DATED BY COUNSEL OF RECORD. FAILURE TO SUBMIT AN APPROPRIATE AFFIDAVIT ON OR BEFORE THE DATE OF TRIAL, THE DATE THAT A MOTION FOR SUMMARY JUDGMENT IS RIPE FOR RULING, OR THE DATE OF DEFAULT HEARING, WHICHEVER IS APPLICABLE, WILL RESULT IN DISMISSAL OF THE CASE AND MAY RESULT IN FURTHER SANCTIONS. STANDARDIZED AFFIDAVIT FORMS ARE POSTED ON THE CUYAHOGA COUNTY COURT OF COMMONPLEAS WEBSITE HTTP://CP.CUYAHOGACOUNTY.US/INTERNET/COURTDOCS /MAGISTRATES/AFFIDAVIT (REV5).PDF. ALL AFFIDAVITS SUBMITTED PURSUANT TO THIS ORDER MUST BE IN THE FORMAT OF THESE STANDARDIZED AFFIDAVIT FORMS. IN LIEU OF THIS AFFIDAVIT: 1) IN CASES WHERE CLIENT AFFIDAVITS HAVE BEEN FILED, THE AFFIANT OR AFFIANTS MUST APPEAR AT THE HEARING OF THE MATTER AND TESTIFY REGARDING THOSE AFFIDAVITS. THE REPRESENTATIVE MUST APPEAR IN PERSON AND TELEPHONIC APPEARANCE WILL NOT BE PERMITTED. IF MULTIPLE CLIENT AFFIDAVITS ARE FILED IN THE CASE AND ARE EXECUTED BY MORE THAN ONE AFFIANT, EACH AFFIANT MUST APPEAR AT THE HEARING OF THE MATTER. 2) IN CASES WHERE NO CLIENT AFFIDAVITS HAVE BEEN FILED, AN OFFICER OF THE PARTY SEEKING FORECLOSURE OR AN OFFICER OF ITS SERVICER MUST APPEAR AT THE HEARING OF THE MATTER AND TESTIFY IN SUPPORT OF THE ALLEGATIONS OF THE COMPLAINT AND CONTENTS OF OTHER DOCUMENTS OR COURT FILINGS. THE OFFICER MUST APPEAR IN PERSON AND TELEPHONIC APPEARANCE WILL NOT BE PERMITTED. 3) IN CASES WHERE NO HEARING IS SCHEDULED BEFORE THE ENTRY OF JUDGMENT (SUCH AS SOME SUMMARY JUDGMENT CASES), THE OFFICER OF THE PARTY SEEKING FORECLOSURE MUST, CONTEMPORANEOUSLY WITH THE MOTION FOR SUMMARY JUDGMENT, MOVE TO SCHEDULE A HEARING AT WHICH THE AFFIANT MAY APPEAR. 4) WITH THE EXCEPTION OF AFFIANTS OF MILITARY AFFIDAVITS, THE AFFIANT OR AN OFFICER OF THE PARTY SEEKING FORECLOSURE OR OFFICER OF ITS SERVICER WHO APPEARS IN COURT IN LIEU OF THE FILING OF A FORECLOSURE COUNSEL AFFIDAVIT MUST APPEAR WITH THE ORIGINAL PROMISSORY NOTE, INCLUDING ALL ENDORSEMENTS AND ALLONGES AND A CURRENT PAYMENT HISTORY FOR THE MORTGAGE LOAN AT ISSUE. THE AFFIANT OR AN OFFICER OF THE PARTY SEEKING FORECLOSURE OR OFFICER OF ITS SERVICER MUST BE PREPARED TO TESTIFY THAT HE OR SHE HAS PERSONALLY REVIEWED THE DOCUMENTS, RECORDS OR OTHER DATA RELATED TO THE CASE, HAS REVIEWED THE PLEADINGS AND OTHER COURT FILINGS IN THE CASE AND HAS CONFIRMED BOTH THE FACTUAL ACCURACY OF THE FILINGS AND THE ACCURACY OF THE NOTARIZATIONS CONTAINED THEREIN, IF ANY. THE AFFIANT OR AN OFFICER OF THE PARTY SEEKING FORECLOSURE OR OFFICER OF ITS SERVICER MUST BE PREPARED TO RESPOND TO THE QUESTIONING OF THE MAGISTRATE OR JUDGE PRESIDING OVER THE HEARING AND THE QUESTIONING OF ANY OTHER PARTY ATTENDING THE HEARING. 5) IF THE AFFIANT OR OFFICER OF THE PARTY SEEKING FORECLOSURE OR AN OFFICER OF ITS SERVICER HAS BEEN PREVIOUSLY DEPOSED AND HAS TESTIFIED UNDER OATH REGARDING THE ABOVE REQUIRED INFORMATION, THE FILING OF THE TRANSCRIPT OF THAT DEPOSITION WILL SATISFY THE REQUIREMENTS OF THIS POLICY. FAILURE TO FILE AN ATTORNEY AFFIDAVIT OR DO ANY OF THE ALTERNATIVES TO FILING AN ATTORNEY AFFIDAVIT BEFORE THE CASE IS RIPE FOR THE ENTRY OF JUDGMENT WILL RESULT IN DISMISSAL OF THE CASE. NOTICE ISSUED

08/09/2013  N/A  SF    MAGISTRATE GAIL D BAKER ASSIGNED (MANUALLY)

08/09/2013  N/A  JE    IT IS ORDERED BY THE COURT THAT THIS CAUSE BE REFERRED TO THE COURT MAGISTRATE TO TRY THE ISSUES OF LAW AND FACT ARISING THEREIN AND REPORT WITHOUT UNNECESSARY DELAY. A PARTY SEEKING A DEFAULT JUDGMENT MUST FILE A MOTION FOR DEFAULT JUDGMENT. ONCE A CASE IS SET FOR DEFAULT JUDGMENT, THE MOTION FOR DEFAULT JUDGMENT MAY BE WITHDRAWN ONLY BY SEPARATE MOTION WITH GOOD CAUSE SHOWN. NOTICE ISSUED 

| 08/09/2013 | N/A | SF | JUDGE MICHAEL ASTRAB ASSIGNED (RANDOM) |
| 08/09/2013 | P1 | SF | ADDITIONAL DEPOSIT FOR SERVICE, OVER 5 DEFENDANTS $20 |
| 08/09/2013 | P1 | SF | SPECIAL PROJECTS FUND FEE |
| 08/09/2013 | P1 | SF | LEGAL RESEARCH |
| 08/09/2013 | P1 | SF | LEGAL NEWS |
| 08/09/2013 | P1 | SF | LEGAL AID |
| 08/09/2013 | P1 | SF | COMPUTER FEE |
| 08/09/2013 | P1 | SF | CLERK'S FEE |
| 08/09/2013 | P1 | SF | DEPOSIT AMOUNT PAID REIMER, ARNOVITZ, CHERNEK & JEFFREY |
| 08/09/2013 | P1 | SF | DEPOSIT AMOUNT PAID REIMER, ARNOVITZ, CHERNEK & JEFFREY |
| 08/09/2013 | N/A | SF | CASE FILED |
| 08/09/2013 | P1 | SR | PRELIMINARY JUDICIAL REPORT FILED. |
| 08/09/2013 | P1 | SR | COMPLAINT FILED. SERVICE REQUEST - SUMMONS BY CERTIFIED MAIL TO THE DEFENDANT(S) AND SUMMONS ISSUED TO CHILD SUPPORT ENFORCEMENT AGENCY OF CUYAHOGA COUNTY. |

## Costs

| Account | Amount |
|---|---|
| CLERK'S FEES | $1,075.26 |
| COMPUTER FEES | $10.00 |
| COUNTY RECORDER | $1.00 |
| COURT SPECIAL PROJECTS FUND | $50.00 |
| CUYAHOGA COUNTY SHERIFF DEPT | $62.00 |
| JOHN J. RUSNOV | $50.00 |
| LANA BLAZE | $51.86 |
| LEGAL AID | $25.74 |
| LEGAL NEWS | $428.50 |
| LEGAL RESEARCH - CIVIL | $3.00 |
| SPECIAL PROJECTS FUND 1460-66 | $150.00 |
| SUNDRY ACCOUNT FOR MISC PAYMEN | $380.00 |
| WILLIAM J. GAYDOS | $50.00 |
| TOTAL COST | $2337.36 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here.

Copyright © 2017 PROWARE. All Rights Reserved. 1.0.153